**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen, Esq.
One Gateway Center, Suite 2600
Newark, NJ 07102
Telephone: (973) 313-1887
Fax: (973) 833-0399
lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Plaintiff and the Class*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| VIJAY PATEL, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>COINBASE GLOBAL, INC., BRIAN ARMSTRONG, AND ALESIA J. HAAS,<br><br>Defendants. | No.: 2:22-cv-04915-BRM-LDW<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF DARREN WRIGHT TO: (1) CONSOLIDATE RELATED ACTIONS; (2) APPOINT LEAD PLAINTIFF; AND (3) APPROVE LEAD PLAINTIFF'S SELECTION OF COUNSEL**<br><br>CLASS ACTION<br><br>**Motion Date: November 7, 2022** |

[Additional caption on next page]

i

|  |  |
|---|---|
| DENNIS DEAN LAFFOON, Individually and On Behalf of All Others Similarly Situated,<br><br>     Plaintiff,<br><br>     vs.<br><br>COINBASE GLOBAL, INC., BRIAN ARMSTRONG, ALESIA J. HAAS, and EMILIE CHOI,<br><br>     Defendants. | No.: 2:22-cv-05744-BRM-LDW<br><br><u>CLASS ACTION</u> |

ii

# TABLE OF CONTENTS

BACKGROUND ........................................................................................................1

ARGUMENT.............................................................................................................4

  I.  THE RELATED ACTIONS SHOULD BE CONSOLIDATED........................................4

  II.  MOVANT SHOULD BE APPOINTED AS LEAD PLAINTIFF.....................................5

    A.  MOVANT IS WILLING TO SERVE AS CLASS REPRESENTATIVE .....................6

    B.  MOVANT HAS THE LARGEST FINANCIAL INTEREST.......................................6

    C.  MOVANT SATISFIES THE REQUIREMENTS OF RULE 23 OF THE FEDERAL RULES OF CIVIL PROCEDURE.................................................................................7

    D.  MOVANT WILL FAIRLY AND ADEQUATELY REPRESENT THE INTERESTS OF THE CLASS....................................................................................................9

  III. MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED ......................10

CONCLUSION ......................................................................................................11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Fuwei Films Sec. Litig.*,
   247 F.R.D. 432 (S.D.N.Y. 2008)..........................................................................8

*In re Oxford Health Plans, Inc. Sec. Litig.*,
   182 F.R.D. 42 (S.D.N.Y. 1998)............................................................................8

*In re Vicuron Pharms., Inc. Sec. Litig.*,
   225 F.R.D. 508 (E.D. Pa. 2004) ......................................................................7, 8

**Statutes**

15 U.S.C. §78u-4(a) ...................................................................................passim

**Rules**

Fed. R. Civ. P. 42(a)......................................................................................4, 5

Fed. R. Civ. P. 23 ......................................................................................5, 7, 8

Movant Darren Wright ("Movant") respectfully submits this memorandum of law in support of his motion for an Order, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B):

(a)    consolidating the above-captioned actions (the "Related Actions");

(b)    appointing Movant as Lead Plaintiff for the Class consisting of all persons or entities who purchased or otherwise acquired publicly traded securities of Coinbase Global, Inc. ("Coinbase" or the "Company") between April 14, 2021 and July 26, 2022, both dates inclusive (the "Class Period"); and

(c)    approving Movant's selection of The Rosen Law Firm P.A. ("Rosen Law") as Lead Counsel.

## BACKGROUND

The *Patel* Action was commenced on August 4, 2022 against the Company and certain of its officers and directors, alleging violations of the Exchange Act. That same day, an early notice was issued pursuant to the PSLRA, advising class members of, *inter alia,* the allegations and claims in the complaint, the Class Period, and their option to seek appointment as Lead Plaintiff. A copy of the early notice is attached as Exhibit 1 to the Declaration of Laurence M. Rosen filed herewith ("Rosen Decl." or "Rosen Declaration").

1

On September 27, 2021, the later filed *Laffoon* Action was filed. The *Laffoon* action brings substantially similar claims under the Exchange Act against substantially similar defendants.

