DECOTIIS, FITZPATRICK, COLE & GIBLIN, LLP
Vincent M. Giblin, Esq. - #021011995
61 South Paramus Road, Suite 250
Paramus, New Jersey 07652
Tel.: (201) 928-1100
*Counsel for Movant Charles Bethune III,*
*and Proposed Liaison Counsel for the Class*

[*Additional counsel on signature page*]

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| VIJAY PATEL, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>COINBASE GLOBAL, INC., BRIAN ARMSTRONG, and ALESIA J. HAAS,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 2:22-cv-04915-BRM-LDW<br><br>**CHARLES BETHUNE III'S OPPOSITION TO ALL OTHER MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL**<br><br>**CLASS ACTION**<br><br>**ORAL ARGUMENT REQUESTED**<br><br>**MOTION DATE: November 7, 2022** |
| DENNIS DEAN LAFFOON, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>COINBASE GLOBAL, INC., BRIAN ARMSTRONG, ALESIA J. HAAS, and EMILIE CHOI,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 2:22-cv-05744-BRM-LDW |

## TABLE OF CONTENTS

I.    INTRODUCTION ...................................................................................1

II.    ARGUMENT...........................................................................................2

        A.    AP7, Rahul Saraf, and Darren Wright Have Not Submitted Competent Evidence to Establish Their Adequacy ..................................................2

        B.    AP7 Lacks Standing to Bring a Claim or Represent the Class .............4

        C.    Saraf's Choice of Multiple Counsel Risks Inefficient Prosecution of the Case, Increased Costs, Duplicated Work, and Lack of Control............7

III.    CONCLUSION.....................................................................................10

i

# TABLE OF AUTHORITIES

**Cases**                                                                            **Page(s)**

*Baydale v. Am. Express Co.*,
2009 U.S. Dist. LEXIS 71668 (S.D.N.Y. 2009) ............................................. 6, 7

*Bell v. United Princeton Props., Inc.*,
884 F.2d 713 (3d Cir. 1989) ..................................................................... 4

*Camp v. Qualcomm Inc.*,
2019 U.S. Dist. LEXIS 10269 (S.D. Cal. 2019) ........................................... 3, 7

*Durigon v. Toronto-Dominion Bank*,
2017 U.S. Dist. LEXIS 205404 (D.N.J. 2017) ............................................. 9, 10

*Garbowski v. Tokai Pharms., Inc.*,
302 F. Supp. 3d 441 (D. Mass. 2018) ....................................................... 3, 7, 9

*In re Cendant Corp. Litig.*,
264 F.3d 201 (3d Cir. 2001) ..................................................................... 1, 8

*In re Enzymotec Ltd. Sec. Litig.*,
2015 U.S. Dist. LEXIS 25720 (D.N.J. 2015) ................................................ 7

*In re FDIC*,
2001 U.S. Dist. LEXIS 6005 (D.N.J. 2001) .................................................. 4

*In re Gemstar-Tv Guide Int'l Secs. Litig.*,
209 F.R.D. 447 (C.D. Cal. 2002) .............................................................. 3

*In re Milestone Sci. Sec. Litig.*,
183 F.R.D. 404 (D.N.J. 1998) ................................................................... 8

*In re Nice Sys. Secs. Litig.*,
188 F.R.D. 206 (D.N.J. 1999) ................................................................... 2, 8

*In re Party City Sec. Litig.*,
189 F.R.D. 91 (D.N.J. 1999) ..................................................................... 8, 10

*Jersey Cent. Power & Light Co. v. Lacey*,
772 F.2d 1103 (3d Cir. 1985) ................................................................... 4

*La. Mun. Police Emps. Ret. Sys. v. Green Mt. Coffee Roasters, Inc.*,
2012 U.S. Dist. LEXIS 89192 (D. Vt. 2012) ............................................... 6

ii

*Lewis v. Lipocine Inc.*,
2016 U.S. Dist. LEXIS 166532 (D.N.J. 2016) ...................................................... 2

