DECOTIIS, FITZPATRICK, COLE & GIBLIN, LLP
Vincent M. Giblin, Esq. - #021011995
61 South Paramus Road, Suite 250
Paramus, New Jersey 07652
Tel.: (201) 928-1100
*Counsel for Movant Charles Bethune III,*
*and Proposed Liaison Counsel for the Class*

[*Additional counsel on signature page*]

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| VIJAY PATEL, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) | Case No. 2:22-cv-04915-BRM-LDW |
| Plaintiff, | ) ) ) | **CHARLES BETHUNE III'S REPLY IN FURTHER SUPPORT OF HIS MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL** |
| v. | ) ) | **CLASS ACTION** |
| COINBASE GLOBAL, INC., BRIAN ARMSTRONG, and ALESIA J. HAAS, | ) ) ) ) | **ORAL ARGUMENT REQUESTED** **MOTION DATE: November 7, 2022** |
| Defendants. | ) | |
| DENNIS DEAN LAFFOON, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) | Case No. 2:22-cv-05744-BRM-LDW |
| Plaintiff, | ) ) | |
| v. | ) ) ) | |
| COINBASE GLOBAL, INC., BRIAN ARMSTRONG, ALESIA J. HAAS, and EMILIE CHOI, | ) ) ) ) ) | |
| Defendants. | ) | |

# TABLE OF AUTHORITIES

**Cases**                                                                                   **Page(s)**

*Baydale v. Am. Express Co.*,
   2009 U.S. Dist. LEXIS 71668 (S.D.N.Y. 2009) ................................................. 2

*In re Able Labs. Sec. Litig.*,
   425 F. Supp. 2d 562 (D.N.J. 2006) ...................................................................... 3

*In re Cable & Wireless, PLC*,
   217 F.R.D. 372 (E.D. Va. 2003) .......................................................................... 1

*In re Facebook, Inc.*,
   288 F.R.D. 26 (S.D.N.Y. 2012) ........................................................................... 1

*In re Lucent Techs. Sec. Litig.*,
   221 F. Supp. 2d 472 (D.N.J. 2001) ........................................................... 2, 3-4

*Lehigh Cnty. Empl. Ret. Sys. V. Novo Nordisk A/S, et al.*,
   No. 3:17-cv-00209, Dkt. Entry 42 (D.N.J. 2017) ............................................... 4

*Nasin v. Hongli Clean Energy Techs. Corp.*,
   2017 U.S. Dist. LEXIS 192673 (D.N.J. 2017) .................................................. 3

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*,
   229 F.R.D. 395 (S.D.N.Y. 2004) ........................................................................ 4

*Sharmay v. Amarin Corporation PLC, et al.*,
   No. 3:19-cv-6601, Dkt. Entry 34 (D.N.J. 2019) ................................................ 4

*Sklar v. Amarin Corp. PLC*,
   2014 U.S. Dist. LEXIS 103051 (D.N.J. 2014) ................................................... 2

*Smith v. Antares Pharma, Inc.*,
   2018 U.S. Dist. LEXIS 126964 (D.N.J. 2018) ............................................. 2, 3

*Steamfitters Local 449 Pension Fund v. Cent. Eur. Distrib. Corp.*,
   2012 U.S. Dist. LEXIS 118693 (D.N.J. 2012) ................................................... 1

**Statutes**

15 U.S.C. § 78u-4 ............................................................................................ 1

**Other**

Rule 23 ............................................................................................................ 2

Pursuant to the PSLRA, "[a] movant's financial interest is just a beginning point, and courts acknowledge that they must also consider the movant's ability and willingness to adequately represent the class." *In re Cable & Wireless, PLC*, 217 F.R.D. 372, 377 (E.D. Va. 2003); *In re Facebook, Inc.*, 288 F.R.D. 26, 37 (S.D.N.Y. 2012) (same). The PSLRA makes clear that if a movant with a larger financial interest cannot "fairly and adequately protect the interests of the class" he or she cannot be appointed lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Mr. Bethune is the only applicant before the Court whose adequacy has not been challenged. And for good reason. *See* ECF No. 15-3 at ¶¶ 2-9.

