# EXHIBIT K

SEEGER WEISS LLP
CHRISTOPHER A. SEEGER
CHRISTOPHER L. AYERS
55 Challenger Road, 6th Floor
Ridgefield Park, NJ 07660
Telephone: 212/584-0700
212/584-0799 (fax)
cseeger@Seegerweiss.com
cayers@Seegerweiss.com

Liaison Counsel

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| VINCENT DANG, Individually and on Behalf of All Others Similarly Situated, ) ) ) Plaintiff, ) ) vs. ) ) AMARIN CORPORATION PLC, et al. ) ) Defendants. ) ) | No. 3:21-cv-19212-MAS-TJB<br><br>CLASS ACTION<br><br>MOTION DAY: January 18, 2022 |

[Caption continued on following page.]

BRIEF IN SUPPORT OF 1199 SEIU HEALTH CARE EMPLOYEES PENSION
FUND'S MOTION FOR CONSOLIDATION OF RELATED ACTIONS,
APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD
PLAINTIFF'S SELECTION OF COUNSEL

4869-9258-0615.v1

TODD DORFMAN, Individually and on Behalf of All Others Similarly Situated,

Plaintiff,

vs.

AMARIN CORPORATION PLC, et al.

Defendants.

)
)
)
)
)
)
)
)
)
)
)
)

No. 3:21-cv-19911-MAS-TJB

<u>CLASS ACTION</u>

## TABLE OF CONTENTS

**Page**

I.  PRELIMINARY STATEMENT .................................................................1

II. FACTUAL BACKGROUND.................................................................2

III. LEGAL ARGUMENT ........................................................................3

    A.  The Related Actions Should Be Consolidated .....................................4

    B.  The Pension Fund Is the "Most Adequate Plaintiff" and Should Be Appointed Lead Plaintiff ...................................................................5

        1.  The Procedure Required by the PSLRA .....................................5

        2.  The Pension Fund Satisfies the "Lead Plaintiff" Requirements of the PSLRA........................................................7

            a.  The Pension Fund Has Timely Filed a Lead Plaintiff Motion ...................................................7

            b.  The Pension Fund Has the Largest Financial Interest in the Relief Sought by the Class ......................7

            c.  The Pension Fund Otherwise Satisfies Rule 23's Requirements ................................................................8

    C.  The Court Should Approve the Pension Fund's Choice of Counsel ...............................................................................................11

IV. CONCLUSION....................................................................................13

4869-9258-0615.v1

# TABLE OF AUTHORITIES

**Page**

## CASES

*City of Warren Gen. Emps.' Ret. Sys. v. Celgene Corp.*,
2018 U.S. Dist. LEXIS 165878 (D.N.J. Sept. 26, 2018) ........................5, 8, 9, 10

*Hall v. Johnson & Johnson*,
No. 3:18-cv-01833-FLW-TJB (D.N.J. Nov. 26, 2018) .....................................12

*HsingChing Hsu v. Puma Biotechnology, Inc.*,
No. 8:15-cv-00865-AG-JCG (C.D. Cal.)...........................................................13

*In re Cardinal Health, Inc. Sec. Litig.*,
No. 2:04-cv-00575-ALM (S.D. Ohio).................................................................12

*In re Cendant Corp. Litig.*,
264 F.3d 201 (3d Cir. 2001) ......................................................................8, 9, 10

*In re Enron Corp. Sec. Litig.*,
No. 4:01-cv-03624 (S.D. Tex.).........................................................................12

*In re HealthSouth Corp. Sec. Litig.*,
No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) .......................................................12

*In re Novo Nordisk Sec. Litig.*,
No. 3:17-cv-00209-BRM-LHG (D.N.J. June 1, 2017).....................................12

*In re Party City Sec. Litig.*,
189 F.R.D. 91 (D.N.J. 1999)...............................................................................9

*In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*,
No. 1:01-cv-01451-REB-KLM (D. Colo.) .......................................................12

*In re UnitedHealth Grp. Inc. Sec. Litig.*,
No. 0:06-cv-01691-JMR-FLN (D. Minn.).........................................................12

*In re Valeant Pharm. Int'l, Inc. Sec. Litig.*,
No. 3:15-cv-07658-MAS-LHG (D.N.J. May 31, 2016)....................................12

- ii -

**Page**

*Lawrence E. Jaffe Pension Plan v. Household Int'l Inc.*,
   No. 1:02-cv-05893 (N.D. Ill.) ..................................................................................12

