**CARELLA, BYRNE, CECCHI, BRODY & AGNELLO, P.C.**
James E. Cecchi
Donald A. Ecklund
5 Becker Farm Road
Roseland, NJ  07068
Telephone: (973) 994-1700

*Liaison Counsel for the Putative Class*

**KESSLER TOPAZ MELTZER & CHECK, LLP**
Matthew L. Mustokoff (*pro hac vice*)
Joshua A. Materese
Margaret E. Mazzeo
Austin W. Manning (*pro hac vice*)
Dylan J. Isenberg (*pro hac vice*)
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706

*Additional counsel on signature page*

*Counsel for Lead Plaintiff Sjunde AP-Fonden and Additional Plaintiffs Ryan R. Firth and Zvia Steinmetz, and Lead Counsel for the Putative Class*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE COINBASE GLOBAL, INC. SECURITIES LITIGATION | Case No. 2:22-cv-04915-BRM-LDW<br><br>Hon. Brian R. Martinotti<br>District Judge<br><br>Hon. Leda D. Wettre<br>Magistrate Judge<br><br>Motion Day: October 21, 2024 |

## MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................... 1

PROCEDURAL HISTORY........................................................................ 3

LEGAL STANDARD................................................................................ 6

ARGUMENT ............................................................................................ 8

I.      Defendants' Motion Improperly Raises New Arguments............................ 8

II.     Defendants Cannot Establish Any Clear Error of Law ................................ 10

CONCLUSION ........................................................................................ 14

i

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)........................................................................................10

*BAPU Corp. v. Choice Hotels Int'l, Inc.*,
   2010 WL 3259799 (D.N.J. Aug. 17, 2010) ..........................................................9

*Barbee v. Amira Nature Foods, Ltd.*,
   2024 WL 626302 (D.N.J. Feb. 14, 2024) .......................................................1, 10

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007).................................................................................10, 11

*Castlerock Mgmt. Ltd. v. Ultralife Batteries, Inc.*,
   114 F. Supp. 2d 316 (D.N.J. 2000)............................................................. 13-14

*Chen v. Missfresh Ltd.*,
   701 F. Supp. 3d 236 (S.D.N.Y. 2023) ...............................................................13

*Cherry v. Borough of Tuckerton*,
   2016 WL 7030428 (D.N.J. Dec. 1, 2016).....................................................*passim*

*City of Warren Police & Fire Ret. Sys. v. Prudential Fin., Inc.*,
   70 F.4th 668 (3d Cir. 2023) ............................................................................12

*In re Coty Inc. Sec. Litig.*,
   2016 WL 1271065 (S.D.N.Y. Mar. 29, 2016)....................................................13

*Estate of Harrison v. Trump Plaza Hotel & Casino*,
   2015 WL 3754996 (D.N.J. June 16, 2015)..........................................................8

*Novak v. Kasaks*,
   216 F.3d 300 (2d Cir. 2000) ...........................................................................12

*In re Qudian Inc. Sec. Litig.*,
   2019 WL 4735376 (S.D.N.Y. Sept. 27, 2019) ...............................................12, 13

*Rich v. State*,
   294 F. Supp. 3d 266 (D.N.J. 2018)............................................................. 2-3, 9

ii

*Shanahan v. Diocese of Camden*,
2014 WL 1217859 (D.N.J. Mar. 21, 2014) ........................................................8

*Tischio v. Bontex, Inc.*,
16 F. Supp. 2d 511 (D.N.J. 1998) .....................................................................1

*Wandel v. Jing Gao*,
590 F. Supp. 3d 630 (S.D.N.Y. 2022) ..............................................................13

**Other Authorities**

Fed. R. Civ. P. 8(a)(2) .........................................................................................10

Lead Plaintiff Sjunde AP-Fonden and Additional Plaintiffs Ryan R. Firth and Zvia Steinmetz submit this Memorandum of Law in Opposition to Defendants' Motion For Reconsideration of the Court's September 5, 2024 Order Granting in Part and Denying in Part Defendants' Motion to Dismiss ("Motion" or "Mot.") (ECF No. 89-1).

