**LATHAM & WATKINS LLP**
Andrew B. Clubok (admitted *pro hac vice*)
Susan E. Engel (admitted *pro hac vice*)
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Telephone: (202) 637-2200
andrew.clubok@lw.com
susan.engel@lw.com

Kevin M. McDonough (N.J. Bar No. 41892005)
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
kevin.mcdonough@lw.com

*Additional counsel on signature page*

*Attorneys for Defendants Coinbase Global, Inc.,
Brian Armstrong, Alesia J. Haas,
Emilie Choi, Paul Grewal, Jennifer Jones, Marc Andreessen,
Frederick Ernest Ehrsam III, Kathryn Haun, Kelly Kramer,
Gokul Rajaram, and Fred Wilson*

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN RE COINBASE GLOBAL, INC., SECURITIES LITIGATION | Civil Action No. 2:22-cv-04915-BRM-LDW<br><br>Hon. Brian R. Martinotti<br>Hon. Leda Dunn Wettre<br><br>**Oral Argument Requested**<br><br>**Motion Day**: March 17, 2025 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION TO ENFORCE AUTOMATIC DISCOVERY STAY**

# CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................1

BACKGROUND ..................................................................................2

ARGUMENT .......................................................................................3

    I.      DEFENDANTS' RULE 12(C) MOTION STAYS
          DISCOVERY UNDER THE PSLRA. ........................................3

    II.     THIS COURT'S PRIOR ORDER ALLOWING
          DISCOVERY TO PROCEED DOES NOT ADDRESS
          WHETHER THE FILING OF DEFENDANTS' 12(C)
          MOTION TRIGGERS THE PSLRA'S STAY. .................................9

CONCLUSION ...................................................................................11

i

## TABLE OF AUTHORITIES

**Page(s)**

### CASES

*Ali v. Fed. Bureau of Prisons*,
552 U.S. 214 (2008)..............................................................................................4

*Altimeo Asset Mgmt. v. Qihoo 360 Tech. Co.*,
2022 WL 1663560 (S.D.N.Y. May 25, 2022) ................................................6, 10

*Estate of Cowart v. Nicklos Drilling Co.*,
505 U.S. 469 (1992)..............................................................................................8

*F.D.I.C. v. Morgan Stanley & Co. LLC*,
2012 WL 12894738 (S.D. Tex. Oct. 30, 2012) ................................................5, 6

*Fosbre v. Las Vegas Sands Corp.*,
2012 WL 5879783 (D. Nev. Nov. 20, 2012).........................................................8

*Gardner v. Major Auto. Cos.*,
2012 WL 1230135 (E.D.N.Y. Apr. 12, 2012) ..................................................5, 6

*In re eHealth Inc. Sec. Litig.*,
2023 WL 3951178 (N.D. Cal. June 12, 2023)...............................................4, 7, 8

*In re PlayAGS Inc. Sec. Litig.*,
No. 20-cv-01209 (D. Nev. Mar. 23, 2023) ...........................................................4

*In re Valeant Pharm. Int'l, Inc. Sec. Litig.*,
2021 WL 4539200 (D.N.J. Oct. 4, 2021) .......................................................9, 10

*Joey's Place LLC v. City of Clifton*,
2020 WL 7778066 (D.N.J. Dec. 31, 2020)......................................................4, 6

*Latham v. Stein*,
2010 WL 3294722 (D.S.C. Aug. 20, 2010).........................................................10

*Lewis v. Straka*,
2007 WL 2332421 (E.D. Wis. Aug. 13, 2007)................................................5, 7

*Lian v. Tuya Inc.*,
2024 WL 1932623 (S.D.N.Y. May 2, 2024) ............................................4, 5, 6, 8

ii

*Lyons v. Mendez*,
   303 F.3d 285 (3d Cir. 2002) ..............................................................................7

*Monk v. Johnson & Johnson*,
   2013 WL 436514 (D.N.J. Feb. 5, 2013) .................................................6, 8, 10

