**CARELLA, BYRNE, CECCHI, BRODY & AGNELLO, P.C.**
James E. Cecchi
Donald A. Ecklund
5 Becker Farm Road
Roseland, NJ 07068
Telephone: (973) 994-1700

*Liaison Counsel for the Putative Class*

**KESSLER TOPAZ MELTZER & CHECK, LLP**
Matthew L. Mustokoff (*pro hac vice*)
Joshua A. Materese
Margaret E. Mazzeo
Austin W. Manning (*pro hac vice*)
Dylan J. Isenberg (*pro hac vice*)
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706

*Additional counsel on signature page*

*Counsel for Lead Plaintiff Sjunde AP-Fonden and Additional Plaintiffs Ryan R. Firth and Zvia Steinmetz, and Lead Counsel for the Putative Class*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN RE COINBASE GLOBAL, INC. SECURITIES LITIGATION | Case No. 2:22-cv-04915-BRM-LDW<br><br>Hon. Brian R. Martinotti<br>District Judge<br><br>Hon. Leda D. Wettre<br>Magistrate Judge<br><br>Motion Day: March 17, 2025 |

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS'**
**MOTION TO ENFORCE AUTOMATIC DISCOVERY STAY**

# <u>TABLE OF CONTENTS</u>

**Page**

PRELIMINARY STATEMENT ................................................................................ 1

ARGUMENT ........................................................................................................ 2

I.  THE COURT ALREADY DENIED DEFENDANTS' STAY REQUEST ........................................................................................ 2

II.  DEFENDANTS' RULE 12(C) MOTION DOES NOT TRIGGER THE DISCOVERY STAY ........................................................ 3

CONCLUSION .................................................................................................... 10

i

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*In re AGS, Inc. Sec. Litig.*,
2024 WL 581124 (D. Nev. Feb. 12, 2024).......................................................... 4-5

*Altimeo Asset Mgmt. v. Qihoo 360 Tech. Co.*,
2022 WL 1663560 (S.D.N.Y. May 25, 2022) ........................................................6

*Am. Neighborhood Mortg. Acceptance Co., LLC v. CrossCountry Mortg., Inc.*,
2022 WL 19728870 (D.N.J. July 15, 2022) ..........................................................9

*In re eHealth, Inc. Sec. Litig.*,
2023 WL 6390593 (N.D. Cal. Sept. 28, 2023).......................................................5

*F.D.I.C. v. Morgan Stanley & Co. LLC*,
2012 WL 12894738 (S.D. Tex. Oct. 30, 2012) .....................................................6

*Gardner v. Major Auto. Cos.*,
2012 WL 1230135 (E.D.N.Y. Apr. 12, 2012) ....................................................6, 7

*Latham v. Stein*,
2010 WL 3294722 (D.S.C. Aug. 20, 2010)........................................................4, 9

*Lewis v. Straka*,
535 F. Supp. 2d 926 (E.D. Wis. 2008) ............................................................. 5-6

*Monk v. Johnson & Johnson*,
2013 WL 436514 (D.N.J. Feb. 5, 2013) ................................................................4

*Petrie v. Elec. Game Card, Inc.*,
761 F.3d 959 (9th Cir. 2014) ................................................................................6

*In re Salomon Analyst Litig.*,
373 F. Supp. 2d 252 (S.D.N.Y. 2005) ....................................................... 3-4, 8, 9

*SEPTA v. Orrstown Fin. Servs., Inc.*,
335 F.R.D. 54 (M.D. Pa. 2020) ............................................................................3

*Shash v. Biogen Inc.*,
2024 WL 1415842 (D. Mass. Apr. 2, 2024)..........................................................5

*Shash v. Biogen Inc.*,
627 F. Supp. 3d 84 (D. Mass. 2022)....................................................................5

*Teamsters Loc. 237 Welfare Fund v. ServiceMaster Glob. Holdings, Inc.*,
2022 WL 5236833 (W.D. Tenn. Oct. 5, 2022)......................................................5

*Turner Ins. Agency, Inc. v. Farmland Partners Inc.*,
2020 WL 12813551 (D. Colo. Dec. 8, 2020) .......................................................5

