**LATHAM & WATKINS LLP**
Andrew B. Clubok (admitted *pro hac vice*)
Susan E. Engel (admitted *pro hac vice*)
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Telephone: (202) 637-2200
andrew.clubok@lw.com
susan.engel@lw.com

Kevin M. McDonough (N.J. Bar No. 41892005)
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
kevin.mcdonough@lw.com

*Additional counsel on signature page*

*Attorneys for Defendants Coinbase Global, Inc.,*
*Brian Armstrong, Alesia J. Haas,*
*Emilie Choi, Paul Grewal, Jennifer Jones, Marc Andreessen,*
*Frederick Ernest Ehrsam III, Kathryn Haun, Kelly Kramer,*
*Gokul Rajaram, and Fred Wilson*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE COINBASE GLOBAL, INC., SECURITIES LITIGATION | Civil Action No. 2:22-cv-04915-BRM-LDW <br><br> Hon. Brian R. Martinotti <br> Hon. Leda Dunn Wettre <br><br> **Oral Argument Requested** <br><br> **Motion Day**: March 17, 2025 |

## REPLY IN SUPPORT OF DEFENDANTS'
## <u>MOTION TO ENFORCE AUTOMATIC DISCOVERY STAY</u>

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ............................................................................1

ARGUMENT .....................................................................................................3

    I.      THE COURT HAS NOT DENIED THE STAY. ................................3

    II.     THE PSLRA DISCOVERY STAY NOW APPLIES. .........................3

          1.      Plaintiffs' Proposed Rule Conflicts with the Statutory Text.................................................................4

          2.      Plaintiffs' Attempts to Distinguish the Case Law Fail..............................................................................6

          3.      Defendants' 12(c) Motion Challenges the Viability of This Suit.................................................................10

CONCLUSION................................................................................................12

## TABLE OF AUTHORITIES

**Page(s)**

### CASES

*Altimeo Asset Mgmt. v. Qihoo 360 Tech. Co.*,
2022 WL 1663560 (S.D.N.Y. May 25, 2022) .......................................................9

*FDIC v. Morgan Stanley & Co., LLC*,
2012 WL 12894738 (S.D. Tex. Oct. 30, 2012) ....................................................9

*Gardner v. Major Auto. Cos.*,
2012 WL 1230135 (E.D.N.Y. Apr. 12, 2012) ..................................................5, 9

*In re AGS, Inc. Securities Litigation*,
2024 WL 581124 (D. Nev. Feb. 12, 2024) .........................................................7, 8

*In re eHealth Inc. Sec. Litig.*,
2023 WL 3951178 (N.D. Cal. June 12, 2023) .....................................................6, 7

*In re Facebook, Inc. Sec. Litig.*,
2025 WL 556282 (N.D. Cal. Feb. 19, 2025) .......................................................6

*Joey's Place LLC v. City of Clifton*,
2020 WL 7778066 (D.N.J. Dec. 31, 2020) .........................................................10

*Lian v. Tuya Inc.*,
2024 WL 1932623 (S.D.N.Y. May 2, 2024) ...............................................4, 6, 7

*Monk v. Johnson & Johnson*,
2013 WL 436514 (D.N.J. Feb. 5, 2013) ...........................................................5

*Nat'l Junior Baseball League v. Pharmanet Dev. Grp. Inc.*,
720 F. Supp. 2d 517 (D.N.J. 2010) .................................................................12

*Petrie v. Elec. Game Card, Inc.*,
761 F.3d 959 (9th Cir. 2014) .......................................................................9

*SEC v. Coinbase, Inc.*,
23 Civ. 4738 (S.D.N.Y.) ...........................................................................11

*Shash v. Biogen*,
2024 WL 1415842 (D. Mass. Apr. 2, 2024) .......................................................7, 8

ii

*Snellink v. Universal Travel Grp., Inc.*,
  2015 WL 12818829 (D.N.J. Nov. 4, 2015) .........................................................5

