**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE COINBASE GLOBAL, INC. SECURITIES LITIGATION | Case No. 2:22-cv-04915 (BRM) (LDW)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is Defendants' Coinbase Global, Inc. ("Coinbase"), Brian Armstrong, Alesia J. Haas, Emilie Choi, Paul Grewal, Jennifer Jones, Marc Andreessen, Frederick Ernest Ehrsam III, Kathryn Haun, Kelly Kramer, Gokul Rajaram, and Fred Wilson's (the "Individual Defendants") (together with Coinbase, "Defendants") Motion for Reconsideration ("Motion") (ECF No. 89) of the Court's Order ("Order") (ECF No. 85) issued on September 5, 2024. Defendants filed this Motion on September 19, 2024 (ECF No. 89), and Plaintiffs filed an Opposition on October 7, 2024 (ECF No. 90). Having reviewed the parties' submissions filed in connection with this motion and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause having been shown, Defendants' Motion for Reconsideration (ECF No. 89) is **DENIED**.

**I.   BACKGROUND**

The factual and procedural background of this matter are well known to the parties and were previously detailed in the Court's Opinion on September 5, 2024. (*See* ECF No. 84.) Accordingly, the Court will only briefly recount such information relevant to this Motion.

This case is a federal securities putative class action on behalf of persons and entities that purchased or otherwise acquired: (i) Coinbase common stock from April 14, 2021, through June

5, 2023, inclusive (the "Class Period"), and were damaged thereby; and (ii) Coinbase common stock in or traceable to Coinbase's Registration Statement and/or Prospectus (collectively, the "Offering Materials"). (ECF No. 68 at 1.) Generally, Plaintiffs allege Defendants misrepresented, concealed, and/or omitted significant, material aspects of Coinbase's business during the Class Period which enabled Defendants to reap financial benefits such as cashing out existing shares at inflated values following Coinbase's public listing. (*See generally*, *id.*) The Court previously granted in part and denied in part Defendants' Motion to Dismiss. (ECF No. 78.) The Court granted that Motion partly by dismissing "[t]he portions . . . of Count I, to the extent it is premised upon the Proprietary Trading Statements and the Bankruptcy Statements that tout customers' trust in Coinbase," while denying the remaining portions. (ECF No. 85.)

## II.   LEGAL STANDARD

While not expressly authorized by the Federal Rules of Civil Procedure, motions for reconsideration are proper pursuant to this District's Local Civil Rule 7.1(i). *See Dunn v. Reed Grp., Inc.*, Civ. No. 08–1632, 2010 WL 174861, at *1 (D.N.J. Jan 13, 2010). The comments to that Rule make clear, however, that "reconsideration is an extraordinary remedy that is granted 'very sparingly.'" L. Civ. R. 7.1(i) cmt. 6(d) (quoting *Brackett v. Ashcroft*, Civ. No. 03-3988, 2003 WL 22303078, *2 (D.N.J. Oct. 7, 2003)); *see also Langan Eng'g & Env't Servs., Inc. v. Greenwich Ins. Co.*, Civ. No. 07–2983, 2008 WL 4330048, at *1 (D.N.J. Sept. 17, 2008) (explaining that a motion for reconsideration under Rule 7.1(i) is "'an extremely limited procedural vehicle,' and requests pursuant to th[is] rule[] are to be granted 'sparingly'") (internal citation omitted); *Fellenz v. Lombard Inv. Corp.*, 400 F. Supp. 2d 681, 683 (D.N.J. 2005).

A motion for reconsideration "may not be used to re-litigate old matters, nor to raise arguments or present evidence that could have been raised prior to the entry of judgment." *P.*

2

*Schoenfeld Asset Mgmt., LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001). Instead, Rule 7.1(i) directs a party seeking reconsideration to file a brief "setting forth concisely the matter or controlling decisions which the party believes the Judge has overlooked." L. Civ. R. 7.1(i); *see also Bowers v. Nat'l Collegiate Athletic Ass'n*, 130 F. Supp. 2d 610, 612 (D.N.J. 2001) ("The word 'overlooked' is the operative term in the Rule.").

