# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

<table>
<tr>
<td>

**Chambers of**
## Leda Dunn Wettre
**United States Magistrate Judge**

</td>
<td>

**Martin Luther King Federal Building**
**& U.S. Courthouse**
**50 Walnut Street**
**Newark, NJ 07101**
**(973) 645-3574**

</td>
</tr>
</table>

May 5, 2025

To:    All counsel of record

### LETTER ORDER

Re:    *In re Coinbase Global, Inc. Securities Litigation*,
       Civil Action No. 22-4915 (BRM) (LDW)

Dear Counsel:

Before the Court is a motion by Coinbase Global, Inc., Brian Armstrong, Alesia J. Haas, Emilie Choi, Paul Grewal, Jennifer Jones, Marc Andreessen, Frederick Ernest Ehrsam III, Kathryn Haun, Kelly Kramer, Gokul Rajaram, and Fred Wilson (collectively, "Defendants") to enforce the Private Securities Litigation Reform Act ("PSLRA") automatic discovery stay.   (ECF 107, 115). Lead Plaintiff Sjunde AP-Fonden and additional plaintiffs Ryan R. Firth and Zvia Steinmetz (collectively, "Plaintiffs") oppose the motion.   (ECF 111).   This motion is decided without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure.   Having considered the parties' written submissions, Defendants' motion to enforce the automatic discovery stay is **GRANTED**.

Briefly, in a Second Amended Complaint dated July 20, 2023, Lead Plaintiff asserted securities fraud claims pursuant to the Securities Exchange Act of 1934 and the Securities Act of 1933 premised on allegedly false and misleading statements and omissions of material fact regarding: (1) risks associated with Coinbase's ability to safeguard crypto assets in the event of bankruptcy; (2) Coinbase's proprietary trading of crypto assets; and (3) regulatory risks.   (ECF 68).   Defendants moved to dismiss the Second Amended Complaint in its entirety.   (ECF 78). In an Opinion and Order dated September 5, 2024, the Hon. Brian R. Martinotti, U.S.D.J. dismissed parts of the Exchange Act claim but allowed the remaining claims to proceed.   *In re Coinbase Global, Inc. Sec. Litig.*, 22-cv-4915 (BRM), 2024 WL 4053009 (D.N.J. Sept. 5, 2024). In so ruling, Judge Martinotti declined to consider certain arguments regarding group pleading and scienter that Defendants raised for the first time in their reply brief, but noted that those "arguments can be re-raised, if applicable, in a motion to dismiss Plaintiffs' amended pleading."   *Id.* at \*14 n.20.   Although Plaintiffs were granted leave to file a Third Amended Complaint, they opted not to do so.   (ECF 92).   Consequently, Defendants sought leave to file a Rule 12(c) motion for judgment on the pleadings in an effort to obtain adjudication of their scienter arguments on the merits.   (ECF 93).   By Order dated January 3, 2025, Judge Martinotti granted Defendants leave to file the motion and further stated that "[d]iscovery will not be stayed, and the parties shall

proceed with a Rule 26 conference." (ECF 98). Following the filing of the Rule 12(c) motion on February 10, 2025, Defendants sought and received leave of Court to file the instant motion to enforce the PSLRA discovery stay until the 12(c) motion has been adjudicated. (ECF 104, 105, 106).

In an effort to protect defendants from the burden and expense of undertaking discovery on frivolous securities fraud claims, Congress included a provision in the PSLRA requiring a stay of discovery until "the court has sustained the legal sufficiency of the complaint." S. Rep. No. 104-98, at 14 (1995), *reprinted in* 1995 U.S.C.C.A.N. 679, 693. Specifically, the PSLRA provides that "all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party." 15 U.S.C. § 78u-4(b)(3)(B). The PSLRA discovery stay is "automatic." *Chadbourne & Parke LLP v. Troice*, 571 U.S. 377, 383 (2014). There is no dispute that the filing of Defendants' motion to dismiss the Second Amended Complaint triggered the PSLRA discovery stay. However, Plaintiffs object to continuing the stay of discovery during the pendency of a successive Rule 12(c) motion for judgment on the same pleading.

