| | |
|---|---|
| **Kevin M. McDonough** | 1271 Avenue of the Americas |
| Direct Dial: 212.906.1200 | New York, New York 10020-1401 |
| Kevin.McDonough@lw.com | Tel: +1.212.906.1200  Fax: +1.212.751.4864 |
| | www.lw.com |

# LATHAM & WATKINS LLP

September 22, 2025

**VIA ECF**
The Honorable Brian R. Martinotti, U.S.D.J.
United States District Court
Clarkson S. Fisher Federal Building & U.S. Courthouse
402 E. State Street
Trenton, NJ 08608

    Re: *In re Coinbase Global, Inc. Securities Litigation*, 2:22-cv-04915-BRM-LDW

Dear Judge Martinotti:

  On behalf of Defendants Coinbase Global, Inc., Brian Armstrong, Alesia J. Haas, Emilie Choi, Paul Grewal, Jennifer Jones, Marc Andreessen, Frederick Ernest Ehrsam III, Kathryn Haun, Kelly Kramer, Gokul Rajaram, and Fred Wilson (collectively, "Defendants"), we write to advise the Court of recent authority bearing on Defendants' Motion for Judgment on the Pleadings ("Motion"). *See* ECF Nos. 103, 129. The Motion argues, among other things, that Plaintiffs have not pleaded that Defendants made with scienter statements related to the risk of an enforcement action against Coinbase for allegedly listing and selling unregistered securities (the "Regulatory statements"). *See* ECF No. 103-1 at 21-31; ECF No. 129 at 12-14. The Third Circuit's recent decision in *In re Walmart, Inc. Securities Litigation*, 2025 WL 2487776 (3d Cir. Aug. 29, 2025), supports this argument.

  *Walmart* involved a company's disclosures regarding pending civil and criminal investigations. In late 2016, the United States Attorney's Office for the Eastern District of Texas ("EDTX") began investigating Walmart for criminal and civil violations of the Controlled Substances Act in connection with its opioid distribution practices. *Id.* at *1-2. In March 2018, one EDTX prosecutor "informed Walmart of her intention to indict the Company." *Id.* at *2. After a meeting in April 2018 between Walmart and EDTX that "did not resolve 'whether [Walmart's conduct] justified a criminal charge,'" EDTX prosecutors "told Walmart" in May 2018 that "they would 'imminently indict the Company' unless Walmart agreed to a billion-dollar settlement." *Id.* Walmart first disclosed the investigation (but not the "imminent" indictment) on June 4, 2018, and subsequently stated that it "ha[d] also been responding to subpoenas, information requests and investigations from governmental entities related to nationwide controlled substances practices involving the sale of opioids" and could "provide no assurance as to the scope and outcome of these matters and no assurance as to whether its business, financial condition or results of operations will not be materially adversely affected." *Id.* at *10. On August 31, 2018, the Department of Justice ("DOJ") informed Walmart that it would not be criminally prosecuted, but the civil investigation would continue. *Id.* at *2.

  When details about EDTX's investigation and DOJ's declination became public, plaintiffs sued under Section 10(b) of the Exchange Act, arguing that Walmart's disclosures misled investors by omitting the investigations from disclosures of all reasonably possible material liabilities and loss contingencies in its financial statements. *Id.* at *4. The Third Circuit rejected Plaintiffs' claims for several reasons, two of which are pertinent to the Motion. First, Walmart was not

required to disclose the investigation as a source of a potential loss after the EDTX prosecutor told Walmart about her intent to indict Walmart because it "could not predict the outcome of the investigations, what the charges would be, or what a settlement would look like." *Id.* at *10. Second, the challenged statements regarding the investigation were nonactionable opinions. Although Walmart "could have disclosed its full history with government authorities regarding dispensing controlled substances" and chose not to, the challenged statements were inactionable because "Walmart did not need to disclose every fact that went to its opinion" regarding the investigation's uncertain outcome. *Id.* at *11. Walmart also did not mislead investors by declining to state that "Walmart *was*, in fact, violating the [Controlled Substances Act] and engaging in the conduct for which it was being investigated." *Id.* at *12. To the contrary, Walmart "did enough by disclosing its involvement" in legal proceedings and "indicating that its involvement could expose it to substantial penalties." *Id.* (cleaned up) (citation omitted).

*Walmart* underscores the flaws in Plaintiffs' scienter allegations regarding the Regulatory statements. *See id.* ("[f]alsity and scienter are intertwined in many cases"). First, as in *Walmart*, *id.* at *10, Plaintiffs have not pleaded that any Individual Defendant[1] "was in a position to 'predict the outcome of [the SEC's] investigation[],' or any resulting litigation" when any of the Regulatory Statements were made. ECF No. 129 at 14 (quoting *In re Walmart Sec. Litig.*, 2024 WL 1513532, at *9 (D. Del. Apr. 8, 2024)). Second, because a defendant does "enough by disclosing [a company's] involvement" in the investigation and "indicating that its involvement could expose it to substantial penalties," *Walmart*, 2025 WL 2487776, at *12—as Defendants did in this case, *cf.* Statements 51, 52, 64, ¶¶ 340-41, 368—Plaintiffs fail to plead that any Individual Defendant spoke with intent or deliberate recklessness as to whether investors would be misled about the risk of an SEC enforcement action. And third, Defendants' opinion statements that "Coinbase does not list securities," *e.g.*, Statement 53, ¶ 343, are not misleading for allegedly omitting information about CRC scores because Defendants "did not need to disclose every fact that went to its opinion," *Walmart*, 2025 WL 2487776, at *11.

For these reasons, and the additional reasons discussed in Defendants' Motion, the Court should grant the Motion.

We thank the Court for its attention to this issue.

Respectfully submitted,

*/s/ Kevin M. McDonough*

Kevin M. McDonough

cc: All Counsel of Record (via ECF)

---

[1] Capitalized terms not otherwise defined take their meaning from the Motion.