UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____

IN RE: COINBASE GLOBAL, INC.     CIVIL NUMBER:
SECURITIES LITIGATION,

                                 2:22-CV-04915 BRM

_____     PRE-MOTION CONFERENCE


      MARTIN LUTHER KING BUILDING & U.S. COURTHOUSE
      50 WALNUT STREET, NEWARK, NEW JERSEY 07101
      THURSDAY, DECEMBER 11, 2025
      COMMENCING AT 1:30 P.M.


B E F O R E:                 THE HONORABLE BRIAN R. MARTINOTTI,
                             UNITED STATES DISTRICT JUDGE,

A P P E A R A N C E S:


      CARELLA BYRNE CECCHI BRODY & AGNELLO, P.C.
      BY:  DONALD ECKLUND, ESQUIRE
      5 BECKER FARM ROAD,
      ROSELAND, NEW JERSEY 07068
      FOR THE CLASS & THE PLAINTIFFS


      KESSLER TOPAZ MELTZER & CHECK LLP
      BY:  MATTHEW MUSTOKOFF, ESQUIRE
      BY:  MARGARET ELIN MAZZEO, ESQUIRE
      280 KING OF PRUSSIA ROAD,
      RADNOR, PENNSYLVANIA 19087
      FOR THE CLASS & THE PLAINTIFFS

_____

            Laurie A. Engemann, Official Court Reporter
                 Laurie_Engemann@NJD.UScourts.gov
                         (973) 776-7714

            Proceedings recorded stenographically.
     Transcript produced by computer-aided transcription.


**United States District Court**
**District of  New Jersey**

A P P E A R A N C E S: - CONTINUED

        LATHAM & WATKINS LLP
        BY:   KEVIN M. McDONOUGH, ESQUIRE
        BY:   ANDREW CLUBOK, ESQUIRE
        BY:   PETER TROMBLY, ESQUIRE
        1271 AVENUE OF THE AMERICAS,
        NEW YORK, NEW YORK 10020
        FOR THE DEFENDANTS

*United States District Court*
*District of  New Jersey*

(PROCEEDINGS held in open court before

The Honorable BRIAN R. MARTINOTTI,

United States District Judge, at 1:06 p.m.)

THE COURT:  Welcome, counsel.  Your appearances for the record please.

MR. MUSTOKOFF:  Good morning, Your Honor, Matthew Mustokoff, Kessler, Topaz for the class and the plaintiffs.

MS. MAZZEO:  Good afternoon, Your Honor.  Margaret Mazzeo also from Kessler Topaz for the plaintiffs and the class.

MR. ECKLUND:  Good afternoon, Your Honor. Don Ecklund from Carella Byrne, also on behalf of the class.

MR. McDONOUGH:  Good afternoon, Your Honor. Kevin McDonough from Latham & Watkins on behalf of the defendants.

MR. CLUBOK:  Good afternoon, Your Honor. Andrew Clubok, also from Latham & Watkins, on behalf of the defendants.

MR. TROMBLY:  Good afternoon, Your Honor. Peter Trombly, Latham & Watkins, also on behalf of the defendants.

THE COURT:  Okay.  Thank you.  You may be seated.

Madam reporter, welcome.  Thank you for helping out.

Counsel, let me apologize and thank you for your flexibility.  Something happened last week, I had to blow up

our conference.  And nobody wanted to come to court today, so I appreciate you getting here early.

This is a pre-motion conference pursuant to the court's preferences.  The court has decided two motions to dismiss, and each time has granted leave for the plaintiff to file an amended complaint.  I guess the term of art is the third time is a charm.

I have reviewed the amended complaint.  I have reviewed the prior opinions of the court, the letters.  And my inclination is, if a motion were to be filed, it would be denied.

That being said, counsel, I don't think I can refrain or restrain you from filing a motion, but based on your very thorough letters, I don't think it is going anywhere.

Would you like to be heard on that, defense?

MR. CLUBOK:  Yes, Your Honor.

THE COURT:  Please.

MR. CLUBOK:  Should I go to the podium?

THE COURT:  Wherever you want.

MR. CLUBOK:  Okay.

Again, it is Andrew Clubok with Latham & Watkins on behalf of the defendants.  And thank you, Your Honor, for -- obviously, the whole point of this conference is to get --

THE COURT:  Right.

MR. CLUBOK: -- your preview.  And that is supper

helpful to us.

I know you said that three times is the charm.  We hope that when you see our brief you will decide, three strikes and you are out.  But we really are absolutely mindful of Your Honor's prior rulings.

