# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

**Chambers of**
**Leda Dunn Wettre**
**United States Magistrate Judge**

**Martin Luther King Federal Building**
**& U.S. Courthouse**
**50 Walnut Street**
**Newark, NJ 07101**
**(973) 645-3574**

September 2, 2026

To: All counsel of record

**LETTER ORDER PURSUANT TO RULE 16.1**

RE: Patel v. Coinbase Global, Inc., et al.
**Civil Action No. 22-4915 (BRM) (LDW)**

Dear Counsel:

An initial scheduling conference shall be conducted telephonically on **November 9, 2026 at 12:00 p.m.** before Magistrate Judge Leda D. Wettre. At the allotted time, counsel are to dial (973) 437-5535, access code 770 910 447#. Counsel are advised that the early disclosure requirements of Fed. R. Civ. P. 26 will be enforced. Therefore, counsel shall immediately exchange the following information without a formal discovery request:

- identities of individuals likely to have knowledge of discoverable facts;
- documents and things in the possession of counsel or the party;
- identities of experts and their opinions;
- insurance agreements in force; and
- statement(s) of the basis for any damages claimed.

At least fourteen (14) days prior to the conference scheduled herein, counsel shall personally meet and confer pursuant to Fed. R. Civ. P. 26(f) and shall submit a discovery plan to the undersigned not later than three business days prior to the conference. The discovery plan shall be submitted jointly and shall be in the form attached.

At the conference, the Court will address scheduling of proposed motions. No motions are to be filed without written permission from the Court, except for motions in lieu of Answer under Federal Rule of Civil Procedure 12 and motions seeking remand that must be filed within thirty days of removal under 28 U.S.C. § 1447(c). If any motions already have been filed, the movant shall

advise the Court immediately, in writing, regarding the nature of the motion and its present status. Counsel may submit unopposed applications for *pro hac vice* admission to Chambers. Counsel should obtain the consent of adverse parties prior to filing the application and shall advise, in both the cover letter and the proposed Order, of such consent. In addition, counsel shall follow the requirements of L. Civ. R. 101.1(c) with regard to the contents of the proposed form of Order and the supporting certifications of local counsel and each proposed *pro hac vice* attorney.

At the conference, all parties who are not appearing *pro se* must be represented by counsel who shall have full authority to bind their clients in all pretrial matters. Counsel shall also be prepared to discuss the merits of the case and shall have settlement authority. Clients or persons with authority over the matter shall be available by telephone. See L. Civ. R. 16.1(a).

Counsel for plaintiff(s) shall notify any party who hereafter enters an appearance of the above conference and forward to that party a copy of this Order.

The parties must advise this Court immediately if this action has been settled or terminated so that the above conference may be canceled.

**SO ORDERED this 2nd day of September, 2026.**

*s/ Leda Dunn Wettre*
Hon. Leda Dunn Wettre
United States Magistrate Judge

Orig: Clerk
cc: Counsel of Record

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| | : | Civil Action No. |
| | : | |
| Plaintiff(s), | : | Hon. |
| | : | |
| v. | : | **JOINT DISCOVERY PLAN** |
| | : | |
| | : | |
| Defendant(s). | : | |

1. Set forth a factual description of the case. Include the causes of action and affirmative defenses asserted.

2. Have settlement discussions taken place? Yes__________No __________

   If so, when? ________________________________________________________

   (a) What was plaintiff's last demand?

      (1) Monetary demand: $ __________
      (2) Non-monetary demand: __________

   (b) What was defendant's last offer?

      (1) Monetary offer: $ __________
      (2) Non-monetary offer: __________

3. The parties [have_______-have not_______] exchanged the information required by Fed. R. Civ. P. 26(a)(1). If not, state the reason therefor.

4. Describe any discovery conducted other than the above disclosures.

5. Generally, dispositive Motions cannot be filed until the completion of discovery. Describe any Motions any party may seek to make prior to the completion of discovery. Include any jurisdictional Motions and Motions to Amend.

6. The parties propose the following:

   (a) Discovery is needed on the following subjects:

   (b) Should discovery be conducted in phases? If so, explain.

   (c) Number of Interrogatories by each party to each other party: ________

   (d) Number of Depositions to be taken by each party: __________

(e) Plaintiff's expert report due on________________.

(f) Defendant's expert report due on_______________.

(g) Motions to Amend or to Add Parties to be filed by_______________.

(h) Dispositive motions to be served within ______days of completion of discovery.

(i) Factual discovery to be completed by___________________.

(j) Expert discovery to be completed by____________.

(k) Set forth any special discovery mechanism or procedure requested, including data preservation orders or protective orders:

(l) A pretrial conference may take place on ________________________________

(m) Trial by jury or non-jury Trial?

(n) Trial date:______________________.

7. Do you anticipate any discovery problem(s)? Yes__________No __________
If so, explain.

8. Do you anticipate any special discovery needs (i.e., videotape/telephone depositions, problems with out-of-state witnesses or documents, etc.)? Yes________No _______
If so, explain.

9. State whether this case is appropriate for voluntary arbitration (pursuant to L. Civ. R. 201.1 or otherwise), mediation (pursuant to L. Civ. R. 301.1 or otherwise), appointment of a special master or other special procedure. If not, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition of dispositive motions, etc.).

10. Is this case appropriate for bifurcation? Yes__________No __________

11. We [do_____do not____________] consent to the trial being conducted by a Magistrate Judge.

____________________________________
Attorney(s) for Plaintiff(s)

____________________________________
Attorney(s) for Defendant(s)