Defendant Coinbase is a Delaware corporation. According to its U.S. Securities and Exchange Commission ("SEC") filings, Coinbase is a "remote-first" company and, accordingly, does not maintain a headquarters. Coinbase's Class A common stock trades in an efficient market on the NASDAQ under the trading symbol "COIN".

According to the complaints, Defendants throughout the Class Period made false and/or misleading statements and/or failed to disclose that: (1) the crypto assets Coinbase held as a custodian on behalf of its customers could qualify as property of a bankruptcy estate—and not the Company's customers—in the event Coinbase filed for bankruptcy; (2) Coinbase allowed Americans to trade crypto assets that the Company knew or recklessly disregarded should have been registered as securities with the SEC; (3) Coinbase had plans to, and did in fact, engage in proprietary trading of crypto assets; and (4) as a result, Defendants' statements about the Company's business, operations, and prospects lacked a reasonable basis and misled investors regarding material risks attendant to Coinbase's operations.

On May 10, 2022, Coinbase filed its first quarter 2022 financial report on

Form 10-Q with the SEC. In the report, Defendants disclosed for the first time that crypto assets the Company holds in custody on behalf of customers could be treated as the Company's assets in the event of bankruptcy. Later that day, Defendant Armstrong admitted on Twitter that the Company had failed to appropriately communicate this risk to investors.

On this news, the price of Coinbase common stock declined $19.27 per share, or more than 26%, from a close of $72.99 per share on May 10, 2022, to close at $53.72 per share on May 11, 2022.

Two days later, on May 12, 2022, Adam J. Levitin, a professor at Georgetown University Law Center published a draft of an article entitled "Not Your Keys, Not Your Coins: Unpriced Credit Risk in Cryptocurrency," set to appear in the Texas Law Review. In the article, Professor Levitin argues that, in the event a crypto asset exchange files for bankruptcy, bankruptcy courts are likely to deem custodial holdings of crypto assets to be property of the bankrupt exchange, rather than the property of its customers.

Then, on July 25, 2022, after the markets closed, *Bloomberg* published an article revealing that the SEC was investigating whether Coinbase "let Americans trade digital assets that should have been registered as securities." On this news, the price of Coinbase common stock declined $14.14 per share, or approximately 21%,

from a close of $67.07 per share on July 25, 2022, to close at $52.93 per share on July 26, 2022.

As a result of Defendants' wrongful acts and omissions, and the decline in the market value of the Company's common shares, Movant and other Class members have suffered significant losses and damages.

## ARGUMENT

### I.   THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation of related cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay. Fed. R. Civ. P. 42(a).

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15 U.S.C. §78u-4(a)(3)(A)(ii). As such, the PSLRA does not displace the traditional legal standards for consolidation under Fed. R. Civ. P. 42(a).

Each of the Related Actions has been filed in this District alleging similar

factual and legal grounds to support allegations of violations of the Exchange Act by Defendants arising from the public dissemination of false and misleading information to investors. Accordingly, the Related Actions should be consolidated pursuant to Fed. R. Civ. P. 42(a) for all purposes.

## II.    MOVANT SHOULD BE APPOINTED AS LEAD PLAINTIFF

The PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Exchange Act.  The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the latter of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B) (i) and (ii).

The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group of persons" that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

As set forth below, Movant satisfies all of these criteria and is thus entitled to the presumption that he is the most adequate plaintiff of the class and that, as a result, Movant should be appointed as Lead Plaintiff.

### A.  MOVANT IS WILLING TO SERVE AS CLASS REPRESENTATIVE

Movant has made a timely motion in response to a PSLRA early notice. *See* Rosen Decl., Ex. 1. Additionally, as set forth in his certification, filed concurrently herewith, Movant has reviewed an operative complaint in the Related Actions and is willing to serve as representative of the class. *See* Rosen Decl., Ex. 2. Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the class.