*Perez v. Hexo Corp.*,
2020 U.S. Dist. LEXIS 32381 (S.D.N.Y. 2020) ............................................. 3, 7

*Pipefitters Local No. 636 Defined Benefit Plan v. Bank of Am. Corp.*,
275 F.R.D. 187 (S.D.N.Y. 2011) ..................................................................... 5, 6

*Piven v. Sykes Enters.*,
137 F. Supp. 2d 1295 (M.D. Fla. 2000) ............................................................ 3

*Reinschmidt v. Zillow, Inc.*,
2013 U.S. Dist. LEXIS 36793 (W.D. Wash. 2013) ....................................... 3, 7

*Steamfitters Local 449 Pension Fund v. Cent. Eur. Distrib. Corp.*,
2012 U.S. Dist. LEXIS 118693 (D.N.J. 2012) ................................................... 5

*Versarge v. Twp. of Clinton*,
984 F.2d 1359 (3d Cir. 1993) ........................................................................... 4

*W.R. Huff Asset Mgmt. Co. v. Deloitte & Touche L.L.P.*,
549 F.3d 100 (2d Cir. 2008) ............................................................................. 5

**Rules**

FED. R. CIV. P. 23 .............................................................................................. 1

## I.       INTRODUCTION

The Private Securities Litigation Reform Act of 1995's ("PSLRA") process for appointing a lead plaintiff establishes a presumption that the most adequate plaintiff is the movant who: (i) has the largest financial interest in the relief sought by the class; ***and*** (ii) otherwise satisfies the adequacy and typicality requirements of FED. R. CIV. P. 23. *See In re Cendant Corp. Litig.*, 264 F.3d 201, 222 (3d Cir. 2001).

This presumption, however, is not infallible and can be rebutted by demonstrating that the presumptively most adequate plaintiff will not fairly and adequately protect the interests of the class or is subject to unique defenses. *Id.* Of the six movants seeking appointment as lead plaintiff, three remain: (i) Sjunde AP-Fonden ("AP7"); (ii) Rahul Saraf; and (iii) Charles Bethune III.[1] Each movant claims losses on their investment in Coinbase Global, Inc. ("Coinbase") securities as follows:

| MOVANT | CLAIMED LOSSES |
|---|---|
| 1.  AP7 (ECF No. 20-4) | $10,015,636.79 |
| 2.  Saraf (ECF No. 22-4) | $7,046,068.33 |
| 3.  Bethune (ECF No. 15-2) | $470,789.01 |

---

[1]      Henry Gotlob filed a notice of non-opposition on October 12, 2022. *See* ECF No. 23. Maria Scagliotti filed a notice of non-opposition on October 19, 2022. *See* ECF No. 24. Finally, Darren Wright also filed a notice of non-opposition on October 24, 2022. *See* ECF No. 25.

Although Mr. Bethune does not possess the largest financial interest, district courts nevertheless have an obligation to review each motion and appoint the movant who is most capable of adequately representing absent class members' interests. *See Lewis v. Lipocine Inc.*, 2016 U.S. Dist. LEXIS 166532, at *8 (D.N.J. 2016) (citing *In re Nice Sys. Secs. Litig.*, 188 F.R.D. 206, 221 (D.N.J. 1999)). As set forth below, Mr. Bethune respectfully submits that the movants claiming larger financial interests have failed to demonstrate their adequacy. Moreover, AP7's motion should be denied because its lack of Article III standing creates a unique defense which precludes its appointment as lead plaintiff. Indeed, AP7 does not possess any financial interest in this matter. Saraf's motion should also be denied for the added reason that his purported selection of multiple firms as counsel undermines the goals of the PSLRA by increasing the risk of duplicate work, excessive costs, and a lack of control over the litigation.