Both AP7 and Saraf, the two other remaining movants, also concede that when a potential lead plaintiff is vulnerable to a unique defense, the ultimate success of that defense is irrelevant. *See* ECF No. 27 at 15-16 (collecting cases); *see also* ECF No. 28 at 13, citing *Steamfitters Local 449 Pension Fund v. Cent. Eur. Distrib. Corp.*, 2012 U.S. Dist. LEXIS 118693, at *30 (D.N.J. 2012). Instead, the issue turns simply on whether the unique defense is likely to become a major focus of the litigation. *Id.* (standard is whether the unique defense is one ". . . that is likely to play a major role in litigation, ***regardless of the outcome***.").[1]

Based on the vigor with which AP7 and Saraf spend attacking one another's adequacy and typicality, the "major focus" standard is clearly met here. If the Court

---

[1]    All emphasis added and internal citations omitted unless otherwise stated.

1

did appoint either of them as lead plaintiff, then Defendants would vigorously do the same at the class certification stage, where an even more rigorous and wide-ranging Rule 23 analysis is required. *See, generally, In re Lucent Techs. Sec. Litig.*, 221 F. Supp. 2d 472, 486 (D.N.J. 2001) (comparing analysis at lead plaintiff versus class certification stage, collecting cases). Such a waste of resources is precisely why federal courts bypass "needless litigation sideshow[s]" by selecting a lead plaintiff at this nascent stage of the litigation with—as exemplified by Mr. Bethune here— no baggage. *See Baydale v. Am. Express Co.*, 2009 U.S. Dist. LEXIS 71668, at *9 (S.D.N.Y. 2009).

Here, no unique defenses have been raised (or can be raised) against Mr. Bethune. He is also the ***only*** movant whose adequacy and typicality have not and cannot be questioned. Mr. Bethune's stock transactions were straightforward purchases made over the course of several days, followed by one sales transaction. *Cf.* ECF No. 15-1 *with* ECF No. 27 at 12-16.[2] Moreover, Mr. Bethune's choice of a single firm to serve as lead counsel is accurately reflected in his certification and declaration (*see* ECF Nos. 15-1 & 15-3), eliminating the risk of duplicative work

---

[2]     Despite AP7's accusations of "frenzied trading" against Saraf, courts tend to reject accusations that "day trading" alone, without a showing of something more, is sufficient to bar someone from serving as lead plaintiff. *See, e.g.*, *Sklar v. Amarin Corp. PLC*, 2014 U.S. Dist. LEXIS 103051, at *30-31 (D.N.J. 2014); *Smith v. Antares Pharma, Inc.*, 2018 U.S. Dist. LEXIS 126964, at *9 (D.N.J. 2018). Regardless, this risk could be offset by appointing Mr. Bethune as a co-lead plaintiff.

and increased costs. *Cf. id. with* ECF No. 22-3 at ¶ 1 *and* ECF No. 26 at 7-10. And unlike AP7, which never held a direct ownership interest in Coinbase securities and thus has zero financial interest in this matter, Mr. Bethune's standing is not at issue. *See* ECF No. 26 at 4-7; *see also* ECF No. 28 at 3-13. Nor has Mr. Bethune ever been accused—as AP7 has—of spoliating investment records or impeding discovery in other securities class actions. *See* ECF No. 28 at 13-15.

Further, Mr. Bethune is the ***only*** remaining movant who provided a detailed declaration, signed under penalty of perjury, establishing his qualifications to serve as lead plaintiff and ensuring adequate representation of the Class. *See* ECF No. 15-3; *Nasin v. Hongli Clean Energy Techs. Corp.*, 2017 U.S. Dist. LEXIS 192673, at *7-9 (D.N.J. 2017) (The initial "presumptive lead plaintiff" which "suffered the largest financial loss" was not appointed lead plaintiff when a unique defense threatened to "become a major focus of the litigation."). Accordingly, Mr. Bethune can and should be appointed sole lead plaintiff.