**STATUTES, RULES AND REGULATIONS**

15 U.S.C.
   §78u-4(a)(1) ........................................................................................................5
   §78u-4(a)(3)(A)(i) ..............................................................................................6
   §78u-4(a)(3)(A).............................................................................................6, 7
   §78u-4(a)(3)(B).............................................................................................6, 7
   §78u-4(a)(3)(B)(i) ........................................................................................2, 6
   §78u-4(a)(3)(B)(ii) .......................................................................................1, 4
   §78u-4(a)(3)(B)(iii) ......................................................................................7, 8
   §78u-4(a)(3)(B)(v) ............................................................................................11

Federal Rule of Civil Procedure
   Rule 23 ..................................................................................................2, 7, 8, 9
   Rule 23(a) .......................................................................................................8, 9
   Rule 23(a)(3) ......................................................................................................9
   Rule 23(a)(4) ....................................................................................................10
   Rule 42 ................................................................................................................1
   Rule 42(a)............................................................................................................5

4869-9258-0615.v1

## I.    PRELIMINARY STATEMENT

Presently pending before this Court are two related securities class action lawsuits (the "Related Actions") brought on behalf of investors who purchased or otherwise acquired Amarin Corporation plc ("Amarin" or the "Company") securities between December 5, 2018 and June 21, 2021, inclusive (the "Class Period"), seeking to pursue remedies under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), against the Company and certain of its senior executives.  Proposed lead plaintiff 1199 SEIU Health Care Employees Pension Fund (the "Pension Fund") hereby moves this Court for an order: (i) consolidating the above-captioned Related Actions pending in this District pursuant to Federal Rule of Civil Procedure 42; (ii) appointing the Pension Fund as Lead Plaintiff; and (iii) approving the Pension Fund's selection of Robbins Geller Rudman & Dowd LLP to serve as Lead Counsel.

Pursuant to the PSLRA, the Court must decide whether to consolidate the Related Actions before selecting a movant to lead this litigation on behalf of the putative class.  *See* 15 U.S.C. §78u-4(a)(3)(B)(ii).  This motion is made on the grounds that the Related Actions pending before this Court involve common questions of law and fact, rendering consolidation appropriate under Rule 42.  Further, the PSLRA directs courts to appoint as lead plaintiff the class member or group of members it "determines to be most capable of adequately representing the interests of

- 1 -

class members." 15 U.S.C. §78u-4(a)(3)(B)(i). Here, the Pension Fund is the most adequate plaintiff, as defined by the PSLRA, because it possesses a significant financial interest in the Related Actions and it otherwise satisfies the requirements of Federal Rule of Civil Procedure 23 in that its claims are typical of the claims of the putative class and that it will fairly and adequately represent the interests of the class. Accordingly, the Pension Fund's motion should be granted.

## II. FACTUAL BACKGROUND

Amarin describes itself as a biopharmaceutical company with expertise in lipid science focused on the commercialization and development of therapeutics to improve cardiovascular health. The Company's only approved product in its portfolio, Vascepa® (icosapent ethyl) capsules, is approved by the U.S. Food and Drug Administration ("FDA") for use as an adjunct to diet to reduce triglyceride levels in adult patients with severe hypertriglyceridemia. Amarin's American Depositary Shares ("ADRs") trade on the NASDAQ under the ticker AMRN.[1]

Because Amarin relies on Vascepa® for revenue and growth, any commercial setback or rise in competition would be a significant setback for the Company. As

---

[1] Amarin was originally incorporated in England as a private limited company on March 1, 1989 and re-registered in England as a public limited company on March 19, 1993. The Company's principal executive offices are located in Ireland and Bridgewater, New Jersey.

4869-9258-0615.v1

such, the Company has been focused on obtaining FDA approval for expanded indications and approval in additional countries outside the United States.

The complaints allege that, throughout the Class Period, defendants made false and misleading statements and/or failed to disclose that: (i) there was an increasingly high risk that certain of Amarin's patents would be invalidated; (ii) once the District Court of Nevada invalidated certain of Amarin's patents, there was little to no chance of reversing that ruling; (iii) the Company's litigation was preventing it from effectuating a successful takeover; (iv) defendants were downplaying the true threat the ongoing ANDA litigation posed to the Company's business and future prospects; and (v) as a result, the Company's public statements were materially false and misleading at all relevant times.