## PRELIMINARY STATEMENT

"[R]econsideration is an extraordinary remedy that is granted 'very sparingly.'" *Cherry v. Borough of Tuckerton*, 2016 WL 7030428, at \*3 (D.N.J. Dec. 1, 2016) (Martinotti, J.) (quoting Local Civil Rule 7.1(i) cmt. 6(d)). Defendants' Motion provides no reason for this Court to overturn its prior ruling.

The law is clear that "[a] motion for reconsideration is not an opportunity to raise new matters or arguments that could have been raised before the original decision was made." *Barbee v. Amira Nature Foods, Ltd.*, 2024 WL 626302, at \*2 (D.N.J. Feb. 14, 2024). In other words, "[a] motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple." *Tischio v. Bontex, Inc.*, 16 F. Supp. 2d 511, 532 (D.N.J. 1998). Yet that is precisely what Defendants seek here.

Indeed, the central premise of Defendants' Motion is that the Complaint's proprietary trading allegations failed to satisfy Federal Rule of Civil Procedure ("Rule") 8's liberal pleadings standard. However, Defendants' motion to dismiss

1

("MTD") (ECF No. 78) and reply brief ("Reply") (ECF No. 80) failed to address this issue. In fact, Defendants' motion to dismiss **did not even mention Rule 8** or discuss its requirements. Defendants' Motion underscores this point: none of the cases Defendants now rely on for the argument that Plaintiffs' proprietary trading allegations do not satisfy Rule 8 were cited in their motion to dismiss briefing.

To be sure, the Court's Opinion on the motion to dismiss ("Opinion") (ECF No. 84) explicitly noted that the motion to dismiss briefing "**did not address** whether Plaintiffs' allegations that the Offering Materials[1] omitted material facts as to Coinbase's involvement in proprietary trading of cryptocurrency" were inadequate "under the liberal pleading standard of Rule 8," before ultimately concluding such allegations were sufficient. Opinion at 45, n.30.

In an attempt to circumvent their failure to raise these arguments, Defendants now contend that the Court "overlooked" Defendants' argument that Plaintiffs failed to plead falsity under Rule 8. Mot. 7-8 (citing MTD at 46; Reply at 17-18) (emphasis omitted). But the Court did not "overlook" the conclusory and vague one-line references to which they now point. Quite the contrary, in discussing the holding at issue here, the Court cited and quoted the precise language Defendants claim that it "overlooked." Opinion at 45, n.30 (quoting MTD at 46; Reply at 18). *See Rich v.*

---

[1] Unless otherwise noted all capitalized terms shall have the meanings set forth in the Second Amended Complaint (ECF No. 68).

*State*, 294 F. Supp. 3d 266, 277 (D.N.J. 2018) (Martinotti, J.) (denying motion for reconsideration and reasoning that the "Court did not overlook" an argument but instead "specifically referenced" it "in its . . . Opinion").

Even if the Court were to consider Defendants' belated arguments, their Motion still fails. As the Court correctly concluded, under Rule 8's liberal pleading standard, the Complaint plausibly alleges that Coinbase's proprietary trading statements in the Offering Materials were false and misleading at the time they were made. Defendants thus fail to show that the Court committed any error sufficient to justify reconsideration. The Motion should be denied.

## PROCEDURAL HISTORY

On July 20, 2023, Plaintiffs filed their Second Amended Consolidated Class Action Complaint (the "Complaint" or "SAC") (ECF No. 68). Sections IV to X of the Complaint allege violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"). Sections XI to XV allege strict-liability and negligence claims under Sections 11, 12(a)(2), and 15 the Securities Act of 1933 (the "Securities Act").

As relevant here, Plaintiffs pled that Defendants violated Section 11 of the Securities Act by making false and misleading statements and omissions in their Offering Materials filed in connection with Coinbase's April 14, 2021 Direct Listing. Specifically, Plaintiffs alleged that the Offering Materials contained untrue

3

statements of material fact, and omitted material facts, regarding Coinbase's involvement in proprietary trading of cryptocurrency on its own exchange. SAC ¶ 439.