*Petrie v. Elec. Game Card, Inc.*,
   761 F.3d 959 (9th Cir. 2014) ..........................................................................6, 8

*S.E.C. v. Coinbase, Inc.*,
   2025 WL 40782 (S.D.N.Y. Jan. 7, 2025) ............................................................2

*Shash v. Biogen Inc.*,
   2024 WL 1415842 (D. Mass. Apr. 2, 2024)..................................................4, 5, 7

*Teamsters Loc. 237 Welfare Fund v. ServiceMaster Glob. Holdings, Inc.*,
   No. 20-cv-02553 (W.D. Tenn. July 1, 2022)......................................................5

*Turner Ins. Agency, Inc. v. Farmland Partners Inc.*,
   No. 18-cv-02104 (D. Colo. Jan. 6, 2020) ............................................................5

*United States v. Gonzales*,
   520 U.S. 1 (1997).................................................................................................4

## STATUTES

15 U.S.C.
   § 77z-2 .......................................................................................................1, 3, 11
   § 78u-4(b)(3)(A) ..................................................................................................5
   § 78u-4(b)(3)(B).....................................................................................1, 3, 6, 7

28 U.S.C. § 1292(b) ..................................................................................................2

Defendants respectfully submit this memorandum of law in support of their motion to enforce the discovery stay imposed by the Private Securities Litigation Reform Act of 1995 (the "PSLRA") pending this Court's adjudication of their Rule 12(c) motion for judgment on the pleadings filed on February 10, 2025.

## PRELIMINARY STATEMENT

This Court granted Defendants leave to file a motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure on January 3, 2025, but declined to stay discovery on the basis of Defendants' announced intent to file that motion. Dkt. 98. Now that Defendants have filed their answer and the Rule 12(c) motion, this motion seeks to enforce the discovery stay imposed automatically under the PSLRA whenever "any motion to dismiss" is actually pending.

A discovery stay is both warranted and automatic under the plain text of the statute, which provides that discovery "shall" be stayed "during the pendency of any motion to dismiss," 15 U.S.C. § 78u-4(b)(3)(B); 15 U.S.C. § 77z-2, regardless of whether that motion is successive or brought pursuant to Rule 12(b) or 12(c). For that reason, courts around the country have unanimously held that the filing of a Rule 12(c) motion, just like the filing of a 12(b) motion, triggers the automatic stay of discovery. In fact, neither Defendants nor Plaintiffs have identified any authority holding that a filed Rule 12(c) motion does not trigger the automatic PSLRA discovery stay. Nor would this case provide grounds for denying the stay even if it

1

were discretionary.  Defendants' 12(c) motion raises an argument not yet ruled upon that the Court expressly contemplated Defendants could raise in a subsequent motion if Plaintiffs did not address it—so there can be no concern about frivolousness or filing the motion for purposes of delay.  Instead, the sufficiency of all of Plaintiffs' allegations is squarely at issue, which is precisely why the PSLRA requires a stay before proceeding with costly discovery.

Accordingly, Defendants request that the Court enforce the mandatory stay.

## BACKGROUND

The Second Amended Complaint alleges securities-law violations based on three discrete and unrelated topics: 1) a new risk factor in Coinbase's May 10, 2022 10-Q about crypto assets in bankruptcy that was added in response to an SEC staff accounting bulletin; 2) an anonymously sourced news article about purported proprietary trading; and 3) the SEC's investigation and enforcement action alleging that Coinbase lists unregistered securities.[1]

Defendants previously moved to dismiss the complaint in its entirety.  The Court granted that motion in part and denied it in part, dismissing Exchange Act claims based on the Proprietary Trading theory and some of the statements under the

---

[1] The SEC's enforcement action is currently stayed pending appeal pursuant to a 28 U.S.C. § 1292(b) certification of the "novel, important legal issue" of whether "transactions involving crypto-assets qualified as investment contracts within the SEC's regulatory purview."  *See S.E.C. v. Coinbase, Inc.*, 2025 WL 40782, at *1, *2 (S.D.N.Y. Jan. 7, 2025).