*Twp. of Lakewood, N.J. v. Castro*,
2017 WL 1228731 (D.N.J. Apr. 3, 2017)..............................................................3

*In re Valeant Pharms. Int'l, Inc. Sec. Litig.*,
2021 WL 4539200 (D.N.J. Oct. 4, 2021) .............................................................3

**Other Authorities**

Fed. R. Civ. P.12 .............................................................................................*passim*

Lead Plaintiff Sjunde AP-Fonden and Additional Plaintiffs Ryan R. Firth and Zvia Steinmetz (together, "Plaintiffs") submit this Memorandum of Law in Opposition to Defendants' Motion to Enforce Automatic Discovery Stay ("Motion" or "Mot.") (ECF No. 107, 107-1).[1]

## PRELIMINARY STATEMENT

Defendants' motion to stay discovery should be denied. The whole purpose behind the Private Securities Litigation Reform Act of 1995 ("PSLRA") stay is to block access to discovery in frivolous cases—to ensure that the dogs of discovery are not unleashed before a complaint passes muster under the PSLRA's stringent pleading requirements. That purpose has been served here—the Court denied Defendants' motion to dismiss almost six months ago to the day in a thorough fifty-page opinion. *See* ECF No. 84.

Defendants' cited cases do not provide a basis for the Court to retract its January 3, 2025 ruling (ECF No. 98) that discovery shall commence despite Defendants' Federal Rule of Civil Procedure 12(c) ("Rule") motion. Their cases largely involve discovery stays based on dismissal motions against an untested claim, a new party, or after an intervening change of the law. Here, by contrast, Defendants have filed a consecutive dismissal motion against the ***same*** complaint,

---

[1]    Unless otherwise noted, all emphasis is added and all internal citations and quotations are omitted.

1

asserting largely the same arguments, and without any change in the governing law. To our knowledge, no court in this Circuit has been faced with a discovery stay motion under these circumstances. Given that the operative complaint has survived the Court's scrutiny at the Rule 12(b)(6) stage, there is no reason to reinstate the discovery stay.

Defendants' gambit—filing a duplicative Rule 12 motion against the same unamended complaint with no new claims or allegations, in an attempt to further stave off discovery—should not be countenanced. Plaintiffs first filed this case over two years ago, and Plaintiffs' complaint has been sustained. Discovery should proceed.

## ARGUMENT

### I.    THE COURT ALREADY DENIED DEFENDANTS' STAY REQUEST

On December 17, 2024, Defendants filed a letter seeking a pre-motion conference regarding their anticipated motion for judgment on the pleadings. ECF No. 93. In that letter, Defendants also requested that the Court stay all discovery pending the resolution of their forthcoming motion. *Id*. at 3. Although the Court granted Defendants permission to file their Rule 12(c) motion, it expressly denied their request for a discovery stay based on that motion. *See* ECF No. 98 ("Defendants may file their 12(c) motion. ***Discovery will not be stayed*** and the parties shall proceed with a Rule 26 conference."). Notwithstanding this Court's order,

Defendants filed the instant Motion, asking again for a discovery stay pending resolution of their Rule 12(c) motion.

The Court was plainly aware of Defendants' intent to imminently file a Rule 12(c) motion when it ruled that "[d]iscovery will not be stayed." ECF No. 98. Defendants' stay request should be denied again.

## II.   DEFENDANTS' RULE 12(C) MOTION DOES NOT TRIGGER THE DISCOVERY STAY

The PSLRA discovery stay is intended to avoid costly discovery in "lawsuits that have no factual basis." *In re Valeant Pharms. Int'l, Inc. Sec. Litig.*, 2021 WL 4539200, at *9-10 (D.N.J. Oct. 4, 2021); *see also SEPTA v. Orrstown Fin. Servs., Inc.*, 335 F.R.D. 54, 75 (M.D. Pa. 2020) ("The PSLRA provides for a stay of discovery ***until a court sustains the legal sufficiency of a complaint***."), *aff'd*, 12 F.4th 337 (3d Cir. 2021).