*Teamsters Loc. 237 Welfare Fund v. ServiceMaster Glob. Holdings, Inc.*,
  2022 WL 5236833 (W.D. Tenn. Oct. 5, 2022).................................................7, 8

**STATUTES**

15 U.S.C.
  § 77z-2 ...........................................................................................................3, 4
  § 78u-4(b)(3)(B)...........................................................................................3, 4, 5

Private Securities Litigation Reform Act of 1995 ...........................................*passim*

**RULES**

Fed. R. Civ. P. 8 ...............................................................................................11

Fed. R. Civ. P. 12(b) .......................................................................................4, 6

Fed. R. Civ. P. 12(b)(6)....................................................................................6, 9

Fed. R. Civ. P. 12(c)......................................................................................*passim*

Fed. R. Civ. P. 12(g)(2)......................................................................................6

Fed. R. Civ. P. 16 ...............................................................................................3

Defendants respectfully submit this reply memorandum of law in support of their motion to enforce the discovery stay imposed by the Private Securities Litigation Reform Act of 1995 (the "PSLRA") pending this Court's adjudication of their Rule 12(c) motion for judgment on the pleadings filed on February 10, 2025.

**<u>PRELIMINARY STATEMENT</u>**

Defendants' opening brief showed that the PSLRA discovery stay applies to "any motion to dismiss," including one brought under Rule 12(c). That conclusion is inescapable under the statutory text of the PSLRA, as district courts across the country have held. This Court should join them and enforce the stay.

In response, Plaintiffs first try to avoid the issue by insisting incorrectly the Court already decided it. They then ignore the PSLRA's text and argue that only *certain* 12(c) motions trigger the stay and that Defendants' does not because it supposedly raises no "real question" about the "viability of the lawsuit." Opp. at 6. Plaintiffs are wrong several times over. Their contrived rule is inconsistent with the text of the statute, unsupported by the case law, and spotlights Plaintiffs' strategic attempt to avoid the PSLRA's very demanding scienter requirement by declining the Court's invitation to amend. Plaintiffs' argument is also wrong on its own terms because Defendants' 12(c) motion raises fatal pleading deficiencies in Plaintiffs' Complaint.

1

Plaintiffs cannot distinguish Defendants' cases, every single one of which holds that filing a 12(c) motion automatically triggers the discovery stay. To avoid this conclusion, Plaintiffs argue that only Third Circuit case law matters. But they present no Third Circuit case law that contradicts the litany of out-of-circuit cases Defendants cited—which interprets the same statutory text at issue here.

Finally, even if Plaintiffs' invented rule applied, there can be no question that Defendants' 12(c) motion raises a "real question" about the "viability" of this lawsuit, and Defendants' 12(c) motion still triggers the stay. That is perhaps best shown by Defendants' arguments that the Complaint includes not a single allegation that any Individual Defendant had an intent to defraud when they expressed their views that the SEC's aggressive position about the treatment of digital assets was an unsupported overextension of the securities laws. The SEC itself has now agreed with Defendants' view and terminated its suits against Coinbase and other crypto exchanges, showing (at a minimum) that reasonable minds could have differed from the start about whether the SEC should or would bring suit against Coinbase—and whether any Individual Defendant believed that Coinbase was listing assets within the reach of the securities laws. Discovery should not proceed until the Court has considered Defendants' 12(c) motion, which might well end this case. The Court should enforce the stay.

2

## ARGUMENT

### I.    THE COURT HAS NOT DENIED THE STAY.

Plaintiffs begin by telling the Court it has already decided that Defendants' 12(c) motion does not trigger application of the automatic stay. Opp. at 2-3. But what Plaintiffs miss is that when the Court said, "Discovery will not be stayed," Dkt. 98, there was not yet a pending 12(c) motion. Defendants' subsequent filing of their 12(c) motion represented a critical change in circumstances, because it is the filing of the motion that triggers the automatic discovery stay. And, as Plaintiffs know, Judge Wettre allowed Defendants to file their motion and sua sponte canceled the Rule 16 conference *sine die*. *See* Dkt. 106. Accordingly, the issue of the application of the automatic discovery stay is properly before the Court and can be resolved on full briefing and in view of the current posture of the case.