To prevail on a motion for reconsideration, the moving party must file the motion within 14 days of the entry of order or judgment showing at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999); *see also N. River Ins. Co. v. CIGNA Reinsurance, Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995) (internal quotations omitted). A court commits clear error of law "only if the record cannot support the findings that led to the ruling." *ABS Brokerage Servs. v. Penson Fin. Servs., Inc.*, No. 09–4590, 2010 WL 3257992, at *6 (D.N.J. Aug. 16, 2010) (citing *United States v. Grape*, 549 F.3d 591, 603–04 (3d Cir. 2008). "Thus, a party must . . . demonstrate that (1) the holdings on which it bases its request were without support in the record, or (2) would result in 'manifest injustice' if not addressed." *Id.* Moreover, when the assertion is that the Court overlooked something, the movant must point to some dispositive factual or legal matter that was presented to the Court. *See* L. Civ. R. 7.1(i).

In short, "[m]ere 'disagreement with the Court's decision' does not suffice." *ABS Brokerage Servs.*, 2010 WL 3257992, at *6 (quoting *P. Schoenfeld*, 161 F. Supp. 2d at 353); *see also United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999) ("Mere disagreement with a court's decision normally should be raised through the appellate process and

3

is inappropriate on a motion for [reconsideration]."); *Florham Park Chevron, Inc. v. Chevron U.S.A., Inc.*, 680 F. Supp. 159, 163 (D.N.J. 1988); *Schiano v. MBNA Corp.*, Civ. No. 05–1771, 2006 WL 3831225, at *2 (D.N.J. Dec. 28, 2006) ("Mere disagreement with the Court will not suffice to show that the Court overlooked relevant facts or controlling law, . . . and should be dealt with through the normal appellate process . . . .") (citations omitted).

### III. DECISION

Defendants move for reconsideration of the Court's Order on the grounds this Court "overlooked Defendants' argument that Plaintiffs failed to plead falsity under any pleading standard" when dismissing the Exchange Act claims pursuant to a contemporaneous falsity argument but not dismissing the Securities Act claims. (ECF No. 89 at 4.) Specifically, Defendants claim "[t]he logic of the Court's contemporaneous falsity analysis requires that the Securities Act proprietary trading claims be dismissed." (*Id.* at 5.) Defendants contend the Court overlooked their argument that the Securities Act claims fail to satisfy Rule 8's pleading standard and insist they successfully demonstrated Plaintiffs failed to properly allege contemporaneous falsity under both Rule 8 and Rule 9(b). (*Id.* at 10, 12.) Ultimately, Defendants believe dismissal of the Securities Act claims is necessary "[b]ecause the contemporaneous falsity ground the Court identified as warranting dismissal of the Exchange Act proprietary trading claims applies with equal force under Rule 8, [meaning] the proprietary trading claims should be dismissed no matter the pleading standard and no matter whether challenged under the Exchange Act or Securities Act." (*Id.* at 6.)

In contrast, Plaintiffs argue this Motion is an attempt by Defendants to circumvent their failure to properly raise arguments as to whether "Plaintiffs' proprietary trading allegations do not satisfy Rule 8." (ECF No. 90 at 2.) Plaintiffs state Defendants' Motion to Dismiss (ECF No. 78) and subsequent Reply (ECF No. 80) "failed to address this issue" and include "none of the cases

4

Defendants now rely on for th[is] argument." (ECF No. 90 at 2.) Plaintiffs argue this Court "did not 'overlook' the conclusory and vague one-line references to which [Defendants] now point. Quite the contrary, in discussing the holding at issue here, the Court cited and quoted the precise language Defendants claim that it 'overlooked.'" (*Id*. (quoting ECF No. 84 at 45, n.30 (quoting ECF Nos. 78 at 46; 80 at 18)).) Plaintiffs assert "Defendants . . . fail to show that the Court committed any error sufficient to justify reconsideration." (*Id.* at 3.)

The Court finds it did not overlook any legal or factual issue in its September 5, 2024 Order. The term "overlooked" in L. Civ. R. 7.1(i) "has been consistently interpreted as referring only to facts and legal arguments that might have reasonably resulted in a different conclusion had they been considered." *Summerfield v. Equifax*, 264 F.R.D. 133, 145 (D.N.J. 2009); *see also Schiano*, 2016 WL 5340508, at *1 ("[W]hen the assertion is that the Court overlooked something, the Court must have overlooked some dispositive factual or legal matter that was presented to it.") (citing L. Civ. R. 7.1(i)). The Court previously reviewed all of Defendants' and Plaintiffs' submissions and acknowledged what was and was not argued or alleged by both parties. (*See* ECF Nos. 84–85.) In particular, the Court highlighted neither party submitted proper arguments on whether the allegations were sufficiently pled under the Rule 8 standard. The Court previously determined:

> The parties relied in large part upon their arguments detailed above, *supra* Section III.A; therefore, the Court does not make lengthy findings here. (ECF No. 78-1 at 46 ("Plaintiffs' allegations fail to show that Defendants made any material false statements, see supra Section I.A., and therefore should be dismissed for the same reasons as the Exchange Act [C]laims." (citations omitted)); ECF No. 79 at 47 ("[F]or the reasons set forth in Sections I.A.1–3 *supra*, the Complaint pleads that Defendants made material statements under either standard."); ECF No. 80 at 18 ("[U]nder either Rule 8 or 9(b), Plaintiffs fail to plead falsity. *Supra* Section I.A.").) Even if the Court applied Rule 9(b)'s heightened pleading standard, Plaintiffs' claims premised upon the Securities Act Defendants' omission of

5

> risks associated with Coinbase's ability to safeguard its customers' crypto assets would survive. *See supra* Section III.A.1.i. As to the Proprietary Trading Statements, the Court held Plaintiffs' relevant allegations did not satisfy the heightened pleading standard applicable for Section 10(b) claims under the Exchange. *See supra* Section III.A.1.ii. However, the parties did not address whether Plaintiffs' allegations that the Offering Materials omitted material facts as to Coinbase's involvement in proprietary trading of cryptocurrency on its own exchange adequately support the Securities Act Claims under the liberal pleading standard of Rule 8. Therefore, the Court does not address this theory of recovery here.

(ECF No. 84 at 45, n.30). The Court made explicit its acknowledgement of Defendants' passing references to Rule 8 or any other standard but stated "the parties did not address . . . the liberal pleading standard of Rule 8." (*Id.*). The Court gave appropriate and careful attention to what Defendants provided in their Motion to Dismiss; thus, reconsideration is not warranted. *See Rich v. State*, 294 F. Supp. 3d 266, 277 (D.N.J. 2018) (denying motion for reconsideration because the "Court did not overlook" an argument, but "specifically referenced" it "in its . . . Opinion"); *see also Cafaro v. HMC Int'l, LLC,* Civ. A. No. 07–2793, 2009 WL 2382247, at *1 (D.N.J. July 30, 2009) (stating when case law is not presented in moving papers, it is not overlooked by court).

Additionally, "new arguments cannot serve as a basis for the Court's reconsideration of its prior [Order]," *Estate of Harrison v. Trump Plaza Hotel & Casino*, Civ. A. No. 12-6683, 2015 WL 3754996, at *2 (D.N.J. June 16, 2015), nor can Defendants "revive [their] previous motion to dismiss with a more detailed argument that was not raised in the first instance." *Barbee v. Amira Nature Foods, Ltd.*, Civ. A. No. 21-12894, 2024 WL 626302, at *11 (D.N.J. Feb. 14, 2024). *See Shanahan v. Diocese of Camden*, Civ. A. No. 12-2898, 2014 WL 1217859, at *3 (D.N.J. Mar. 21, 2014) ("The purpose of the [reconsideration] rule . . . is to encourage parties to present their positions as completely as possible, and to prevent parties from filing a second motion, with the hindsight provided by the court's analysis, covering issues that should have been raised in the first set of motions.") (internal citation omitted); *Red Roof Franchising v. AA Hosp. Northshore,* 937

F. Supp. 2d 537, 543 (D.N.J. 2013) (stating a motion for reconsideration is not "an opportunity for a litigant to raise new arguments or present evidence that could have been raised prior to the initial judgment"); *Tischio v. Bontex, Inc.*, 16 F. Supp. 2d 511, 532 (D.N.J. 1998) (holding "[a] motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple"); *see also Polizzi Meats, Inc. v. Aetna Life & Casualty Co.,* 931 F. Supp. 328, 339 (D.N.J.1996) (stating L. Civ. R. 7.1(i) "explicitly invites counsel to draw the court's attention to decisions which may have been overlooked by the court, not those which were overlooked by counsel"). Plaintiffs are correct that Defendants have now provided more robust arguments and multiple case cites in support of their arguments, neither of which were part of their Motion to Dismiss or subsequent Reply, and which is not allowed when arguing this Motion. (*See* ECF Nos. 78, 80, 89–90.)

Accordingly, Defendants' Motion for Reconsideration is **DENIED**.

IV. **CONCLUSION**

For the reasons set forth above, and for good cause appearing, Defendants' Motion for Reconsideration (ECF No. 89) is **DENIED**. An appropriate order follows.

Date: April 08, 2025

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**