While there is no Third Circuit authority directly on point, courts across the country have construed the PSLRA broadly to automatically stay discovery upon the filing of:

(1) a Rule 12(c) motion. *See, e.g.*, *Gardner v. Major Auto. Cos.*, 11-cv-1664 (RLM), 2012 WL 1230135, at *4 (E.D.N.Y. Apr. 12, 2012) (finding that "a Rule 12(c) motion is a 'motion to dismiss' within the meaning of the PSLRA automatic stay provision"); and

(2) a successive motion to dismiss an amended pleading following adjudication of a prior motion to dismiss. *See, e.g.*, *Petrie v. Elec. Game Card, Inc.*, 761 F.3d 959, 968 (9th Cir. 2014) ("When an amended complaint is filed after an earlier complaint has been upheld (at least in part), the bulk of district courts have ruled that filing a motion to dismiss the amended complaint also triggers a [PSLRA] stay of any discovery."); and, most relevant here,

(3) a successive Rule 12(c) motion following adjudication of a Rule 12(b) motion to dismiss. *See, e.g.*, *Lian v. Tuya Inc.*, 22-cv-6792 (RFT), 2024 WL 1932623, at *1 (S.D.N.Y. May 2, 2024) (finding that Rule 12(c) motion filed after 12(b)(6) motion triggered PSLRA discovery stay and noting that "Plaintiffs suggest that a Rule 12(c) motion following a Rule 12(b) motion is somehow different from other motions to dismiss. I disagree . . ."); *Shash v. Biogen Inc.*, 21-cv-10479 (IT), 2024 WL 1415842, at *1 (D. Mass. Apr. 2, 2024) (granting motion to enforce PSLRA discovery stay where defendant filed Rule 12(c) motion against same pleading previously dismissed but partially reinstated on appeal); *In re eHealth Inc. Sec. Litig.*, 20-cv-02395 (LJC), 2023 WL 3951178, at *3 (N.D. Cal. June 12, 2023) ("[A] party seeking . . . judgment on the pleadings is entitled to a PSLRA automatic stay notwithstanding a prior filing of a motion to dismiss.").

2

Plaintiffs have not cited any cases in which a court has allowed discovery to proceed during the pendency of a successive motion for judgment on the pleadings by all defendants. Instead, they contend that the September 5, 2024 Opinion and Order sustained in large part the sufficiency of the Second Amended Complaint such that the purpose of the PSLRA discovery stay has been accomplished and discovery should begin; in Plaintiffs' view, allowing Defendants to prolong the stay of discovery by filing successive Rule 12 motions invites prejudicial delay. Considering that Defendants have filed not only a motion to dismiss and a motion for judgment on the pleadings, but also a motion for reconsideration of the September 5, 2024 ruling on the motion to dismiss and a motion to certify the September 5, 2024 ruling for interlocutory review, (ECF 89, 122), the Court shares Plaintiffs' concern that Defendants are using an extraordinary volume of serial motion practice – at least in part – to stymie discovery.[1] That being said, the Court acknowledges that Judge Martinotti permitted Defendants to raise in a subsequent motion the group pleading and scienter arguments that were improperly raised in their reply brief on the initial motion to dismiss and authorized the filing of the Rule 12(c) motion, over Plaintiffs' objection, as a means to do just that. *See Lian*, 2024 WL 1932623, at *2 (enforcing PSLRA discovery stay pending outcome of successive 12(c) motion, filed with leave of court, that "advances legal arguments that the Court had not considered when ruling on the prior-filed motion to dismiss"). As such, the District Court's review of the sufficiency of the Second Amended Complaint is not yet complete, and the Court is constrained by Congress's mandate that discovery be stayed.

In sum, the plain language of the PSLRA requires a stay of discovery "during the pendency of *any* motion to dismiss," and the weight of authority overwhelmingly supports an interpretation of this provision that extends to a successive Rule 12(c) motion. Accordingly, Defendants' motion to enforce the PSLRA discovery stay (ECF 107) is **GRANTED**.

It is **SO ORDERED**.

_s/ Leda Dunn Wettre_
Hon. Leda Dunn Wettre
United States Magistrate Judge

Orig:　Clerk
cc:　　Hon. Brian R. Martinotti, U.S.D.J.

---

[1] As evidenced by his initial instruction to proceed with discovery pending the outcome of the Rule 12(c) motion, Judge Martinotti also was concerned about further delay in this case. (ECF 98). But his statement was not a preemptive ruling on the merits of this dispute, and, upon further review of the caselaw, the Court recognizes that its discretion to allow the parties to forge ahead with discovery is limited. And while the PSLRA does permit a partial lifting of the automatic stay for "particularized discovery [that] is necessary to preserve evidence or to prevent undue prejudice to that party," 15 U.S.C. § 78u-4(b)(3)(B), Plaintiffs made no attempt to seek relief under this provision.