We would be fools to file a motion that is just going to rehash our same arguments and inevitably lead to the same conclusion.  And we appreciate that it will take our friends here like ten minutes to write the response and you five minutes to issue a ruling if we were to do that.

We understand that.  We have no intention of doing that.

Instead we plan to file a targeted motion to dismiss that really goes right to the heart of what we think still are the pleading deficiencies that they have not cured.  And they have not followed your order.  I will give you just a couple of examples very specific.

So, for example, Your Honor, Your Honor in the motion for judgment on the pleadings decision obviously found correctly that you can't just do group pleading.  You have to do specific allegations that satisfy PSLRE requirements for pleading scienter.

Now, what the plaintiffs have done effectively in this amended complaint, and we have red lines; we can show it to you.  I don't think I'm overstating this.  Certainly for

*United States District Court*
*District of  New Jersey*

the vast majority of the complaint, if not the entirety of the complaint is they pled no new, not a single new individual fact that showed contemporaneous actual knowledge or something that would rise to the level of scienter.

Instead what they did, is they took their complaint where previously they had said "defendants" and it is as if they did a Control F, search and replace, and they replaced "defendants" every time in the bankruptcy risk claims where it said "defendants" it now says "Armstrong Haus and Choi."  And now the regulatory risk, every time it said "defendants" it now says "Grewal and Armstrong."

And the problem is, Your Honor, that doesn't change, our problem wasn't that they used the phrase "defendants," which you can always define "defendants" to mean these three or those two.  That wasn't the problem with the prior complaint.  They just used the word defendants and the only fix they have to do is substitute the names.

The problem is what they have typically in a paragraph it would say like defendants knew this.  And they might have in the prior version and continued in the same version, cite one defendant who says something that may or may not satisfy scienter for that one defendant.  They added no new information about the other two.  And you see that pattern over and over throughout the complaint.

So fixing group pleading cannot simply be, okay, now

instead of upfront saying "defendants" means these three people, we will now write those names in and repeat those names throughout.  It has to satisfy the test that the Third Circuit, since your motion to dismiss has now articulated super clearly in two published decisions ongoing Walmart.

And in Handal they really get into details about, you have to let the who, what, where, when, why, and how on a statement by statement basis on a defendant by defendant basis.  That is the legal principle that they say must be applied by a judge analyzing the sufficiency of the pleadings.  And then also the specific facts of Handal are incredibly similar to the facts alleged in the bankruptcy risk section of the complaint.

Then we have Walmart.  And Walmart issues a decision that the Third Circuit had never spoken about before at all in terms of what you have to disclose about a regulatory risk when an enforcer has warned you that there may be, in Walmart's case, a prosecutor said we are going to indict you.  So, it was much more clear than here, where Coinbase is just dealing with a SEC investigation until it turns into something different then they promptly disclosed it.

In Walmart they had actually been told by a prosecutor, We are going to indict you.  Then the Third Circuit looked at that very carefully and said, that

doesn't matter.  What matters is disclosing the investigation. It is all uncertain and until things actually get filed.  And then you disclose things as you go at the proper time.  And that is exactly what Coinbase did here.

And Your Honor looked at -- neither of those cases were available at the original, either of the motion to dismiss stages.  At the MJOP stage we tried to submit Walmart as a supplemental authority.  And Your Honor correctly noted in a pretty lengthy substantive footnote where you said Walmart is all about falsity.  Walmart is not about scienter. The MJOP is all about scienter.  I'm not going to consider it in this MJOP.

Now we are back to a brand new complaint.  The Third Circuit says, makes the old complaints a nullity.  You do get to start fresh.  You are suppose to start fresh and look at it anew, even if it was previously upheld.

Now looking at it anew with the kinds of the Walmart decision of the Third Circuit that specifically says, Hey, it is not false to just disclose there is an investigation and not say, Hey, the prosecutors already told me they are going to indictment.  Which is what happened in Walmart.

Here there is nothing like that.  Here it was, there is an SEC investigation.

There is like five steps before an SEC investigation gets to a challenged action, including the SEC staff is

required to first submit a Wells notice saying that they are going to recommend charges.  They give you a chance to talk it over to try to convince them not to.  Sometimes the commission then rejects it.

In this case the commission originally accepted it but ultimately rejected it.  That case against Coinbase has been dismissed.  The SEC has agreed with Coinbase's view.

So, it's a better case than Walmart, but Walmart is on all four fours with it.  So, that is a flavor of the things what he want to just laser focus on.

I could, again, there is one other example but there is a couple others like this.  There is a whole bunch of defendants that are still in this case.  One of them, for example, is Ms. Choi, Emilie Choi.