### B.  MOVANT HAS THE LARGEST FINANCIAL INTEREST

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). In assessing the largest financial interest, courts in the Third Circuit assess the following three factors in determining the movant with the largest financial interest: (i) the number of shares the movant purchased during the class period; (ii) the total

6

net funds the movant expended during the class period; and (iii) the approximate loss the movant suffered. *In re Vicuron Pharms., Inc. Sec. Litig.*, 225 F.R.D. 508, 511 (E.D. Pa. 2004) (recognizing that the financial loss is the most significant of these factors).

Movant (i) purchased 2,247 shares of Coinbase during the Class Period, (ii) expended $897,390.60 in net funds, and (iii) lost $726,600.38 in connection with his purchases of Coinbase securities. *See* Rosen Decl., Ex. 3.

Movant is not aware of any other movants that have suffered greater losses in Coinbase securities during the Class Period. Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

## C.   MOVANT SATISFIES THE REQUIREMENTS OF RULE 23 OF THE FEDERAL RULES OF CIVIL PROCEDURE

The PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly

and adequately protect the interests of the class.

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification – a *prima facie* showing that Movant satisfies the requirements of Rule 23 is sufficient. *Vicuron*, 225 F.R.D. at 511; *In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 439 (S.D.N.Y. 2008). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998).

Movant is a sophisticated investor with over 30 years of investing experience and holds a college degree. Movant is a business owner and advisor to high-net-worth families on how to get their financial houses in order and achieve their financial goals. Movant fulfills the requirements of Rule 23. Movant's claims share substantially similar questions of law and fact with the members of the class, and his claims are typical of those of the members of the class. Movant and all members of the class allege that defendants violated the Exchange Act by failing to disclose material facts about the Company's business and financial condition. Movant, as did all of the members of the class, purchased Coinbase securities at prices artificially inflated by Defendants' misstatements and omissions, and was damaged

8

thereby. These shared claims also satisfy the requirement that the claims of the representative party be typical of the claims of the class.

Thus, the close alignment of interests between Movant and other class members, as well as the strong desire of the proposed Lead Plaintiff to prosecute this action on behalf of the class, provide ample reasons to grant Movant's motion to serve as Lead Plaintiff.

### D. MOVANT WILL FAIRLY AND ADEQUATELY REPRESENT THE INTERESTS OF THE CLASS

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

(aa)  will not fairly and adequately protect the interests of the class; or

(bb)  is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Movant's ability and his desire to represent the Class fairly and adequately is discussed above. Movant is not aware of any unique defenses Defendants could raise against him that would render Movant inadequate to represent the Class. Accordingly, the Court should appoint Movant as Lead Plaintiff for the Class.

9

### III.   MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the approval of the Court.  15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with lead plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected Rosen Law as Lead Counsel. The firm has been actively researching Movant's and the Class' claims, reviewing publicly available financial and other documents while gathering information in support of the claims against the defendants. Furthermore, the firm is experienced in the area of securities litigation and class actions, having been appointed as lead counsel in securities class actions in numerous cases throughout the nation. The firm has prosecuted securities fraud class actions and other complex litigation and obtained substantial recoveries on behalf of investors. Rosen Law's resume is attached as Exhibit 4 to the Rosen Declaration.

As a result of the firm's experience in litigation involving issues similar to those raised in this action, Movant's counsel has the skill and knowledge to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Movant's selection of Lead Counsel, the members of the class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court issue an Order: (1) consolidating the Related Actions; (2) appointing Movant as Lead Plaintiff; and (3) approving Lead Plaintiff's selection of Rosen Law as Lead Counsel.

Dated: October 3, 2022                     Respectfully submitted,

                                           **THE ROSEN LAW FIRM, P.A.**

                                           /s/ Laurence M. Rosen
                                           Laurence M. Rosen LR-5733
                                           One Gateway Center, Suite 2600
                                           Newark, NJ 07102
                                           Telephone: (973) 313-1887
                                           Fax: (973) 833-0399
                                           lrosen@rosenlegal.com

                                           *[Proposed] Lead Counsel for Plaintiff and
                                           the Class*

11

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 3, 2022, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/ Laurence M. Rosen