## II.   ARGUMENT

### A.   AP7, Rahul Saraf, and Darren Wright Have Not Submitted Competent Evidence to Establish Their Adequacy

As a preliminary matter, three of the movants—AP7, Saraf, and Wright—have not submitted any competent evidence establishing their adequacy to represent the putative class. Only Mr. Bethune and Ms. Scagliotti have submitted sworn declarations which detail their background and help the Court evaluate their adequacy. *See* ECF Nos. 15-3 and 21-3. Here, Mr. Bethune has attested under oath

that he is an Air Force veteran with over thirty years of experience investing in the capital markets. *See* ECF No. 15-3 at ¶¶ 3-4. Mr. Bethune will provide a valuable perspective as this litigation progresses whether he is appointed sole lead plaintiff or alongside another movant. Because similar sworn declarations were not provided by these other movants, the Court can and should find them inadequate to represent the Class. *See Perez v. Hexo Corp.*, 2020 U.S. Dist. LEXIS 32381, at *7-8 (S.D.N.Y. 2020) (declining to appoint movant that failed to provide such information in initial submissions); *Camp v. Qualcomm Inc.*, 2019 U.S. Dist. LEXIS 10269, at *8 (S.D. Cal. 2019) (same); *Reinschmidt v. Zillow, Inc.*, 2013 U.S. Dist. LEXIS 36793, at *12-14 (W.D. Wash. 2013) (declining to appoint any movant due to lack of information, ordering supplemental briefing and declarations); *Garbowski v. Tokai Pharms., Inc.*, 302 F. Supp. 3d 441, 449 (D. Mass. 2018); *In re Gemstar-Tv Guide Int'l Secs. Litig.*, 209 F.R.D. 447, 452 (C.D. Cal. 2002) ("sparse" declarations offered "no evidence that [movants] possess the requisite sophistication to supervise this litigation"); *Piven v. Sykes Enters.*, 137 F. Supp. 2d 1295, 1305-06 (M.D. Fla. 2000) (a "dearth of information . . . regarding its identity, resources, and experience" precluded movant's appointment as lead plaintiff).

AP7 and Saraf may now likely argue that their respective legal memoranda contain factual statements establishing their adequacy. *See, e.g.*, ECF No. 20 at 11; ECF No. 22 at 11-12; ECF No. 12 at 8. Such an argument, if made, is unavailing.

3

For more than three decades, this Circuit has repeatedly held that unsworn statements in legal memoranda and related argument by counsel are not evidence. *Jersey Cent. Power & Light Co. v. Lacey,* 772 F.2d 1103, 1109 (3d Cir. 1985) ("Legal memoranda and oral argument are not evidence and cannot by themselves create a factual dispute . . . ."); *Bell v. United Princeton Props., Inc.*, 884 F.2d 713, 720 (3d Cir. 1989) (". . . statements made in briefs are not evidence of the facts asserted . . . ."); *Versarge v. Twp. of Clinton*, 984 F.2d 1359, 1370 (3d Cir. 1993) ("Nevertheless, we have repeatedly held that unsubstantiated arguments made in briefs or at oral argument are not evidence to be considered by this Court."); *In re FDIC*, 2001 U.S. Dist. LEXIS 6005, at *33-34 (D.N.J. 2001).

Given this binding jurisprudence, this Court should give no weight to AP7, Saraf, and Wright's unsworn statements and arguments. Their motions should be denied.[2]

### B.      AP7 Lacks Standing to Bring a Claim or Represent the Class

Although AP7 asserts a financial interest exceeding $10 million (*see* ECF No. 20-4), a closer inspection of its moving papers suggests otherwise. It, in fact has no financial interest in the relief sought by the class here. Buried in a footnote, AP7

---

[2]      If the Court evaluates the movants in descending order by claimed losses, and further finds that AP7 and Saraf should not be appointed, then Mr. Wright would otherwise be next in consideration. Although Wright submitted a notice of non-opposition (*see* n.1, *supra*), Mr. Bethune nevertheless maintains, for preservation purposes, his opposition to Wright's appointment.

admits that it did not directly sustain this loss. *See* ECF No. 20-3 at n.1. Rather, AP7 acknowledges that (despite suing in its own name) it appears in a representative capacity, writing "AP7 is acting ***on behalf of*** the AP7 Equity Fund in this litigation." *Id.* (emphasis added). Accordingly, AP7 does not directly own ***any*** Coinbase shares, does not possess any financial interest, and—as an investment advisor—lacks Article III standing to bring claims on behalf of the funds it manages. *W.R. Huff Asset Mgmt. Co. v. Deloitte & Touche L.L.P.*, 549 F.3d 100, 109-10 (2d Cir. 2008) (rejecting third-party "'investment manager standing[,]'" further finding that movant had not demonstrated a "hindrance" preventing the beneficial owners from bringing claims in their own names).