As an alternative option, the Court could reduce, if not eliminate, this risk by appointing Mr. Bethune as a co-lead plaintiff. *See, e.g., In re Able Labs. Sec. Litig.*, 425 F. Supp. 2d 562, 573 (D.N.J. 2006) (allowing two plaintiffs to combine and then appointing them as co-lead plaintiff). Doing so here would create a valuable safety net for absent class members. *See In re Lucent Techs. Sec. Litig.*, 221 F. Supp. 2d at 488 (finding that appointing a co-lead plaintiff would provide "additional

3

representation [that] may benefit the class and provide flexibility, if needed, in the future."); *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*, 229 F.R.D. 395, 418-20 (S.D.N.Y. 2004) (appointing initially competing movants as co-lead plaintiffs, citing *inter alia*, the "greater stability in the prosecution of these consolidation actions, should a decision be reached at some later stage in the litigation that either co-lead plaintiff will not adequately represent the class[.]"). Indeed, this Court has previously adopted such structures on at least two different occasions. *See, e.g.*, *Sharmay v. Amarin Corporation PLC, et al.*, No. 3:19-cv-6601, Dkt. Entry 34 (D.N.J. 2019); *Lehigh Cnty. Empl. Ret. Sys. v. Novo Norodisk A/S, et al.*, No. 3:17-cv-00209, Dkt. Entry 42 (D.N.J. 2017).

Ultimately, Mr. Bethune suffered a substantial loss on his investment in Coinbase securities and is independently adequate and typical to represent the Class as lead plaintiff. For the foregoing reasons, Mr. Bethune's motion should be granted.

Dated: October 31, 2022

Respectfully submitted,

**DECOTIIS, FITZPATRICK, COLE & GIBLIN, LLP**

By:   *s/ Vincent M. Giblin*
Vincent M. Giblin, Esq.
(#021011995)
DECOTIIS, FITZPATRICK, COLE & GIBLIN, LLP
61 South Paramus Road, Suite 250
Paramus, New Jersey 07652

4

Telephone: (201) 928-1100

*Counsel for Movant Charles Bethune III, and Proposed Liaison Counsel for the Class*

-and-

Ramzi Abadou
(to be admitted *pro hac vice*)
KAHN SWICK & FOTI, LLP
580 California Street, Suite 1200
San Francisco, California 94104
Telephone: (415) 459-6900
Facsimile: (504) 455-1498
ramzi.abadou@ksfcounsel.com

-and-

Lewis S. Kahn
(to be admitted *pro hac vice*)
Alexander L. Burns
(to be admitted *pro hac vice*)
KAHN SWICK & FOTI, LLC
1100 Poydras Street, Suite 3200
New Orleans, Louisiana 70163
Telephone: (504) 455-1400
Facsimile: (504) 455-1498
lewis.kahn@ksfcounsel.com
alexander.burns@ksfcounsel.com

*Counsel for Movant Charles Bethune III, and Proposed Lead Counsel for the Class*

5

## CERTIFICATE OF SERVICE

I hereby certify that on October 31, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses registered, as denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper *via* the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

*s/ Vincent M. Giblin*
VINCENT M. GIBLIN, ESQ.

6

# Mailing Information for a Case 2:22-cv-04915-BRM-LDW PATEL v. COINBASE GLOBAL, INC. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **JAMES E. CECCHI**
  jcecchi@carellabyrne.com,ltaylor@carellabyrne.com,mrago@carellabyrne.com,zbower@carellabyrne.com

- **RICHARD LEVI ELEM**
  relem@janmeyerlaw.com

- **VINCENT M. GIBLIN**
  vgiblin@decotiislaw.com,vvarghese@decotiislaw.com,lbonaguro@decotiislaw.com,rmcgowan@decotiislaw.com,rregan@decotiislaw.com,kderisi@decotiislaw.com

- **ALEXANDER J. HOOD II**
  ahood@pomlaw.com

- **JEREMY A. LIEBERMAN**
  JALIEBERMAN@POMLAW.COM

- **KEVIN M. MCDONOUGH**
  kevin.mcdonough@lw.com,kevin-mcdonough-0851@ecf.pacerpro.com,NY-CourtMail@lw.com,new-york-ma-2860@ecf.pacerpro.com

- **THOMAS HENRY PRZYBYLOWSKI**
  tprzybylowski@pomlaw.com,ahood@pomlaw.com,disaacson@pomlaw.com,ashmatkova@pomlaw.com,abarbosa@pomlaw.com,fgravenson@pomlaw.com

- **LAURENCE M. ROSEN**
  lrosen@rosenlegal.com,lrosen@ecf.courtdrive.com,pkim@rosenlegal.com

- **CHRISTOPHER A. SEEGER**
  cseeger@seegerweiss.com,styjer@seegerweiss.com,rbarreca@seegerweiss.com,abadaruzzaman@seegerweiss.com,scott-siegel-5111@ecf.pacerpro.com,hsafdar@seegerweiss.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)