On March 30, 2020, the United States District Court for the District of Nevada ruled in favor of two generic drug companies that sought FDA approval for sale of generic versions of Vascepa®. That same day, the Company's CEO, defendant John F. Thero, assured investors that "[w]e believe we are favorably situated to obtain an injunction against generic launch pending appeal, subject to our posting a bond to secure generics' lost profits in the event that generics prevail on appeal." *Dang*, ECF No. 1 at ¶11; *Dorfman*, ECF No. 1 at ¶11. On this news, Amarin's share price suffered a single session decline of over 70% on heavy trading volume.

4869-9258-0615.v1

On September 2, 2020, the U.S. Court of Appeals for the Federal Circuit heard oral argument on Amarin's appeal of the District of Nevada's ruling.  The following day, the Federal Circuit affirmed the District Court's ruling.  As the market learned about the oral argument and the outcome of the appeal, Amarin's share price suffered a multi-session decline of over 30% between September 2, 2020 and September 4, 2020, on heavy trading volume.

On April 12, 2021, Amarin announced, *inter alia*,  the departure of defendant Thero.  On this news, Amarin's share price suffered a decline of nearly 15% on heavy trading volume.

Finally, on June 21, 2021, investors learned "that the Supreme Court rejected the [C]ompany's bid to revive Vascepa patents."  *Dang*, ECF No. 1 at ¶19-20; *Dorfman*, ECF No. 1 at ¶19-20.  On this news, Amarin's share price declined another 8. % on heavy trading volume.

## III.   LEGAL ARGUMENT

### A.   The Related Actions Should Be Consolidated

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed," the Court shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered."  15 U.S.C. §78u-4(a)(3)(B)(ii); *see also City of*

- 4 -

4869-9258-0615.v1

*Warren Gen. Emps.' Ret. Sys. v. Celgene Corp.*, 2018 U.S. Dist. LEXIS 165878, at *5 (D.N.J. Sept. 26, 2018) (addressing issue of consolidation before lead plaintiff).

Under Rule 42(a), consolidation is appropriate when actions "involve a common question of law or fact." Fed. R. Civ. P. 42(a). In these instances, courts maintain that, in order to avoid the unnecessary waste of judicial resources and the additional costs and delay to the parties, lawsuits which involve similar questions of law and fact should be consolidated. *See Celgene*, 2018 U.S. Dist. LEXIS 165878, at *5 (consolidating two matters clearly involving common questions of law and fact, such that "consolidation will promote efficiency and avoid unnecessary costs or delay"). The Related Actions present virtually identical factual and legal issues during identical class periods and name identical defendants. Because the Related Actions pending before this Court are based on the same facts and involve the same subject matter, the same discovery will be relevant to all lawsuits. Thus, consolidation is appropriate here.

### B. The Pension Fund Is the "Most Adequate Plaintiff" and Should Be Appointed Lead Plaintiff

#### 1. The Procedure Required by the PSLRA

The PSLRA has established a procedure that governs the appointment of a lead plaintiff in "each private action arising under [the 1934 Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1).

- 5 -

4869-9258-0615.v1

First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(A)(i). The plaintiff in the first-filed action caused a corrected notice regarding the pendency of the action to be published on *Business Wire*, a national, business-oriented newswire service, on October 25, 2021. *See* Declaration of Christopher A. Seeger in Support of 1199 SEIU Health Care Employees Pension Fund's Motion for Consolidation of Related Actions, Appointment as Lead Plaintiff, and Approval of Lead Plaintiff's Selection of Lead Counsel ("Seeger Decl."), Ex. A. Within 60 days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. *See* 15 U.S.C. §78u-4(a)(3)(A)-(B).

Second, the PSLRA provides that, within 90 days after publication of the notice, the court shall consider any motion made by a class member and "shall appoint as lead plaintiff the member or members of the class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i). In determining the "most adequate plaintiff," the PSLRA provides that the Court shall adopted a presumption that the most adequate plaintiff is the person or group of persons that:

> (aa)  has either filed the complaint or made a motion in response to a notice . . . ;

(bb)   in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc)   otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii).  The Pension Fund Satisfies the "Lead Plaintiff"

Requirements of the PSLRA

### a. The Pension Fund Has Timely Filed a Lead Plaintiff Motion

According to the published notice, the time period in which class members may move to be appointed lead plaintiff herein under the PSLRA expires on December 23, 2021.  *See* 15 U.S.C. §78u-4(a)(3)(A) & (B).  Because this motion is being timely filed by the statutory deadline, the Pension Fund is eligible for appointment as lead plaintiff.

The Pension Fund has duly signed a Certification stating that it is willing to serve as the representative party on behalf of the class.  *See* Seeger Decl., Ex. B.  In addition, the Pension Fund has selected and retained competent counsel to represent them and the class.  Accordingly, the Pension Fund is entitled to have its application for appointment as lead plaintiff considered and approved by the Court.