For example, to assuage market concerns about whether Coinbase would engage in risky and conflict-ridden proprietary trading, Defendants represented in the Offering Materials that "[w]e do not proprietarily trade against our clients," and "we do not plan to engage in regular trading of crypto assets." SAC ¶¶ 18, 467-73, 483-89. Plaintiffs alleged that these statements contained untrue statements of material fact and omitted to state material facts necessary to make the statements not misleading because at the time of the Direct Listing, Coinbase "already intended to engage in proprietary trading." SAC ¶ 490. Indeed, by July 2021—within approximately 2.5 months of making the statements—Coinbase had already formed a business unit to engage in proprietary trading and recruited and hired a team of Wall Street traders to run the unit and engage in for-profit trading on Coinbase's behalf. SAC ¶¶ 474, 490.[2]

In their motion to dismiss the Complaint, Defendants argued that the Section 11 claims were "subject to Rule 9(b)'s heightened pleading standard." MTD at 46. Defendants' motion to dismiss did not even mention, let alone grapple with, the

---

[2]    Plaintiffs alleged that these same statements were false and misleading in violation of Section 10(b) of the Exchange Act. *See, e.g.*, §§ IV.I., V.B.

standard for pleading claims under Rule 8. Nor did Defendants argue that Plaintiffs' proprietary trading allegations failed to state a claim under Rule 8's liberal notice pleading requirements. Instead, Defendants—in a single sentence—claimed that "Plaintiffs fail to plead the requisite element of material falsity under any standard," without further explanation or argument. *Id.* Defendants then referred the Court back to their earlier argument that Plaintiffs' Section 10(b) claims failed to meet Rule 9(b)'s heightened pleading standard. *Id.*[3]

In opposing Defendants' motion to dismiss, Plaintiffs argued that "the liberal notice pleading requirements of Rule 8 apply" to the Section 11 claims and that the Complaint satisfied that standard. ECF No. 79 (Plaintiffs' Opposition to MTD, "Opp.") at 47. In their Reply, Defendants made a passing reference to Rule 8, but otherwise omitted any argument about the adequacy of Plaintiffs' proprietary trading claims under Rule 8. ECF No. 80.

On September 5, 2024, the Court issued its Opinion and Order. ECF Nos. 84, 85. With respect to the Section 11 claims, the Court rejected Defendants' argument that Rule 9(b)'s heightened pleading standard governed and instead "applie[d] the liberal notice requirements of [Rule] 8." Opinion at 42-45. The Court explained,

---

[3]   Defendants also argued that Plaintiffs failed to plead claims based on undisclosed material risks or trends under Items 105 and 303 of SEC Regulation S-K because the SAC purportedly failed to allege Defendants' contemporaneous knowledge. MTD at 46-47. In so arguing, Defendants again made no mention of Rule 8. *Id.*

however, that the motion to dismiss briefing had failed to address whether the allegations regarding proprietary trading statements in the Offering Materials were sufficient "under the liberal pleading standard of Rule 8." *Id.* at 45, n.30. Rather, the Court noted that the parties' Section 11 briefing "relied in large part upon their arguments detailed above" concerning the Section 10(b) claims *to which Rule 9(b) applies*. *Id.* (quoting MTD at 46, Reply at 18). Ultimately, the Court concluded that when the proper Rule 8 standard was applied, Plaintiffs "sufficiently alleged claims under Section 11." *Id*. at 45.

Defendants now move for reconsideration, arguing that the Court purportedly "overlooked" non-existent arguments for why Plaintiffs' proprietary trading claims failed to satisfy Rule 8. As if to highlight the inherent flaw in this argument, Defendants now include pages of *brand new* arguments and case law that did not appear in their motion to dismiss briefing—and, even if they did, do not support dismissal of Plaintiffs' claims.

## LEGAL STANDARD

"[R]econsideration is an *extraordinary remedy* that is granted very sparingly." *Cherry*, 2016 WL 7030428, at *1 (emphasis added). "A motion for reconsideration 'may not be used to re-litigate old matters, *nor to raise arguments or present evidence that could have been raised prior to the entry of judgment*.'"

6

*Id.* (quoting *P. Schoenfeld Asset Mgmt., LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001)) (emphasis added).