Bankruptcy Risk theory.  Dkt. 84.  The Court denied the motion as to the rest of the complaint, finding the Securities Act claims were not subject to heightened pleading standards and the remaining Exchange Act claims were sufficiently pled.  But the Court recognized a scienter argument raised by Defendants that "Plaintiffs must allege with particularity on a defendant-by-defendant and statement-by-statement basis that the challenged statements were made with deliberate recklessness."  *Id.* at 31 n.20.  The Court determined that the argument had been raised only on reply and so did not address it, but it held that "Defendants' arguments can be re-raised, if applicable, in a motion to dismiss Plaintiffs' amended pleading."  *Id.*

Plaintiffs did not amend, so Defendants did not have an opportunity to re-raise their scienter arguments in another Rule 12(b)(6) motion.  Instead, Defendants requested and on January 3, 2025, the Court granted leave to file a Rule 12(c) motion raising scienter arguments once Defendants had filed an answer.  Dkt. 98.  Defendants did so on February 10, 2025, filing both an answer and a Rule 12(c) motion that challenges all of Plaintiffs' remaining claims.

## **ARGUMENT**

### I.   **DEFENDANTS' RULE 12(C) MOTION STAYS DISCOVERY UNDER THE PSLRA.**

The PSLRA states that "all discovery and other proceedings shall be stayed during the pendency of *any* motion to dismiss," and that rule applies equally in cases brought under the Securities Act and the Exchange Act.  15 U.S.C §§ 77z-2

3

(Securities Act), 78u-4(b)(3)(B) (Exchange Act) (emphasis added).  The PSLRA's language is both mandatory (*shall be stayed*) and expansive (*any motion to dismiss*). *See Ali v. Fed. Bureau of Prisons*, 552 U.S. 214, 219 (2008) ("We have previously noted that 'read naturally, the word any has an expansive meaning, that is one or some indiscriminately of whatever kind.'" (quoting *United States v. Gonzales*, 520 U.S. 1, 5 (1997))).  Because a Rule 12(c) motion is a "motion to dismiss," *Joey's Place LLC v. City of Clifton*, 2020 WL 7778066, at *4 (D.N.J. Dec. 31, 2020) (Martinotti, J.), its filing triggers the PSLRA discovery stay.

This Court has recognized that except for its timing, a Rule 12(c) motion is no different from a "motion to dismiss" filed under Rule 12(b)(6).  *See id.* ("A motion to dismiss for failure to state a claim under Rule 12(c) is *identical* to one filed under Rule 12(b)(6), except that Rule 12(c) allows for the motion to be filed after the filing of an answer, while Rule 12(b)(6) allows for the motion to be made in lieu of an answer." (emphasis added) (cleaned up and citation omitted)).

Because a 12(c) motion is a "motion to dismiss," courts nationwide have unanimously held that Rule 12(c) motions, like Rule 12(b)(6) motions, trigger the PSLRA discovery stay.  *See Lian v. Tuya Inc.*, 2024 WL 1932623, at *1 (S.D.N.Y. May 2, 2024); *Shash v. Biogen Inc.*, 2024 WL 1415842, at *1-2 (D. Mass. Apr. 2, 2024); *In re eHealth Inc. Sec. Litig.*, 2023 WL 3951178, at *2-3 (N.D. Cal. June 12, 2023); Order, *In re PlayAGS Inc. Sec. Litig.*, No. 20-cv-01209 (D. Nev. Mar. 23,