Here, the Court has already sustained the sufficiency of Plaintiffs' allegations under the applicable Rule 12(b) standard—the same standard that applies to Defendants' Rule 12(c) motion. *See Twp. of Lakewood, N.J. v. Castro*, 2017 WL 1228731, at *3 (D.N.J. Apr. 3, 2017) (Martinotti, J.) ("[T]he Court applies the same standard to a Rule 12(c) motion as it would to a Rule 12(b)(6)."). Thus, there is no risk that discovery will proceed in a "frivolous" action so as to contravene the purpose of the PSLRA stay provision. *Valeant*, 2021 WL 4539200, at *9-10; *see also In re Salomon Analyst Litig.*, 373 F. Supp. 2d 252, 254-55 (S.D.N.Y. 2005)

3

(stating: "The purpose of the statutory stay is to prevent abusive, expensive discovery in frivolous lawsuits by postponing discovery until after the Court has sustained the legal sufficiency of the complaint . . . . ***In a case where the court already has sustained the legal sufficiency of the complaint, this purpose has been served***"; but imposing discovery stay where Rule 12(c) motion addressed intervening Second Circuit decision on loss causation); *Latham v. Stein*, 2010 WL 3294722, at \*3 (D.S.C. Aug. 20, 2010) (where court denied defendants' motion to dismiss, "the purpose of the statutory stay has been served . . . and discovery should proceed as to [those] defendants").

Defendants' cited authorities do not compel a different conclusion. As an initial matter, Defendants do not cite a single case from within this Circuit addressing the applicability of the PSLRA stay to a successive Rule 12 dismissal motion directed against an already-sustained pleading (like Defendants' Rule 12(c) motion here). Rather, in several of Defendants' cases, the discovery stay was triggered by a dispositive motion that sought dismissal of an amended pleading or a claim or allegation that the court had not previously addressed, or was based on facts not previously before the court. *See Monk v. Johnson & Johnson*, 2013 WL 436514, at \*1 (D.N.J. Feb. 5, 2013) (Rule 12(b)(6) motion to dismiss amended pleading); *In re AGS, Inc. Sec. Litig.*, 2024 WL 581124, at \*2 (D. Nev. Feb. 12, 2024) (Rule 12(c) motion challenging scheme liability claim not adjudicated as part of prior motion to

4

dismiss); *Teamsters Loc. 237 Welfare Fund v. ServiceMaster Glob. Holdings, Inc.*, 2022 WL 5236833, at *2 (W.D. Tenn. Oct. 5, 2022) (same), *aff'd*, 83 F. 4th 514 (6th Cir. 2023); *Shash v. Biogen Inc.*, 2024 WL 1415842, at *1-2 (D. Mass. Apr. 2, 2024) (following remand, Rule 12(c) motion challenging reliance allegations not reached by district court in initially dismissing case (*see Shash v. Biogen Inc.*, 627 F. Supp. 3d 84, 114 (D. Mass. 2022) ("The court . . . need not address this question [of reasonable reliance] where it has already found dismissal warranted on several other grounds."), *aff'd in part, rev'd in part and remanded*, 84 F.4th 1 (1st Cir. 2023)); *In re eHealth, Inc. Sec. Litig.*, 2023 WL 6390593, at *2, 5-6, 8 (N.D. Cal. Sept. 28, 2023) (Rule 12(c) motion predicated on facts set forth in newly-provided judicially noticeable documents); *Turner Ins. Agency, Inc. v. Farmland Partners Inc.*, 2020 WL 12813551, at *1 (D. Colo. Dec. 8, 2020) (Rule 12(c) motion followed voluntary dismissal of named plaintiff and argued only that remaining plaintiffs lacked standing). Here, the Court previously ruled on the sufficiency of each of Plaintiffs' claims and Plaintiffs have not amended their complaint, and Defendants fail to cite any new facts that were not previously before the Court so as to warrant reimposition of the stay.

Lewis v. Straka, also cited by Defendants, is equally inapposite as the Rule 12(c) motion at issue in that case was premised on an intervening change in the pleading requirements established by the Supreme Court in *Tellabs, Inc. v. Makor*

5

*Issues & Rights, Ltd.*, 551 U.S. 308 (2007), which was issued after the court's motion to dismiss ruling. 535 F. Supp. 2d 926 (E.D. Wis. 2008). Thus, unlike here, there was a real question in *Lewis* as to the viability of the lawsuit at the time the court implemented the stay.