### II.    THE PSLRA DISCOVERY STAY NOW APPLIES.

As Defendants' initial briefing made clear, the text of the PSLRA, which mandates that discovery be stayed pending "any motion to dismiss," imposed a discovery stay when Defendants filed their 12(c) motion. Mot. at 3-9 (quoting 15 U.S.C. §§ 77z-2 (Securities Act), 78u-4(b)(3)(B) (Exchange Act)). Plaintiffs do not attempt to offer a reading of the PSLRA's text different than Defendants' reading, which courts nationwide have endorsed. Instead, Plaintiffs ignore the text and contend that a 12(c) motion filed after the resolution of a 12(b)(6) motion stays discovery only when there is "a real question . . . as to the viability of the lawsuit."

3

Opp. at 6. That rule is contrary to the text and case law. Plaintiffs do not even cite the statute, let alone suggest there is a textual basis for their suggested rule, which runs counter to what every court to consider the issue has held. Even so, Plaintiffs' rule would not prevent a stay here, because Defendants' 12(c) motion challenges all of Plaintiffs' claims and would dispose of this case.

1.     **Plaintiffs' Proposed Rule Conflicts with the Statutory Text.**

Plaintiffs' proposed rule is at odds with the statutory text. The PSLRA is clear that the discovery stay is triggered by "*any* motion to dismiss." 15 U.S.C. §§ 77z-2 (Securities Act), 78u-4(b)(3)(B) (Exchange Act) (emphasis added). That language provides no basis to distinguish between a 12(b)(6) and 12(c) motion, which even Plaintiffs admit are identical. Opp. at 3. It likewise provides no basis to distinguish between initial and successive motions to dismiss. *See Lian v. Tuya Inc.*, 2024 WL 1932623, at *1 (S.D.N.Y. May 2, 2024) ("Plaintiffs suggest that a Rule 12(c) motion following a Rule 12(b) motion is somehow different from other motions to dismiss. I disagree[.]" (citation omitted)). And it provides no basis to deem a motion to dismiss insufficient to trigger the statute based on a quick look at the motion before briefing is even completed, because the stay otherwise applies when the motion is filed.

Instead, as Defendants have explained, and courts nationwide have agreed, the *only* textual reading that makes sense (and the only one before the Court given

4

Plaintiffs' failure to even cite the relevant statutory provision) is that the language "any motion to dismiss" means what it says and encompasses "any" and all motions to dismiss. Mot. at 3-9 (collecting cases). The clear language does not permit any "except for a Rule 12(c) motion" carve-out, just as there is no carve-out for successive motions. *Id.* at 4-5, 6-8; *see also Gardner v. Major Auto. Cos.*, 2012 WL 1230135, at *3 (E.D.N.Y. Apr. 12, 2012) ("the plain language of the PSLRA does not limit the scope of the automatic stay provision to any particular species of motion to dismiss"). Congress easily could have drafted the rule that Plaintiffs imagine simply by applying the stay to first or initial motions to dismiss, but it did not.[1]

---

[1] In fact, Congress *did* include a release valve to prevent the sort of interminable stay that Plaintiffs presage. *See* Opp. at 8-9. Under the statute, the stay applies "unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party." 15 U.S.C § 78u-4(b)(3)(B). That exception does not apply here, as no party made a motion to invoke it, and regardless, it permits only "particularized discovery" not a wholesale lifting of the discovery stay. *See, e.g.*, *Snellink v. Universal Travel Grp., Inc.*, 2015 WL 12818829, at *3 n.4 (D.N.J. Nov. 4, 2015) (denying exception from stay where "Plaintiffs' request is not accompanied by any supporting authority or discussion as to whether the requested discovery is necessary to preserve evidence or prevent undue prejudice to Plaintiffs"). Nor does the passage of time count as "undue prejudice," which requires more than just the type of aging evidence that necessarily exists *every* time a stay is entered. *See Monk v. Johnson & Johnson*, 2013 WL 436514 at *2 (D.N.J. Feb. 5, 2013) ("[M]ere delay does not constitute undue prejudice, because delay is an inherent part of every stay of discovery required by the PSLRA.").