And I think the only statement that is left to keep her in this case is a statement where she said -- I could get you the exact language, where she said something to the affect of, for like a year a real question around companies like Coinbase is, How safe are people's keys that unlock their digital wallets.  Right.

For Crypto you have digital wallets, you have electronic, quote, "keys."  And there's a lot of talk in the industry about how safe that is going to be.

And Coinbase over and over again is asked what about your safety to these keys?  What do you think about it?  They

often talk about it.

At one point Ms. Choi is asked about it specifically. She says something that, A, sounds like puffery; but, B, is just really focused on that kind of security threat to people's assets where she says, Well, we have got world class security effectively, okay, in protecting your assets in the context of this key question.

The plaintiffs take that one statement and they say, Well, that is -- because now they have gotten rid of the group pleading.  Before they said "defendants" now they specifically say her name.  There is no new allegations of facts.

When she said that statement somehow she contemporaneously knew about this -- first of all, that she was thinking or should have been thinking about the incredibly remote chance that Coinbase would go bankrupt, since at the time I think Coinbase had seven billion in assets and wasn't remotely facing bankruptcy, or that she was thinking about this arcane principle under bankruptcy law, that she is not a lawyer or being asked about.  She is answering this analyst's question and responding clearly in the context of digital security.

That is what Handal says, Hey when, you are talking about one problem and you speak to it, no reasonable investor could assume you are trying to defraud them by not talking about every other potential problem that might threaten the

issue at hand.

And so I appreciate you letting me go on this long. You can tell I probably can go on longer. I don't want to do that.

We are not rightly filing this thing. We don't want to waste time. Mr. Trombly here does not want to give up his holiday. I promise you.

You know, we do, though, want to very, with hopefully a rifle not a shotgun, focus on why the change in the record, which they have now clarified for the first time what their actual record is. And the change in law, and the clarification, clear clarification for the first time in Third Circuit in Handal, in terms of statement by statement and the facts of Handal. In the lens of the new record and those two new cases, that is what is we are going to focus our entirety of the motions on.

THE COURT: Understand the argument. That is the argument on why they should be able to file even though I can't tell them they can't file even if I wanted to.

Do you stand by your pleading?

MR. MUSTOKOFF: Absolutely, Your Honor. The only point I would make if you just indulge me for a second. The amendment does more than simply change the names or however Mr. Clubok characterized it. We did it two things in the complaint.

First of all, we made sure, to the extent it wasn't done in the prior complaints that every one of the alleged misstatements is attributed to an individual defendant or defendants.  We've now done that.

The complaint has 35 remaining statements.  Every one of them is clearly attributed to a defendant or multiple defendants.

The second thing we did is we did add, we did bolster our scienter allegations.  I'm not going to walk through it. I won't spend the time walking through them here, but if Your Honor takes a look back in chambers at some point --

THE COURT:  But you concede that I can't say you can't file the third amended complaint?

MR. MUSTOKOFF:  Your Honor, what I would say is, I hear the court loud and clear.  You are not going to prevent them from filing a motion.

THE COURT:  Right.

MR. MUSTOKOFF:  I would encourage defendants -- I know they say that they are going to bring a rifle not a shotgun.  I would encourage that they not rehash the holdings on falsity.

THE COURT:  He said they are not going to.

MR. CLUBOK:  Except they said Handal and Walmart have clarified and changed the law.  And also in light of their pleading, what Mr. Mustokoff just said is exactly our point.

*United States District Court*
*District of  New Jersey*

And they previously said "defendants" they had one defendant statement quoted.  We are like, how are you saying all defendants when you just have one defendant's statement quoted.

They have now searched and replaced "defendants" for, like, three defendants.  They still just have the one statement.  That is the kind of thing that we are going to focus on.

THE COURT:  That is fine.  Let's cut to the chase, the reason you are here.  I wanted to give you a heads up as to my inclination.  I can't say my inclination has changed, but I'm also not Pollyannic enough to think that just because I said I'm not going to grant the motion you are going to say, okay, let's move on.

And that's right.  And it is your absolute right.

But the reason we are here is this case, through no fault of anyone with the exception of perhaps me, has not moved forward.  Nor can it move forward.

And the question I have to counsel, really counsel, is:  Are you willing to engage in some discovery, begin some discussions about discovery, even limited discovery on certain issues?  If so, if I don't change my mind, at least we are further ahead.  And if I do change my mind, oh well.

MR. CLUBOK:  Well, Your Honor, first of all, in a nonsecurities case I would say sure.

THE COURT:  Okay.

MR. CLUBOK:  But in a security case with the PSLRA that was enacted 30 years ago in the Clinton administration and it was followed as this court did.  Judge Wettre followed it even with a motion on the pleadings.