Lack of Article III standing is a unique defense—one which should not prejudice absent class members at this early juncture. *See Steamfitters Local 449 Pension Fund v. Cent. Eur. Distrib. Corp.*, 2012 U.S. Dist. LEXIS 118693, at *27-32 (D.N.J. 2012) ("There is no greater impediment to a Plaintiff's ability to prosecute a case than a lack of standing. . . . The Court cannot prejudice the class members by subjecting them to the time and expense of litigating these unique defenses."). Indeed, AP7 has previously been denied appointment as lead plaintiff on this very basis. *See Pipefitters Local No. 636 Defined Benefit Plan v. Bank of Am. Corp.*, 275 F.R.D. 187, 190-91 (S.D.N.Y. 2011). There, as should be the case here, the district court credited the representations in an expert declaration filed against AP7 stating,

5

*inter alia*, that: (i) AP7 acts simply as a manager; (ii) AP7 is prohibited from having a stake in the assets it manages; and (iii) AP7 is not a direct owner of the funds' investments:

> AP7 is simply the manager of specific funds authorized for PPS [Premium Pension System] savers. AP7 reports to the PA on a daily basis about the funds that it manages. The board of directors of AP7 is responsible for keeping the financial statements of the funds that it manages and for preparing their annual financial reports, which are audited by the auditors of AP7. ***AP7, however, does not have any financial interest in the funds that it manages***.

*See* Declaration of Vincent M. Giblin, Esq. in Support of Charles Bethune's Opposition to All Other Motions for Appointment as Lead Plaintiff and Approval of Selection of Counsel, Ex. 1, at ¶ 9 (Decl. of Rickard Poppelman, Dkt. Entry 44); *see also id.*, at ¶¶ 13-14. Accordingly, that district court found that AP7's lack of direct ownership and related arguments regarding its third-party standing precluded its appointment as lead plaintiff. *Pipefitters*, 275 F.R.D. at 191. Similar Swedish money managers have also been barred from serving as lead plaintiff for this same reason. *See Baydale v. Am. Express Co.*, 2009 U.S. Dist. LEXIS 71668, at *7 (S.D.N.Y. 2009).[3]

---

[3]    *La. Mun. Police Emps. Ret. Sys. v. Green Mt. Coffee Roasters, Inc.*, 2012 U.S. Dist. LEXIS 89192 (D. Vt. 2012), touted in AP7's motion, is distinguishable. There, AP7 was just one member of a group called the "Global Institutional Investors Group," or "GIIG," whose other members had no similar standing concerns, and independently outranked competing movants on the other *Lax Olsten* factors. *Id*. at *9. Accordingly, AP7's lack of standing did not impact the GIIG. *Id*. Here, AP7 does not move as part of a group, and cannot rely on other members to rescue it from the unique standing defense.

AP7 will likely counterargue, relying on a circular and unsupported assertion that "AP7 has full power and authority to bring suit to recover for its investment losses." *See* ECF No. 20-3 at ¶ 4. However, even if the Court credits this statement at this stage of the litigation, this standing issue (which Defendants will assert) will later undoubtedly raise "complex and novel" issues of foreign law which would "be a needless litigation sideshow." *Baydale*, 2009 U.S. Dist. LEXIS 71668, at *9. The Court should not risk later injury to the Class at the class certification stage or in a subsequent appeal when it can and should eliminate this issue now. *Id.* (collecting cases). Because this unique standing defense threatens to become the focus of the litigation against AP7, its motion should be denied. *See In re Enzymotec Ltd. Sec. Litig.*, 2015 U.S. Dist. LEXIS 25720, at *6-7 (D.N.J. 2015).