### b. The Pension Fund Has the Largest Financial Interest in the Relief Sought by the Class

During the Class Period, as evidenced by, among other things, the accompanying signed Certification and loss chart, the Pension Fund incurred losses of approximately $3.35 million on its transactions in Amarin securities in reliance on

- 7 -

defendants' materially false and misleading statements. *See* Seeger Decl., Exs. B, C. To the best of the Pension Fund's counsel's knowledge, there are no other plaintiffs with a larger financial interest. Accordingly, the Pension Fund satisfies the PSLRA's prerequisite of having a significant financial interest in the Related Actions. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).

### c. The Pension Fund Otherwise Satisfies Rule 23's Requirements

According to the PSLRA, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii); *see In re Cendant Corp. Litig.*, 264 F.3d 201, 222 (3d Cir. 2001); *Celgene*, 2018 U.S. Dist. LEXIS 165878, at *6. Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class."

Of these four prerequisites, only two – typicality and adequacy – directly address the personal characteristics of the class representative, rather than the class as a whole. Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer

- 8 -

4869-9258-0615.v1

examination of the remaining requirements until the lead plaintiff moves for class certification. *See Celgene*, 2018 U.S. Dist. LEXIS 165878, at \*6 ("In deciding a motion to appoint a lead plaintiff, a court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), 'and defer examination of the remaining requirements until the Lead Plaintiff moves for class certification.'") (citation omitted). The Pension Fund satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying its appointment as lead plaintiff in the Related Actions.

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. In making the *prima facie* determination of typicality, the Court should apply traditional Rule 23 principles, including whether the circumstances of the movant with the largest losses "'are markedly different or the legal theory upon which the claims [of that movant] are based differ[] from that upon which the claims of other class members will perforce be based.'" *Cendant*, 264 F.3d at 265 (citation omitted) (alterations in original). Thus, typicality exists if claims "arise from the same event or course of conduct that gave rise to the claims of the other class members and are premised upon the same legal theory." *In re Party City Sec. Litig.*, 189 F.R.D. 91, 107 n.13 (D.N.J. 1999). The Pension Fund satisfies this requirement because, "[the Pension Fund], like other members of the proposed class, seeks to recover the losses it allegedly incurred as a result of Defendants' misrepresentations and omissions." *Celgene*, 2018 U.S. Dist. LEXIS 165878, at \*7.

- 9 -

Under Rule 23(a)(4), the representative parties must also "fairly and adequately protect the interests of the class." The PSLRA directs this Court to limit its inquiry regarding the adequacy of the Pension Fund to represent the class to the existence of any conflicts between the interests of the Pension Fund and the members of the class. The Court must evaluate adequacy of representation by considering whether the Pension Fund "'has the ability and incentive to represent the claims of the class vigorously, [whether it] has obtained adequate counsel, and [whether] there is [a] conflict between [the movant's] claims and those asserted on behalf of the class.'" *Cendant*, 264 F.3d at 265 (citation omitted) (alterations in original).

Here, the Pension Fund meets these requirements. As evidenced by the injuries suffered by the Pension Fund in purchasing Amarin securities at prices allegedly artificially inflated by defendants' materially false and misleading statements, and by the injury it suffered based on materially false and misleading statements, the interests of the Pension Fund are clearly aligned with the interests of the class. Indeed, "given its substantial financial losses, it is interested in vigorously pursuing the claims asserted against Defendants." *Celgene*, 2018 U.S. Dist. LEXIS 165878, at *7.

The Pension Fund is a sophisticated institutional investor with nearly $15 billion in assets under management overseen for the benefit of more than 270,000 participants. The Pension Fund has experience fulfilling the requirements and

- 10 -

responsibilities of being a lead plaintiff in a securities class action and is willing to

undertake those responsibilities on behalf of the putative class in this case.

Finally, the Pension Fund has retained competent and experienced counsel to

prosecute these claims. Accordingly, the Pension Fund *prima facie* satisfies each of

the PSLRA's requirements and should be appointed Lead Plaintiff.

### C. The Court Should Approve the Pension Fund's Choice of Counsel

Pursuant to the PSLRA, the proposed lead plaintiff shall, subject to Court

approval, select and retain counsel to represent the class it seeks to represent. *See* 15

U.S.C. §78u-4(a)(3)(B)(v). In this regard, the Pension Fund has selected Robbins

Geller to serve as Lead Counsel.