"To prevail on a motion for reconsideration, the moving party must show at least one of the following grounds: '(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.'" *Cherry*, 2016 WL 7030428, at *2 (alteration in original) (citation omitted).

"A court commits clear error of law 'only if the record cannot support the findings that led to the ruling.'" *Id.* (quoting *ABS Brokerage Servs. v. Penson Fin. Servs., Inc.*, 2010 WL 3257992, at *6 (D.N.J. Aug. 16, 2010); and citing *U.S. v. Grape*, 549 F.3d 591, 603-04 (3d Cir. 2008)). "Thus, a party must . . . demonstrate that (1) the holdings on which it bases its request were without support in the record, or (2) would result in 'manifest injustice' if not addressed." *Id.* (alteration in original) (citation omitted). "Moreover, when the assertion is that the Court overlooked something, the Court must have overlooked some dispositive factual or legal matter that was presented to it." *Id.*

"In short, '[m]ere "disagreement with the Court's decision" does not suffice.'" *Id.* (quoting *ABS Brokerage*, 2010 WL 3257992, at *6; and quoting *P. Schoenfeld*, 161 F. Supp. 2d at 353; and citing *U.S. v. Compaction Sys. Corp.*, 88 F. Supp. 2d

339, 345 (D.N.J. 1999) ("Mere disagreement with a Court's decision normally should be raised through the appellate process and is inappropriate on a motion for [reconsideration].")) (brackets in original) (citations omitted).

Here, Defendants "ignore both the legal standard governing motions for reconsideration and the basis of the Court's prior ruling." *Cherry*, 2016 WL 7030428, at *2. Defendants "do not suggest that there has been any intervening change in the controlling law or that there is any new, previously unavailable evidence." *Id.* Instead, Defendants "raise new arguments not previously raised . . . . [n]one of [which] are proper on a motion for reconsideration." *Id*.

## ARGUMENT

### I.      Defendants' Motion Improperly Raises New Arguments

"[N]ew arguments cannot serve as a basis for the Court's reconsideration of its prior [Order]." *Estate of Harrison v. Trump Plaza Hotel & Casino*, 2015 WL 3754996, at *2 (D.N.J. June 16, 2015). The prohibition on raising new arguments in a reconsideration motion is meant "to prevent parties from filing a second motion, with the hindsight provided by the court's analysis, covering issues that should have been raised in the first set of motions." *Shanahan v. Diocese of Camden*, 2014 WL 1217859, at *3 (D.N.J. Mar. 21, 2014) (citations omitted).

The basis for Defendants' Motion is that the Court purportedly erred in holding that Plaintiffs sufficiently alleged Section 11 proprietary trading claims

under Rule 8. But Defendants' motion to dismiss never so much as mentioned Rule 8, let alone explained why Plaintiffs' proprietary trading allegations were insufficient to meet its liberal standard. Moreover, none of the cases Defendants now cite in making their newly-minted Rule 8 arguments ever appeared in Defendants' motion to dismiss briefing. As the Court correctly found, the briefing "did not address whether Plaintiffs' allegations" adequately alleged "Securities Act Claims under the liberal pleading standard of Rule 8." Opinion at 45, n.30. The Motion should be denied on this ground alone. *See BAPU Corp. v. Choice Hotels Int'l, Inc.*, 2010 WL 3259799, at *1 (D.N.J. Aug. 17, 2010) (refusing to consider movant's argument "because it was raised for the first time in this motion for reconsideration").

Defendants' contention that the Court "overlooked" their arguments fares no better. Mot. at 1, 3, 7-9. To the contrary, in discussing the claims at issue, the Court quoted the precise language Defendants claim that it "overlooked." Opinion at 45, n.30 (quoting MTD at 46; Reply at 18). *See Rich*, 294 F. Supp. 3d at 277 (denying motion for reconsideration and noting that the "Court did not overlook" an argument but instead "specifically referenced" it "in its . . . Opinion"); *Cherry*, 2016 WL 7030428, at *3 (denying motion for reconsideration and rejecting argument that the "Court may have overlooked [facts]," noting "[t]he Court disagrees and directs [the

9

movant] to page 18 of the Court's prior [o]pinion wherein those [facts] are quoted verbatim").