4

2023), Dkt. 123 at 1; Order Granting Defendants' Joint Motion to Stay, *Teamsters Loc. 237 Welfare Fund v. ServiceMaster Glob. Holdings, Inc.*, No. 20-cv-02553 (W.D. Tenn. July 1, 2022), Dkt. 83 at 5; Minute Order, *Turner Ins. Agency, Inc. v. Farmland Partners Inc.*, No. 18-cv-02104 (D. Colo. Jan. 6, 2020), Dkt. 85 at 2; *F.D.I.C. v. Morgan Stanley & Co. LLC*, 2012 WL 12894738, at *2 (S.D. Tex. Oct. 30, 2012); *Gardner v. Major Auto. Cos.*, 2012 WL 1230135, at *4 (E.D.N.Y. Apr. 12, 2012); *Lewis v. Straka*, 2007 WL 2332421, at *4 (E.D. Wis. Aug. 13, 2007). Neither Plaintiffs nor Defendants have identified any cases holding to the contrary.

For example, in *Shash*, after defendants filed a 12(c) motion, the court granted defendants' motion to stay discovery, finding that plaintiffs "offer[ed] no cases to support their contention that 12(c) motions for judgment on the pleadings should be treated differently from 12(b) motions."  2024 WL 1415842, at *1-2.  To the contrary, the court recognized that "cases from across circuits . . . expressly find that 12(c) and 12(b) motions are equivalent for purposes of [the] PSLRA's discovery stay."  *Id.* at *1; *see also Lian*, 2024 WL 1932623, at *1 (holding that there is no difference between a 12(c) and 12(b) motion under the PSLRA).

The case law accords with the broad and mandatory text of the PSLRA. Section 78u-4(b)(3)(A) states that "[i]n any private action under this chapter, the court shall, on the motion of any defendant, dismiss the complaint if the requirements of paragraphs (1) and (2) are not met." Those "paragraphs (1) and (2)"

5

lay out the PSLRA's heightened pleading requirements.  Section 78u-4(b)(3)(B) then triggers the stay "during the pendency of any motion to dismiss."  This context makes clear that the clause "any motion to dismiss" encompasses any motion that seeks dismissal on the basis of the PSLRA's heightened pleading standards.  A Rule 12(c) motion does exactly that and differs from a Rule 12(b)(6) motion only in its timing.  *See Joey's Place*, 2020 WL 7778066, at *4.  In other words, "whether filed under Rule 12(b)(6) or Rule 12(c), a motion to dismiss asks the court to decide whether the complaint should be 'authoritatively sustained' based solely on the available pleadings" and so the two motions are identical under the PSLRA. *Gardner*, 2012 WL 1230135, at *4; *see also Morgan Stanley & Co.*, 2012 WL 12894738, at *2.

Further, "[i]n view of the PSLRA's expansive language," the filing of a second motion to dismiss equally triggers the PSLRA's mandatory discovery stay. *See Monk v. Johnson & Johnson*, 2013 WL 436514, at *2 (D.N.J. Feb. 5, 2013); *see also Petrie v. Elec. Game Card, Inc.*, 761 F.3d 959, 968 (9th Cir. 2014).  The PSLRA's "categorical language does not leave room" for distinguishing between first and second motions to dismiss.  *See Altimeo Asset Mgmt. v. Qihoo 360 Tech. Co.*, 2022 WL 1663560, at *1 (S.D.N.Y. May 25, 2022).  That includes when that second motion to dismiss is filed under Rule 12(c).  *See*, *e.g.*, *Lian*, 2024 WL 1932623, at *1 (applying discovery stay upon filing of 12(c) motion after 12(b)(6)

6

motion against the same complaint was denied); *Shash*, 2024 WL 1415842, at *1 (applying discovery stay upon filing 12(c) motion after order granting dismissal of same complaint under Rule 12(b)(6) was partially reversed on appeal).  In other words, "a party seeking a motion for judgment on the pleadings is entitled to a PSLRA automatic stay notwithstanding a prior filing of a motion to dismiss." *eHealth*, 2023 WL 3951178, at *2-3 (after Rule 12(b)(6) motion, enforcing discovery stay for Rule 12(c) motion that sought dismissal of a complaint on grounds previously available but not raised where complaint was supplemented only to change the lead plaintiff's name); *see also Lewis*, 2007 WL 2332421, at *4 (applying discovery stay for Rule 12(c) motion that challenged same complaint that had survived 12(b) motion).