Defendants also rely on cases where the motion triggering the discovery stay was the *first* dismissal motion filed by one or more of the defendants—again, not the situation here where the complaint has already survived a motion to dismiss filed by all Defendants. *See Petrie v. Elec. Game Card, Inc.*, 761 F.3d 959, 962-64 (9th Cir. 2014); *Altimeo Asset Mgmt. v. Qihoo 360 Tech. Co.*, 2022 WL 1663560, at *1 (S.D.N.Y. May 25, 2022); *Gardner v. Major Auto. Cos.*, 2012 WL 1230135, at *2, 3 (E.D.N.Y. Apr. 12, 2012).

Thus, in each of Defendants' cited cases, the motion that triggered the PSLRA stay challenged yet-untested pleadings or claims, was based on an intervening change in the law or relevant facts, or was filed by a defendant who had not previously filed a motion to dismiss.[2] Here, by contrast, the Court has already denied Defendants' motion to dismiss the majority of Plaintiffs' claims. Because Plaintiffs

---

[2]    Defendants' reliance on *F.D.I.C. v. Morgan Stanley & Co. LLC*, 2012 WL 12894738 (S.D. Tex. Oct. 30, 2012) is also misplaced. In *F.D.I.C.*, the court expressly held that the PSLRA stay was *not applicable* and instead exercised its inherent power to stay discovery given the defendant's pending motion to remand and motion to transfer, noting, "[i]t will be most efficient for the parties and the courts to focus on resolving these issues before complicated and extensive discovery . . . goes forward." *Id.*, at *2.

6

did not amend their complaint following the Court's order and are proceeding on the same claims that were "authoritatively sustained by the court," the purpose of the discovery stay—prohibiting frivolous suits from proceeding into discovery—has been served. *Gardner*, 2012 WL 1230135, at *3.

Defendants attempt to bring their Rule 12(c) motion within the ambit of their cited authorities by pointing to the fact that the Court did not consider their untimely "group pleading" arguments. Mot. at 8. But this argument too falls short. As the Court noted in its motion to dismiss order, Defendants improperly raised so-called "group pleading" arguments for the first time in their reply brief. ECF No. 84 at 31 n.20. The Court therefore declined to consider these arguments, indicating that they could be "re-raised, if applicable, in a motion to dismiss Plaintiffs' ***amended pleading*.**" *Id*. But Plaintiffs opted ***not*** to amend and to proceed on the same complaint. Thus, the Court's invitation to "re-raise[]" these arguments with respect to an amended pleading is no basis to reimpose the discovery stay.

In any event, Defendants' Rule 12(c) motion is not limited to these previously-waived group pleading arguments. Defendants also rehash arguments that they raised—and the Court rejected—at the Rule 12(b)(6) stage. Specifically, Defendants argue in their Rule 12(c) motion that most of their challenged statements were forward-looking and thus protected by the PSLRA safe harbor. But Defendants made—and lost—this same argument previously. *Compare, e.g.*, ECF No. 103-1

7

(Rule 12(c) motion) at 32 (arguing that Coinbase's statement that "we do not plan to engage in regular trading of crypto assets" is forward looking) with ECF No. 78-1 (MTD) at 25 (statement that "we do not plan to engage in regular trading of crypto assets" is "a quintessential forward-looking statement"). Defendants also repeat their challenge to Plaintiffs' scienter allegations, including the core operations allegations, which the Court already considered and found "persuasive" in ruling on Defendants' motion to dismiss. ECF No. 84 at 33. *Compare* ECF No. 103-1 (Rule 12(c) motion) at 18-19 (challenging core operations allegations) *with* ECF No. 78-1 (MTD) at 39-40 (same).