5

2.      **Plaintiffs' Attempts to Distinguish the Case Law Fail.**

All the case law that Plaintiffs take pains to distinguish nevertheless accords with the statutory text and Defendants' requested relief. These cases—and the one Plaintiffs ignore, *see Lian*, 2024 WL 1932623, at *1—uniformly say that a 12(c) motion, including one that follows "a prior filing of a motion to dismiss," is "any motion to dismiss" for purposes of triggering the PSLRA's stay, *In re eHealth Inc. Sec. Litig.*, 2023 WL 3951178, at *3 (N.D. Cal. June 12, 2023); *see Lian*, 2024 WL 1932623, at *1; *see also* Mot. at 4-5 (collecting cases).[2]

*Lian v. Tuya* is exactly on point. Defendants there filed a Rule 12(c) motion after a partially successful 12(b)(6). As here, Plaintiffs argued that a 12(c) motion "following a Rule 12(b) motion is somehow different from other motions to dismiss." *Lian*, 2024 WL 1932623, at *1. The court disagreed. Plaintiffs also argued that "Defendants filed the 12(c) motion to delay discovery." *Lian*, 2024 WL 1932623, at *2. The court disagreed again because, as here, "the pending 12(c) motion 'advances legal arguments that the Court had not considered when ruling on the prior-filed motion to dismiss.'" *Id.* It said as well that the "decision to grant

---

[2] Since Defendants filed their initial brief, one case has stated, in dicta and without the benefit of briefing on the issue, that a 12(c) motion does not trigger the PSLRA discovery stay. *See In re Facebook, Inc. Sec. Litig.*, 2025 WL 556282, at *1 (N.D. Cal. Feb. 19, 2025). The court there appears to have addressed the question sua sponte and then only in support of its main point that Rule 12(g)(2) barred the defendants from filing a fourth motion to dismiss under Rule 12(b)(6). *Id.*

Defendants leave to file the [12(c)] motion (over Plaintiffs' objection) undercuts the Plaintiffs' argument that the motion is frivolous and was made solely to delay discovery." *Id.* It is unsurprising that Plaintiffs omitted the case; it rejects their arguments at every step.

Plaintiffs say that *eHealth* differs from this case because it involved new judicially noticeable documents. Opp. at 5 (citing *In re eHealth, Inc. Sec. Litig.*, 2023 WL 6390593, at *2, 5-6, 8). That's a distinction without a difference. There is no reason—and Plaintiffs do not offer one—to treat a 12(c) motion raising new facts that a defendant could have provided, but did not, differently than a 12(c) motion that raises new arguments. Under Plaintiffs' rule, the court in *eHealth* should have denied the stay because it had already sustained the sufficiency of the complaint. But the court did the opposite, because Plaintiffs' rule is not the law.

Plaintiffs try to distinguish the myriad other cases that Defendants cite, but their efforts run headlong into a wall of authority applying the plain language of the PSLRA. Plaintiffs argue that *In re AGS, Inc. Securities Litigation*, *Teamsters Local 237 Welfare Fund v. ServiceMaster Global Holdings*, and *Shash v. Biogen* are different because they were based on "a claim or allegation that the court had not previously addressed." Opp. at 4. But none of these decisions turned on that particular procedural posture—and regardless Defendants' 12(c) motion also raises

7

arguments that the Court declined to address and expressly stated could be raised again.