There is a reason for that, Judge, because these claims ultimately we think we are going to win.  We hope we will convince you.  We believe in a place called hope.  We still think we might convince you at least some of it --

THE COURT:  That is a nice little twist there.  I got it.  Nobody else is old enough to get it.

You got it?  Okay.

MR. CLUBOK:  I got it.  I'll explain it to Mr. Trombly later what we are talking about.

But, you know, in that context, you know, the reason the PSLR is enacted is so that you don't get to say, Defendants did this.  Here is a specific fact about just one.  Now let me go through discovery and see if I can somehow subject poor Ms. Choi to two more years or even --

THE COURT:  I'm well aware of Judge Wettre's opinion and what the law is.  And my -- I'm not going to say hope -- anticipation was, my Pollyannic thought was maybe you would start the ball rolling in it.  We can't force you to do that.  And you acknowledge that.

MR. MUSTOKOFF:  I would just say, Your Honor, the

purpose of the PSLRA stay is to prevent frivolous suits from getting into discovery.

THE COURT:  Right.

MR. MUSTOKOFF:  Given Your Honor's two prior rulings, which I read to say that the claims have merit, the purpose of the statutory stay has been met here.

Mr. Clubok -- there is 35 statements.  We have clearly attributed each of those 35 statements to a defendant or multiple defendants.  It can't be that the defendants want to challenge all 35 of these statements.

If they were to, I would submit that would be a frivolous motion.  Given that, I do think Your Honor is right to ask whether --

THE COURT:  I can ask.

MR. MUSTOKOFF:  You can ask.

THE COURT:  I can't order.

MR. MUSTOKOFF:  You can encourage.

THE COURT:  I can encourage.  That being said, how long is it going to take you to file your motion?

MR. CLUBOK:  By the way, Your Honor, you can tell we have been -- we have, even with the disagreement on the law, always worked extremely well with our friends across the aisle here.

THE COURT:  Right.

MR. CLUBOK:  We've talked about that.  Normally I

would say three weeks, because of the holidays, if Your Honor could give us to mid-January.

Mr. Mustokoff has already said that is fine with them.  That is the good news.  That's where we have --

THE COURT:  You should have started with that.

MR. CLUBOK:  We always worked together well.  They have agreed we can have to roughly mid-January.

THE COURT:  Okay.  Mid-January to file.  You know what is coming.  Just set up a briefing schedule between --

MR. CLUBOK:  We will work out a briefing schedule and obviously give them whatever time they need, et cetera.

THE COURT:  All right.

Now, the 800 pound gorilla in the room which again is really going to sound counterintuitive in light of what we just have said; But have you talked about resolving the case at all?

MR. MUSTOKOFF:  We haven't to this date, Your Honor, but we are always happy to have a dialogue and see if this is the right time to talk and sit down.

THE COURT:  Let me suggest this.  You have a month, try to at least have one meet and confer.  It could be by telephone.  It could be by Zoom.  Just to see if there is any path toward a resolution.

If there is, that is great.  I don't anticipate them having one, but maybe there is.

And, you know, so we will reconvene.  But I appreciate you accommodating my changing schedule and moving target.  You will work out your scheduling order.  And we will try to get this motion done forthwith.  Not that it is hanging around fully briefed considering it's fully briefed.

MR. CLUBOK:  First of all, thank you, Your Honor.

I have no doubt Mr. Mustokoff and I will have that kind of discussion.  We are always, as he is, always happy to have those discussions.  We think it is smart, regardless, even if the parties are miles apart.

In the spirit of hope and the season, we will try to write a brief that is not repetitive or boring or sounds like something you've seen it all, heard it all before.

THE COURT:  Your work is never boring on both sides.

MR. CLUBOK:  We'll work on that.

THE COURT:  And the good news you are not going to be visited by three ghosts as he's toiling through this motion.

Thank you very much.  Have a great holiday season.  I look forward to your papers.  They are always excellent.  And hope springs eternal.

Okay.  Thank you very much.  Have a great holiday. We are off the record.

(Discussion held off the record.)

(The proceedings are concluded at 11:55 a.m.)

\*          \*          \*

*United States District Court*
*District of  New Jersey*

FEDERAL OFFICIAL COURT REPORTER'S CERTIFICATE

I, Laurie A. Engemann, CCR, CRCR, RPR, **Official Court Reporter of the United States District Court for the District of New Jersey, do hereby certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.**

*/S/ Laurie A. Engemann CCR, CRCR, RPR          January 26, 2026*
*Signature of Official Court Reporter          Date*

***United States District Court***
***District of  New Jersey***