### C. Saraf's Choice of Multiple Counsel Risks Inefficient Prosecution of the Case, Increased Costs, Duplicated Work, and Lack of Control

The next movant, Rahul Saraf, claims losses exceeding $7 million. *See* ECF No. 22-4. As set forth in § II.A, *supra*, his motion should be denied for failing to provide a sworn declaration attesting to his adequacy as required by myriad courts applying the PSLRA throughout the country. *See Perez*, 2020 U.S. Dist. LEXIS 32381, at *7-8; *Camp*, 2019 U.S. Dist. LEXIS 10269, at *8; *Reinschmidt*, 2013 U.S. Dist. LEXIS 36793, at *12-14; *Garbowski*, 302 F. Supp. 3d at 449. His motion should be denied for the added reason that he has failed to demonstrate the necessity (or due diligence) required to select and retain co-lead counsel.

"One of a lead plaintiff's most important functions is to 'select and retain' lead counsel." *Cendant*, 264 F.3d at 265. Saraf has failed to explain why he purportedly selected two law firms to represent the class as co-lead counsel. His decision to do so, if countenanced by the Court, will likely result in inefficient litigation, duplicate work and increased costs. *In re Milestone Sci. Sec. Litig.*, 183 F.R.D. 404, 418 (D.N.J. 1998) (reserving decision on lead counsel, noting "[t]he potential for duplicative services and the concomitant increase in attorneys' fees works against the approval of multiple lead counsel.").

Where, as here, a movant has selected multiple firms—both of which appear independently capable of litigating a securities class action without the other's assistance—courts inquire into that decision. *Compare* ECF No. 22-5 at 12-14 (touting credentials of each firm, including recoveries obtained) *with In re Nice Sys. Secs. Litig.*, 188 F.R.D. at 222 ("[t]he potential for duplicative services and the concomitant increase in attorneys' fees work against the approval of more than one law firm, especially in cases in which one law firm has the proven ability to adequately manage and litigate securities class actions."). This Court should too.

In addition to increased costs and expenses, the presence of co-lead counsel also increases the risk that attorneys—rather than the investor—will be directing the litigation. *See*, *generally*, *In re Party City Sec. Litig.*, 189 F.R.D. 91, 115 (D.N.J. 1999). Because the PSLRA was designed to foreclose this possibility, "those seeking

8

the appointment of more than one law firm must demonstrate the lead plaintiff will be able to withstand any limitation on, or usurpation of, control, and effectively supervise the law firms acting as lead counsel." *Id*. Saraf has failed to do so. *Garbowski*, 302 F. Supp. 3d at 455-56 (defective certification supported conclusion that "[the] case would have been conducted by unsupervised plaintiffs' attorneys— a practice the PLSRA was intended to end."). Ultimately, while "[t]here is 'a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention'" when a movant seeks to appoint multiple firms as co-lead counsel, the Court must consider, *inter alia*, "the manner in which the lead plaintiff chose what law firms to consider" and "the process by which the lead plaintiff selected its final choice." *Durigon v. Toronto-Dominion Bank*, 2017 U.S. Dist. LEXIS 205404, at *15-16 (D.N.J. 2017).

Saraf's motion lacks any substantive discussion of these factors. Though he touts the credentials of Berger Montague, LP and Robbins Geller Rudman & Dowd (proposed as co-lead counsel), for instance, Saraf provides no meaningful information concerning the manner used to select the firms, nor evidence of a serious arms' length negotiation between him and his selected counsel(s). *See* ECF No. 22-5 at 12-14. More to the point, Saraf's certification curiously mentions **only one** of the firms seeking co-lead counsel appointment, Berger Montague, PC. *See* ECF No. 22-3 at ¶ 1. The certification is entirely silent with respect to Robbins Geller. *Id*.