Robbins Geller, a 200-attorney firm with offices nationwide, regularly

represents clients in complex class action litigation. The Firm's securities department

includes numerous trial attorneys and many former federal and state prosecutors, and

utilizes an extensive group of in-house experts to aid in the prosecution of complex

securities issues.[2]

District courts throughout the country, including this District, have noted

Robbins Geller's reputation for excellence, which has resulted in the appointment of

Robbins Geller attorneys to lead roles in hundreds of complex class action securities

---

[2] For a detailed description of Robbins Geller's track record, resources, and
attorneys, please *see* https://www.rgrdlaw.com. A copy of Robbins Geller's firm
resume is available upon the Court's request, if preferred.

- 11 -

cases. *See, e.g.*, *In re Valeant Pharm. Int'l, Inc. Sec. Litig.*, No. 3:15-cv-07658-MAS-LHG, ECF No. 67 (D.N.J. May 31, 2016) (appointing Robbins Geller as lead counsel in securities case); *Hall v. Johnson & Johnson*, No. 3:18-cv-01833-FLW-TJB, ECF No. 20 (D.N.J. Nov. 26, 2018) (appointing Robbins Geller as lead counsel in securities case); *In re Novo Nordisk Sec. Litig.*, No. 3:17-cv-00209-BRM-LHG, ECF No. 42 (D.N.J. June 1, 2017) (appointing Robbins Geller, along with co-counsel, as lead counsel in securities class action case).

Notably, the Pension Fund selected in this case a law firm which had obtained a historic $1.21 billion settlement before this Court in *Valeant*, No. 3:15-cv-07658-MAS-LHG, the largest securities class action settlement ever against a pharmaceutical manufacturer, and the ninth largest securities class action settlement ever. Additionally, Robbins Geller has obtained the largest securities fraud class action recoveries in the Fifth, Sixth, Seventh, Eighth, Tenth, and Eleventh Circuits.[3]  And,

---

[3]   *See In re Enron Corp. Sec. Litig.*, No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion recovery is largest securities class action recovery in U.S. history and in the Fifth Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) ($600 million recovery is the largest securities class action recovery in the Sixth Circuit); *Lawrence E. Jaffe Pension Plan v. Household Int'l Inc.*, No. 1:02-cv-05893 (N.D. Ill.) ($1.575 billion recovery is the largest securities class action recovery following a trial as well as the largest securities class action recovery in the Seventh Circuit); *In re UnitedHealth Grp. Inc. Sec. Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) ($925 million recovery is the largest securities class action recovery in the Eighth Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery is the largest securities class action recovery in the Tenth Circuit); *In re HealthSouth Corp. Sec. Litig.*, No. 2:03-cv-

- 12 -

while trials in shareholder class actions are rare, Robbins Geller has tried several cases to verdict, most recently a February 2019 trial in *HsingChing Hsu v. Puma Biotechnology, Inc.*, No. 8:15-cv-00865-AG-JCG (C.D. Cal.), where the jury returned a verdict for plaintiff, finding that defendants Puma Biotechnology, Inc. and its CEO committed securities fraud.

As such, the Court may be assured that, in the event this motion is granted, the members of the class will receive the highest caliber of legal representation available from Robbins Geller. Because the Pension Fund's selection of Robbins Geller is reasonable, its motion should be granted.

## IV. CONCLUSION

For all the foregoing reasons, the Pension Fund respectfully requests that the Court: (a) consolidate the Related Actions; (b) appoint the Pension Fund as Lead Plaintiff in the consolidated action; and (c) approve its selection of Lead Counsel.

DATED: December 23, 2021  Respectfully submitted,

SEEGER WEISS LLP
CHRISTOPHER A. SEEGER
CHRISTOPHER L. AYERS

s/ Christopher A. Seeger
CHRISTOPHER A. SEEGER

---

01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the Eleventh Circuit).

- 13 -

4869-9258-0615.v1

55 Challenger Road, 6th Floor
Ridgefield Park, NJ  07660
Telephone:  212/584-0700
212/584-0799 (fax)

Liaison Counsel

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS
JENNIFER N. CARINGAL
MICHAEL ALBERT
JUAN CARLOS SANCHEZ
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
JAMES E. BARZ
FRANK A. RICHTER
200 South Wacker Drive, 31st Floor
Chicago, IL  60606
Telephone:  312/674-4674
312/674-4676 (fax)
jbarz@rgrdlaw.com
frichter@rgrdlaw.com

[Proposed] Lead Counsel for [Proposed]
Lead Plaintiffs

- 14 -

4869-9258-0615.v1