At bottom, Defendants' vague one-line reference in their motion to dismiss to "any pleading standard" (Mot. at 1) and allusions to their earlier Rule 9(b) arguments do not explain why—as they now claim—Plaintiffs' proprietary trading allegations are insufficient under Rule 8. Defendants' "attempt to revive [their] previous motion to dismiss with a more detailed argument that was not raised in the first instance is unavailing." *Barbee*, 2024 WL 626302, at *11.

## II.    Defendants Cannot Establish Any Clear Error of Law

Even if the Court were to allow Defendants to litigate arguments they failed to raise in their motion to dismiss, those arguments are meritless. As the Court held, Plaintiffs' Section 11 claims are subject to Rule 8's "liberal notice pleading requirements." Opinion at 45. Rule 8 requires only "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Under this standard, a complaint does not need "detailed factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, a complaint need only "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is ***plausible*** on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570) (emphasis added).

10

The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556. Indeed, as the Supreme Court has explained, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that recovery is very remote and unlikely.'" *Id.*

Here, the Complaint plausibly alleges that Coinbase's proprietary trading statements in the Offering Materials were false and misleading under Section 11 because at the time of Coinbase's April 14, 2021 Direct Listing "Coinbase, in fact, ***already intended to engage in proprietary trading***." SAC ¶ 299 (emphasis added). Specifically, Plaintiffs allege that, within approximately 2.5 months of unequivocally assuring investors that "we do not proprietarily trade against our clients" and "we do not plan to engage in regular trading of crypto assets," Defendants had already set up a crypto trading unit within Coinbase—called Coinbase Risk Solutions—to engage in proprietary trading, and hired a team of former Wall Street traders to engage in the trades. SAC ¶ 490. Given the time and planning involved in forming a new business unit and recruiting and hiring experienced traders to staff it, there is a reasonable inference that, at the time Defendants spoke, plans were already underway for Coinbase to engage in

11

proprietary trading, which rendered Defendants' assurances that Coinbase did not engage in proprietary trading and had no plans to do so false and misleading.

Contrary to Defendants' arguments (Mot. 9-13), post-offering developments can form the basis of Section 11 liability where they give rise to an inference that defendants' statements were false or misleading at the time of the offering. *See In re Qudian Inc. Sec. Litig.,* 2019 WL 4735376, at \*9 n.6 (S.D.N.Y. Sept. 27, 2019) (rejecting a "categorical rule" that "allegations are 'deficient as a matter of law' because they rely 'solely on post-IPO developments'").[4]

In *Qudian*, the plaintiffs alleged that a company's statements in its offering documents that it "'***may*** selectively expand into other credit products . . . such as . . . auto loans,'" were false and misleading because at the time, the company already planned to open a new business line, as demonstrated by the fact that it did just that 2.5 months after the IPO. *Id*. at \*2, 9. The defendants moved to dismiss, arguing that the allegations were "'deficient as a matter of law' because they rely 'solely on post-IPO developments.'" *Id.* at \*9, n.6. The court rejected the argument, holding that the timing of the new business line opening—just 2.5 months after

---

[4]    Even in cases decided under the heightened standards of Rule 9(b), "later developments may allow a reasonable inference that prior statements were untrue or misleading when made." *City of Warren Police & Fire Ret. Sys. v. Prudential Fin., Inc.*, 70 F.4th 668, 693-94 (3d Cir. 2023); *see also Novak v. Kasaks*, 216 F.3d 300, 312-13 (2d Cir. 2000) (inferring from a company's "significant write-off of inventory directly following the Class Period . . . that inventory was seriously overvalued at the time the [] misleading statements were made").