Again, that result follows from the unambiguous and mandatory language of the PSLRA.  *See eHealth*, 2023 WL 3951178, at *2-3 (emphasizing the words "shall" and "any" in the text of Section 78u-4(b)(3)(B)).  It is well established that the text of a statute best expresses its purpose.  *See Lyons v. Mendez*, 303 F.3d 285, 293 (3d Cir. 2002) ("the text of the statute is the best expression of the intent of Congress").  Had Congress intended to apply a discretionary rule or one that applies only to the first motion to dismiss, it could have said so—but did not.  "When a statute speaks with clarity to an issue, judicial inquiry into its meaning, in all but the

7

most extraordinary circumstances, is finished." *Estate of Cowart v. Nicklos Drilling Co.*, 505 U.S. 469, 475 (1992).

There are no extraordinary circumstances here that would justify allowing discovery to continue. The PSLRA stay's purpose "is to solidify sufficient pleadings before engaging in costly discovery," which a 12(c) motion does because "a court is concerned with the sufficiency of the complaint in examining a motion for judgment on the pleadings[.]" *eHealth*, 2023 WL 3951178, at *2 (rejecting argument that stay should not apply to "successive" motion to dismiss filed under Rule 12(c)). Here, Defendants' Rule 12(c) motion "advances legal arguments that the Court had not considered when ruling on the prior-filed motion to dismiss and is thus 'neither frivolous nor advanced solely to delay the proceedings.'" *Lian*, 2024 WL 1932623, at *2 (quotation omitted) (rejecting concerns about successive motions to dismiss). The Court specifically acknowledged Defendants' additional scienter arguments and held that Defendants could "re-raise[]" them in a motion to dismiss an amended pleading, to the extent they still applied. Dkt. 84 at 31 n.20. Had Plaintiffs amended, the PSLRA stay would have applied during the pendency of a motion to dismiss that amended complaint. *See*, *e.g.*, *Monk*, 2013 WL 436514, at *2; *Petrie*, 761 F.3d at 968; *Fosbre v. Las Vegas Sands Corp.*, 2012 WL 5879783, at *2-3 (D. Nev. Nov. 20, 2012). The fact that Plaintiffs opted not to amend—and Defendants thus re-

8

raised the same argument through a 12(c) motion instead of a 12(b)(6) motion—provides no basis for disregarding the PSLRA's clear text.

## II. THIS COURT'S PRIOR ORDER ALLOWING DISCOVERY TO PROCEED DOES NOT ADDRESS WHETHER THE FILING OF DEFENDANTS' 12(C) MOTION TRIGGERS THE PSLRA'S STAY.

Defendants previously filed a pre-motion letter announcing an intent to file a Rule 12(c) motion, Dkt. 93 at 3, but had not yet filed the 12(c) motion, or the answer that would allow its filing. Plaintiffs responded that there were no grounds for a 12(c) motion and that discovery should proceed. Dkt. 97. On January 3, 2025, the Court allowed discovery to proceed and also allowed Defendants to file a Rule 12(c) motion. Dkt. 98. But the Court did not address—indeed, it had no need to address—whether discovery would continue if and when Defendants actually filed the 12(c) motion.[2] For all the reasons discussed above, the changed circumstances—namely, the pendency of the 12(c) motion rather than its future prospect—trigger the PSLRA's automatic discovery stay.