Defendants' attempt to relitigate these already-rejected challenges to the same complaint does not trigger the PSLRA discovery stay. Discovery in this case was stayed for a year while the parties litigated Defendants' motion to dismiss. Following the Court's motion to dismiss order, Defendants refused to engage in any substantive discussions regarding discovery. *See* ECF No. 97 at 1. Defendants were finally forced to agree to a Rule 26(f) conference following the Court's order denying their request for a discovery stay. ECF No. 98. Further delaying discovery while Defendants re-brief arguments that they already raised and lost—or had every opportunity to raise but didn't—in their motion to dismiss would incentivize securities fraud defendants to hold back arguments and file seriatim dispositive motions in hopes of forestalling discovery for as long as possible. *See Salomon*, 373

8

F. Supp. 2d at 255 ("***To permit defendants indefinitely to renew the stay simply by filing successive motions to dismiss would be to invite abuse. Some judicial discretion to evaluate the desirability of a renewed stay appears to be necessary***."). Such an approach would also increase the amount of time that cases remain on courts' dockets, waste judicial resources in deciding multiple dispositive motions, and prejudice plaintiffs as witnesses' memories continue to fade.[3]

As this Court has stated, "motions to stay discovery are disfavored because when discovery is delayed or prolonged it can create case management problems which impede the court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Am. Neighborhood Mortg. Acceptance Co., LLC v. CrossCountry Mortg., Inc.*, 2022 WL 19728870, at *2 (D.N.J. July 15, 2022) (Wettre, M.J.). Defendants' duplicative motion should not reactivate the discovery stay here given that "the purpose of the statutory stay"—preventing frivolous claims from proceeding to discovery—"has been served." *Salomon*, 373 F. Supp. 2d at 254-55; *Latham*, 2010 WL 3294722, at *3.

---

[3]    Indeed, the mere filing of Defendants' Motion has already stymied discovery here. In their February 14, 2025 responses and objections to Plaintiffs' subpoena— served just one day after Defendants filed their Motion—a third-party (the Crypto Rating Council) objected to the subpoena "on the grounds that discovery is premature until the Court rules on Defendant Coinbase's Motion to Stay."

## CONCLUSION

For the reasons above, Defendants' motion to stay discovery should be denied.

Dated: February 28, 2025

Respectfully submitted,

**CARELLA, BYRNE, CECCHI,
  BRODY & AGNELLO, P. C.**

s/ *James E. Cecchi*
James E. Cecchi
Donald A. Ecklund
5 Becker Farm Road
Roseland, NJ 07068
Telephone: (973) 994-1700
Facsimile: (973) 994-1744
jcecchi@carellabyrne.com
decklund@carellabyrne.com

*Liaison Counsel for the Putative Class*

**KESSLER TOPAZ
  MELTZER & CHECK, LLP**
Matthew L. Mustokoff (*pro hac vice*)
Joshua A. Materese
Margaret E. Mazzeo
Austin W. Manning (*pro hac vice*)
Dylan J. Isenberg (*pro hac vice*)
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056
mmustokoff@ktmc.com
jmaterese@ktmc.com
mmazzeo@ktmc.com
amanning@ktmc.com
disenberg@ktmc.com

–and–

10

Stacey M. Kaplan (*pro hac vice*)
One Sansome Street, Suite 1850
San Francisco, CA 94104
Telephone: (415) 400-3000
Facsimile: (415) 400-3001
skaplan@ktmc.com

*Counsel for Lead Plaintiff Sjunde AP-Fonden and Additional Plaintiffs Ryan R. Firth and Zvia Steinmetz, and Lead Counsel for the Putative Class*

11

# CERTIFICATE OF SERVICE

I, James E. Cecchi, hereby certify that on February 28, 2025, I caused a true and correct copy of the foregoing Memorandum of Law in Opposition to Defendants' Motion to Enforce Automatic Discovery Stay to be filed electronically with the Clerk of the Court using the ECF system. Notice of this filing will be sent to counsel of record by operation of the Court's Electronic Filing System. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated: February 28, 2025

*s/ James E. Cecchi*
James E. Cecchi
**CARELLA BYRNE CECCHI BRODY & AGNELLO, P.C.**
5 Becker Farm Road
Roseland, NJ 07068-1739
Telephone: (973) 994-1700
Facsimile: (973) 994-1744
jcecchi@carellabyrne.com

*Liaison Counsel for the Putative Class*