In both *In re AGS, Inc. Securities Litigation* and *Teamsters Local 237 Welfare Fund*, the court reserved judgment on whether a Section 10(b) claim might survive under an inadequately briefed alternative theory. 2024 WL 581124, at *2 (D. Nev. Feb. 12, 2024); *Teamsters Loc. 237 Welfare Fund v. ServiceMaster Glob. Holdings, Inc.*, 2022 WL 5236833, at *1-2 (W.D. Tenn. Oct. 5, 2022). Defendants then moved under Rule 12(c) on that theory and the court stayed discovery. In other words, defendants moved based on an argument previously available that the court had reserved decision on—exactly as Defendants do here. *Shash v. Biogen* is even less helpful to Plaintiffs. There, the district court *and* the First Circuit had sustained the sufficiency of the complaint. *Shash v. Biogen*, 2024 WL 1415842, at *1 (D. Mass. Apr. 2, 2024). Still, Defendants filed a 12(c) motion based on an argument not previously addressed, and the court duly stayed discovery. *Id.*

At any rate, Plaintiffs miss the point with this line of attack. Defendants never claimed that each of their cases arises in the exact posture as this one. Instead, Defendants' cases establish the legal principles relevant to the Court's decision: (i) a 12(c) motion is a "motion to dismiss"; (ii) the stay applies after the filing of *any* motion to dismiss, including a 12(c) motion; and (iii) the stay applies regardless of whether the pending motion to dismiss is the first one made. *See Petrie v. Elec.*

8

*Game Card, Inc.*, 761 F.3d 959, 968 (9th Cir. 2014) ("[T]he bulk of district courts have ruled that filing a motion to dismiss the amended complaint also triggers a stay of discovery."); *Altimeo Asset Mgmt. v. Qihoo 360 Tech. Co.*, 2022 WL 1663560, at *1 (S.D.N.Y. May 25, 2022) (the PSLRA's "categorical language does not leave room" for distinguishing between first and second motions to dismiss); *Gardner*, 2012 WL 1230135, at *4 ("this Court agrees with defendants that a Rule 12(c) motion is a 'motion to dismiss' within the meaning of the PSLRA automatic stay provision"); *FDIC v. Morgan Stanley & Co., LLC*, 2012 WL 12894738, at *2 (S.D. Tex. Oct. 30, 2012) (stating that "[a] motion for judgment on the pleadings under Rule 12(c) may trigger the stay in the same way as a Rule 12(b)(6) motion" before declining to enforce stay because no motion had yet been filed). These principles apply with equal force in this case.

Plaintiffs' attempts to distinguish Defendants' cases just show the varied circumstances in which the PSLRA discovery stay *does* apply, which makes sense because it applies to *any* motion to dismiss. Plaintiffs say that "in each of Defendants' cited cases, the motion that triggered the PSLRA stay challenged yet-untested pleadings or claims, was based on an intervening change in the law or relevant facts, or was filed by a defendant who had not previously filed a motion to dismiss." Opp. at 6-7. One could easily imagine this case being added to their list

9

as one where the motion that triggered the stay presented yet-untested arguments explicitly not ruled on by the district court. *See* Opinion, Dkt. 84 at 31 n.20.

Lastly, Plaintiffs try to brush aside the discovery stay case law as out of circuit. Opp. at 4. But they do not point to any Third Circuit cases suggesting a different result, and the in-circuit cases touching on aspects of Defendants' argument are consistent with the discovery-stay cases Defendants cite. *See Joey's Place LLC v. City of Clifton*, 2020 WL 7778066, at *4 (D.N.J. Dec. 31, 2020) ("[A] motion to dismiss for failure to state a claim under Rule 12(c) is *identical* to one filed under Rule 12(b)(6)[.]" (emphasis added)). There is no authority for Plaintiffs' rule either in or out of Circuit.

### 3.    **Defendants' 12(c) Motion Challenges the Viability of This Suit.**

Finally, even if the Court were to endorse Plaintiffs' proposed rule, this case satisfies it: Defendants' 12(c) motion raises a "real question . . . as to the viability of the lawsuit." Opp. at 6. It does not, as Plaintiffs claim, merely rehash resolved issues. In fact, the Court expressly said that it was *not* considering Defendants' primary 12(c) argument when it resolved Defendants' motion to dismiss. *See* Opinion, Dkt. 84 at 31 n.20.