9

It necessarily follows that Saraf has offered no explanation "why it is necessary to have multiple firms representing the purported class . . . how services will be divided, nor [ ] assurances that there will not be duplication of services and additional fees." *Durigon*, 2017 U.S. Dist. LEXIS 205404, at *18; *but see also Party City*, 189 F.R.D. at 116-17 (appointing co-lead counsel, where "submission of bi-monthly reports to the court detailing the services rendered, the time, lodestar and expenditures of counsel and the hourly charges reasonably incurred" helped offset risk of duplicate services and excessive costs).

## III.  CONCLUSION

For the foregoing reasons, Mr. Bethune's motion should be granted. All other motions should be denied.

Dated: October 24, 2022                    Respectfully submitted,

                                           **DECOTIIS, FITZPATRICK,
                                           COLE & GIBLIN, LLP**

                                           By:    *s/ Vincent M. Giblin*
                                           Vincent M. Giblin, Esq.
                                           (#021011995)
                                           DECOTIIS, FITZPATRICK, COLE
                                           & GIBLIN, LLP
                                           61 South Paramus Road, Suite 250
                                           Paramus, New Jersey 07652
                                           Telephone: (201) 928-1100

                                           *Counsel for Movant Charles Bethune
                                           III, and Proposed Liaison Counsel for
                                           the Class*

10

-and-

Ramzi Abadou
(to be admitted *pro hac vice*)
KAHN SWICK & FOTI, LLP
580 California Street, Suite 1200
San Francisco, California 94104
Telephone: (415) 459-6900
Facsimile: (504) 455-1498
ramzi.abadou@ksfcounsel.com

-and-

Lewis S. Kahn
(to be admitted *pro hac vice*)
Alexander L. Burns
(to be admitted *pro hac vice*)
Morgan M. Embleton
(to be admitted *pro hac vice*)
KAHN SWICK & FOTI, LLC
1100 Poydras Street, Suite 3200
New Orleans, Louisiana 70163
Telephone: (504) 455-1400
Facsimile: (504) 455-1498
lewis.kahn@ksfcounsel.com
alexander.burns@ksfcounsel.com
morgan.embleton@ksfcounsel.com

*Counsel for Movant Charles Bethune III, and Proposed Lead Counsel for the Class*

11

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 24, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses registered, as denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper *via* the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.



*s/ Vincent M. Giblin*
VINCENT M. GIBLIN, ESQ.

12

# Mailing Information for a Case 2:22-cv-04915-BRM-LDW PATEL v. COINBASE GLOBAL, INC. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **JAMES E. CECCHI**
  jcecchi@carellabyrne.com,ltaylor@carellabyrne.com,mrago@carellabyrne.com,zbower@carellabyrne.com

- **RICHARD LEVI ELEM**
  relem@janmeyerlaw.com

- **VINCENT M. GIBLIN**
  vgiblin@decotiislaw.com,vvarghese@decotiislaw.com,lbonaguro@decotiislaw.com,rmcgowan@decotiislaw.com,rregan@decotiislaw.com,kderisi@decotiislaw.com

- **ALEXANDER J. HOOD II**
  ahood@pomlaw.com

- **JEREMY A. LIEBERMAN**
  JALIEBERMAN@POMLAW.COM

- **KEVIN M. MCDONOUGH**
  kevin.mcdonough@lw.com,kevin-mcdonough-0851@ecf.pacerpro.com,NY-CourtMail@lw.com,new-york-ma-2860@ecf.pacerpro.com

- **THOMAS HENRY PRZYBYLOWSKI**
  tprzybylowski@pomlaw.com,ahood@pomlaw.com,disaacson@pomlaw.com,ashmatkova@pomlaw.com,abarbosa@pomlaw.com,fgravenson@pomlaw.com

- **LAURENCE M. ROSEN**
  lrosen@rosenlegal.com,lrosen@ecf.courtdrive.com,pkim@rosenlegal.com

- **CHRISTOPHER A. SEEGER**
  cseeger@seegerweiss.com,styjer@seegerweiss.com,rbarreca@seegerweiss.com,abadaruzzaman@seegerweiss.com,scott-siegel-5111@ecf.pacerpro.com,hsafdar@seegerweiss.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)