Defendants' statements, sufficed to plausibly plead falsity for the IPO statement under Section 11. *Id.* The court reasoned that "[s]urely if [defendants] had announced . . . [its new auto business] . . . the day after the IPO, a factfinder could conclude that the company misled investors by not disclosing those plans in its offering materials." *Id.* Likewise, where the company opened a new business line 2.5 months after the IPO, the court found that "drawing all reasonable inferences in Plaintiffs' favor . . . from the timing and scale of the opening of [the new business] . . . Plaintiffs' allegations" of falsity "are plausible enough to survive Defendants' motion to dismiss." *Id.*

Here, too, a fact finder could plausibly determine—based on the fact that Coinbase had created and staffed a new proprietary trading business line within approximately 2.5 months of the Direct Listing, that the Company already had plans to engage in proprietary trades when it assured investors that it had no such plans.[5]

---

[5]    In Defendants' cases (Mot. 10-11), by contrast, the allegations were facially insufficient. In *Chen v. Missfresh Ltd.*, 701 F. Supp. 3d 236, 255 (S.D.N.Y. 2023), plaintiffs alleged that offering documents omitted "unsustainable business practices" but failed to describe "what 'unsustainable business practices' they believe[] should have been disclosed." In *Wandel v. Jing Gao*, 590 F. Supp. 3d 630, 642 (S.D.N.Y. 2022), the court dismissed allegations that a company had a duty to disclose risks from the COVID-19 pandemic in mid-January 2020, given that there were only 41 worldwide cases at that point and the plaintiffs failed to allege how defendants had "any more insight as to the impact of COVID-19 than the average person." (Citation omitted). In *In re Coty Inc. Securities Litigation*, 2016 WL 1271065, at *11 (S.D.N.Y. Mar. 29, 2016), the company's recitation of historical sales results— which plaintiffs conceded were accurate—was not rendered misleading by a decline in sales months later. In *Castlerock Mgmt. Ltd. v. Ultralife Batteries, Inc.*, 114 F.

In sum, even if Defendants' newly raised arguments are considered, they do not establish any legal error in the Court's Opinion.

## CONCLUSION

Plaintiffs respectfully submit that Defendants' Motion should be denied.

Dated: October 7, 2024

Respectfully submitted,

**CARELLA, BYRNE, CECCHI,
  BRODY & AGNELLO, P. C.**

*s/ James E. Cecchi*
James E. Cecchi
Donald A. Ecklund
5 Becker Farm Road
Roseland, NJ  07068
Telephone: (973) 994-1700
Facsimile: (973) 994-1744
jcecchi@carellabyrne.com
decklund@carellabyrne.com

*Liaison Counsel for the Putative Class*

**KESSLER TOPAZ
  MELTZER & CHECK, LLP**
Matthew L. Mustokoff (*pro hac vice*)
Joshua A. Materese
Margaret E. Mazzeo
Austin W. Manning (*pro hac vice*)
Dylan J. Isenberg (*pro hac vice*)
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
mmustokoff@ktmc.com

---

Supp. 2d 316, 324-25 (D.N.J. 2000), the plaintiffs did not allege that the statement at issue was "affirmatively false" but instead that it should be read to "imply" a separate assertion—an implication the court held was "unreasonable."

14

jmaterese@ktmc.com
mmazzeo@ktmc.com
amanning@ktmc.com
disenberg@ktmc.com

–and–

Stacey M. Kaplan (*pro hac vice*)
One Sansome Street, Suite 1850
San Francisco, CA 94104
Telephone: (415) 400-3000
skaplan@ktmc.com

*Counsel for Lead Plaintiff Sjunde AP-Fonden and Additional Plaintiffs Ryan R. Firth and Zvia Steinmetz, and Lead Counsel for the Putative Class*

15

## CERTIFICATE OF SERVICE

I, James E. Cecchi, hereby certify that on October 7, 2024, I caused a true and correct copy of the foregoing Memorandum of Law in Opposition to Defendants' Motion for Reconsideration to be filed electronically with the Clerk of the Court using the ECF system. Notice of this filing will be sent to counsel of record by operation of the Court's Electronic Filing System.  I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated: October 7, 2024

*s/ James E. Cecchi*
James E. Cecchi
**CARELLA BYRNE CECCHI BRODY & AGNELLO, P.C.**
5 Becker Farm Road
Roseland, NJ 07068-1739
Telephone: (973) 994-1700
Facsimile: (973) 994-1744
jcecchi@carellabyrne.com

*Liaison Counsel for the Putative Class*

16