None of Plaintiffs' arguments or authorities in opposing Defendants' pre-motion letter suggested that the PSLRA's automatic stay provision would not come back into play once Defendants filed a subsequent motion to dismiss. To the contrary, in *In re Valeant Pharmaceuticals International, Inc. Securities Litigation*

---

[2] Consistent with the Court's text order to commence discovery, Defendants have proceeded with discovery in good faith, including participating in a Rule 26(f) conference with Plaintiffs and serving initial disclosures.

9

(cited Dkt. 97 at 3), the court applied the stay to a securities-fraud class action based on the defendant's announced intent to file a second motion to dismiss, recognizing that "[i]n view of the PSLRA's expansive language, 'the weight of authority holds that discovery must be stayed pending all motions to dismiss' even if an earlier motion to dismiss failed." 2021 WL 4539200, at *11 (D.N.J. Oct. 4, 2021) (quoting *Monk*, 2013 WL 436514, at *2). The special master in that case allowed discovery to proceed only in coordinated individual actions, *where no motion to dismiss of any kind was pending*. *Id.*

And in *Latham v. Stein* (cited Dkt. 97 at 4), the court allowed discovery to proceed against defendants whose motions to dismiss the court had already denied, but continued the stay as to the one defendant whose motion to dismiss was still pending. 2010 WL 3294722, at *1 (D.S.C. Aug. 20, 2010). That decision is contrary to the weight of authority staying discovery until all motions to dismiss are resolved. *See Altimeo Asset Mgmt.*, 2022 WL 1663560, at *1 (finding the PSLRA's unambiguous language did not allow discovery even though court had already found complaint sufficient against all but one defendant). But it is also inapposite here, given that all Defendants have moved to dismiss all claims against them in the Rule 12(c) motion.

Plaintiffs also argued in response to Defendants' pre-motion letter that the purpose of the PSLRA's stay is satisfied once the Court has ruled on the sufficiency

10

of a complaint's allegations.  Dkt. 97 at 3-4.  But even if that argument were sufficient to allow discovery to proceed before the pendency of Defendants' Rule 12(c) motion, it does not address whether the PSLRA nonetheless requires a stay now that Defendants have answered the complaint and filed the motion to dismiss. As discussed *supra*, the PSLRA's text is unmistakably clear that discovery "shall be stayed during the pendency of any motion to dismiss."  15 U.S.C. §§ 77z-2 (Securities Act), 78u-4(b)(3)(B) (Exchange Act).

Accordingly, even though the Court did not find that the PSLRA discovery stay applied before the pendency of Defendants' Rule 12(c) motion to dismiss, the PSLRA's unambiguous language imposes an automatic stay now that the motion is pending.

## CONCLUSION

For the foregoing reasons, Defendants request that the Court enforce the PSLRA's discovery stay pending resolution of Defendants' Rule 12(c) motion.

11

Dated: February 13, 2025          Respectfully submitted,


                                  **LATHAM & WATKINS LLP**

                                  By: */s/ Kevin M. McDonough*
                                  Kevin M. McDonough
                                  1271 Avenue of the Americas
                                  New York, NY 10020
                                  Telephone: (212) 906-1200
                                  kevin.mcdonough@lw.com

                                  Andrew B. Clubok (admitted *pro hac vice*)
                                  Susan E. Engel (admitted *pro hac vice*)
                                  555 Eleventh Street, NW, Suite 1000
                                  Washington, D.C. 20004
                                  Telephone: (202) 637-2200
                                  andrew.clubok@lw.com
                                  susan.engel@lw.com

                                  Morgan E. Whitworth (admitted *pro hac vice*)
                                  505 Montgomery Street, Suite 2000
                                  San Francisco, CA 94111
                                  Telephone: (415) 391-0600
                                  morgan.whitworth@lw.com

                                  *Attorneys for Defendants Coinbase Global, Inc., Brian Armstrong, Alesia J. Haas, Emilie Choi, Paul Grewal, Jennifer Jones, Marc Andreessen, Frederick Ernest Ehrsam III, Kathryn Haun, Kelly Kramer, Gokul Rajaram, and Fred Wilson*

12