Defendants' 12(c) motion challenges all of Plaintiffs' claims and argues, among other things, that Plaintiffs have not alleged scienter for any Individual Defendant under any of their theories of fraud. *See* Memorandum of Law in Support

of Defendants' Motion for Judgment on the Pleadings ("12(c) Mot."), Dkt. 103-1 at 13-20 (Bankruptcy Risk statements), 21-31 (Regulatory statements); 31-34 (Proprietary Trading statements).[3]  Consider Plaintiffs' claim that Defendants intentionally misled investors about the likelihood of SEC regulatory action against Coinbase for listing unregistered securities.  Without group pleading, it is clear that each statement merely expressed the speaker's views that the SEC's tactics were over-aggressive.  *See* 12(c) Mot. at 21-30.  Now, the SEC has dropped its parallel enforcement action against Coinbase, *see* Joint Stipulation to Dismiss, and Releases, *SEC v. Coinbase, Inc.*, 23 Civ. 4738 (S.D.N.Y.), Dkt. 176—underscoring that individuals can have differing views about whether that action was ever warranted in the first place (and whether any assets trading on Coinbase are securities) without committing securities fraud.  If this argument and the others are successful, it would dispose of the litigation.

Plaintiffs' claims that Defendants are re-raising old arguments that the Court supposedly rejected misstate the record.  The Court did not analyze any forward-looking statements argument in its initial opinion, as is clear from the fact that

---

[3] Defendants also raise the distinct argument that following the Court's ruling applying the Rule 8 pleading standard to Plaintiffs' Securities Act claims based on Plaintiffs' disavowal of knowing conduct, their claims based on forward-looking statements must be dismissed.  *See* 12(c) Mot. at 15-16.  This argument could not have been raised previously, because it depends on the Court's motion to dismiss decision.

11

Plaintiffs *do not cite* any part of the Court's opinion on this point. *See* Opp. at 7-8. And as for Plaintiffs' claim that the Court already rejected an argument against the core operations doctrine, Opp. at 8, the Court did so in the context of accepting Plaintiffs' group pleading, *see* Dkt. 84 at 33-34 (referring to group-pled allegations that "Defendants acknowledged asset security was vital" in finding the "core operations inference" "further persuasive"). The application of that doctrine necessarily changes once Plaintiffs' group pleading is stripped away. *See Nat'l Junior Baseball League v. Pharmanet Dev. Grp. Inc.*, 720 F. Supp. 2d 517, 556 (D.N.J. 2010).

In short, even under Plaintiffs' misguided rule, Defendants' meritorious 12(c) motion triggers the PSLRA's discovery stay. The Court should enforce that stay.

## <u>CONCLUSION</u>

For these reasons, Defendants request that the Court enforce the PSLRA's discovery stay pending resolution of Defendants' Rule 12(c) motion.

Dated: March 10, 2025                Respectfully submitted,


                                     **LATHAM & WATKINS LLP**

                                     By: */s/ Kevin M. McDonough*
                                     Kevin M. McDonough
                                     1271 Avenue of the Americas
                                     New York, NY 10020
                                     Telephone: (212) 906-1200
                                     kevin.mcdonough@lw.com

                                     Andrew B. Clubok (admitted *pro hac vice*)
                                     Susan E. Engel (admitted *pro hac vice*)
                                     555 Eleventh Street, NW, Suite 1000
                                     Washington, D.C. 20004
                                     Telephone: (202) 637-2200
                                     andrew.clubok@lw.com
                                     susan.engel@lw.com

                                     Morgan E. Whitworth (admitted *pro hac vice*)
                                     505 Montgomery Street, Suite 2000
                                     San Francisco, CA 94111
                                     Telephone: (415) 391-0600
                                     morgan.whitworth@lw.com

                                     *Attorneys for Defendants Coinbase Global, Inc., Brian Armstrong, Alesia J. Haas, Emilie Choi, Paul Grewal, Jennifer Jones, Marc Andreessen, Frederick Ernest Ehrsam III, Kathryn Haun, Kelly Kramer, Gokul Rajaram, and Fred Wilson*

13